**FILED**

# United States Court of Appeals

### District of Columbia Circuit
### Washington, D.C. 20001-2866

**NOV 1 4 2006**

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

Mark J. Langer
Clerk

November 13, 2006

General Information
(202) 216-7000

Nancy Mayer Whittington, Clerk
United States District Court for the
 District of Columbia

Re:    06-1248; Ramos v. DOJ

CASE NUMBER   1:06CV01941

JUDGE: Ricardo M. Urbina

DECK TYPE: Administrative Agency Review

DATE STAMP: 11/14/2006

Dear Clerk of Court:

    Pursuant to the order of this court filed November 13, 2006, a certified copy of
which is enclosed, we are transmitting the court's original file.  The docketing fee has
been paid.

    Please acknowledge receipt of the file by signing and returning to this office the
enclosed copy of this letter.

Sincerely yours,

MaryAnne McMain
Deputy Clerk

Enclosures

CIVIL COVER SHEET

C 06-1941 RMU

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

ANTHONY E. RAMOS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
717 D STREET, N.W.
# 311     20004
W.D.C. 326 2969

**DEFENDANTS**

DOJ, ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES

CASE NUMBER  1:06CV01941

JUDGE: Ricardo M. Urbina

DECK TYPE: Administrative Agency Review

DATE STAMP: 11/14/2006

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

Ⓧ U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

**III CITIZENSHIP**
FOR PLAINTIFF

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**Ⓧ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
Ⓧ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ **G.** *Habeas Corpus/ 2255* | ☐ **H.** *Employment Discrimination* | ☐ **I.** *FOIA/PRIVACY ACT* | ☐ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530** Habeas Corpus-General<br>☐ **510** Motion/Vacate Sentence | ☐ **442** Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **895** Freedom of Information Act<br>☐ **890** Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ **152** Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K.** *Labor/ERISA (non-employment)* | ☐ **L.** *Other Civil Rights (non-employment)* | ☐ **M.** *Contract* | ☐ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710** Fair Labor Standards Act<br>☐ **720** Labor/Mgmt. Relations<br>☐ **730** Labor/Mgmt. Reporting & Disclosure Act<br>☐ **740** Labor Railway Act<br>☐ **790** Other Labor Litigation<br>☐ **791** Empl. Ret. Inc. Security Act | ☐ **441** Voting (if not Voting Rights Act)<br>☐ **443** Housing/Accommodations<br>☐ **444** Welfare<br>☐ **440** Other Civil Rights<br>☐ **445** American w/Disabilities-Employment<br>☐ **446** Americans w/Disabilities-Other | ☐ **110** Insurance<br>☐ **120** Marine<br>☐ **130** Miller Act<br>☐ **140** Negotiable Instrument<br>☐ **150** Recovery of Overpayment & Enforcement of Judgment<br>☐ **153** Recovery of Overpayment of Veteran's Benefits<br>☐ **160** Stockholder's Suits<br>☐ **190** Other Contracts<br>☐ **195** Contract Product Liability<br>☐ **196** Franchise | ☐ **441** Civil Rights-Voting (if Voting Rights Act) |

---

**V. ORIGIN**

☐ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ■ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

USCA-D.C.

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 10

---

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS    ☐    ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint
**JURY DEMAND:** ☐ YES    ☐ NO

**VIII. RELATED CASE(S) IF ANY** *nf*    (See instruction)    ☐ YES    ☐ NO    If yes, please complete related case form.

**DATE** 11.14.06    SIGNATURE OF ATTORNEY OF RECORD    NCD

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.     RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.



U.S. Department of Justice
Executive Office for Immigration Review

Decision of Board of Immigration Appeals

Falls Church, Virginia 22041

File:   D2003-016                                    Date:   JUN - 7 2006

In re:  ANTHONY E. RAMOS, ATTORNEY

IN PRACTITIONER DISCIPLINARY PROCEEDINGS

MOTION

ON BEHALF OF DHS:   Rachel A. McCarthy
                    Associate Ethics Officer

ON BEHALF OF GENERAL COUNSEL:   Jennifer J. Barnes, Bar Counsel

ON BEHALF OF RESPONDENT: Olekanma A. Ekekwe, Esquire


ORDER:

    PER CURIAM.   The respondent, Anthony E. Ramos, submitted a "Motion To Vacate Disciplinary Orders" and a "Request For Evidentiary Hearing On Motion To Vacate Disciplinary Orders" on February 3, 2006, that were rejected for a filing defect, and filed on April 6, 2006. The filings will be construed as a motion seeking to have the Board reopen its final order in this case. The motion, which is opposed by the Department of Homeland Security (the "DHS," formerly the Immigration and Naturalization Service), who instituted this case, will be denied.

    On July 25, 2005, we reached a final decision in this case which was published, as amended, on November 15, 2005. *See Matter of Ramos*, 23 I&N Dec. 843, 843-848 (BIA 2005). We affirmed a March 17, 2005, decision of an Immigration Judge, acting as the adjudicating official in this case, ordering the respondent expelled from practice before the Immigration Courts, Board of Immigration Appeals, and DHS. This result stemmed from the fact that on December 18, 1997, the respondent was disbarred by the Supreme Court of Florida. On February 2, 2006, we declined to reconsider our order.

    First, as we noted in our February 2, 2006, decision, the respondent's position is in direct contradiction to his previous position in this case. On July 28, 2005, the DHS attorney sent a letter to the Board seeking to have its decision published. A copy of the letter was sent to Ramos. He responded by sending his own letter to the Board on August 2, 2005, in which he stated that he had "no objection to publication of this case of first impression" and further noted that he "will not pursue the matter further". The respondent had the opportunity to file a motion to reconsider, or motion to reopen, after we issued our July 25, 2005, decision, but did not do so, only filing his motions after the Board published its decision on November 15, 2005.

    In any event, the pending motion is without merit. The respondent accuses the government of fraud and making false statements. We have rejected these claims in our decision on appeal, and in the motion to reconsider. We properly determined that the Immigration Judge did not err by issuing his decision without a hearing, as the respondent's pre-hearing statement failed to show that a

hearing was necessary. There are no issues of material fact that would necessitate a hearing in this case. The final order of disbarment creates a rebuttable presumption that disciplinary sanctions should follow. 8 C.F.R. § 1292.3(c)(3). The respondent failed to present anything to suggest that the Florida proceedings were unfair. The respondent identified no issues that would require an evidentiary hearing. *Matter of Ramos, supra*, at 847-48.

The supposed "newly discovered evidence" that the respondent references in the pending motion to reopen does not cause us to reopen our prior decisions in this case. For example, the respondent presents a January 17, 2003, letter from the Executive Office for Immigration Review, Office of General Counsel, Bar Counsel to an attorney with the Florida Bar. Bar Counsel notes that the respondent "has never appeared as the attorney of record in any cases before EOIR." Therefore, the matter was properly referred by Bar Counsel to the now-DHS, who instituted this case. As we stated in our final decision in this case, the respondent clearly "practiced" before the DHS, by submitting numerous "Notice of Entry of Appearance As An Attorney or Representative" (G-28) forms to the DHS, in which he claimed to be an "agent" for the party appearing before the DHS. *Matter of Ramos, supra*, at 847.

As the DHS correctly observes, the respondent's motion contains unsupported allegations that have previously been rejected by the Board. The respondent's motion is, therefore, denied.

FOR THE BOARD

U.S. Department of Justice
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: D2003-016

Date:     JUN - 7 2006

In re: ANTHONY E. RAMOS, ATTORNEY

IN PRACTITIONER DISCIPLINARY PROCEEDINGS

MOTION

ON BEHALF OF DHS:   Rachel A. McCarthy
                    Associate Ethics Officer

ON BEHALF OF GENERAL COUNSEL:   Jennifer J. Barnes, Bar Counsel

ON BEHALF OF RESPONDENT: Olekanma A. Ekekwe, Esquire

ORDER:

PER CURIAM.   The respondent, Anthony E. Ramos, submitted a "Motion To Vacate Disciplinary Orders" and a "Request For Evidentiary Hearing On Motion To Vacate Disciplinary Orders" on February 3, 2006, that were rejected for a filing defect, and filed on April 6, 2006. The filings will be construed as a motion seeking to have the Board reopen its final order in this case. The motion, which is opposed by the Department of Homeland Security (the "DHS," formerly the Immigration and Naturalization Service), who instituted this case, will be denied.

On July 25, 2005, we reached a final decision in this case which was published, as amended, on November 15, 2005. *See Matter of Ramos*, 23 I&N Dec. 843, 843-848 (BIA 2005). We affirmed a March 17, 2005, decision of an Immigration Judge, acting as the adjudicating official in this case, ordering the respondent expelled from practice before the Immigration Courts, Board of Immigration Appeals, and DHS. This result stemmed from the fact that on December 18, 1997, the respondent was disbarred by the Supreme Court of Florida. On February 2, 2006, we declined to reconsider our order.

First, as we noted in our February 2, 2006, decision, the respondent's position is in direct contradiction to his previous position in this case. On July 28, 2005, the DHS attorney sent a letter to the Board seeking to have its decision published. A copy of the letter was sent to Ramos. He responded by sending his own letter to the Board on August 2, 2005, in which he stated that he had "no objection to publication of this case of first impression" and further noted that he "will not pursue the matter further". The respondent had the opportunity to file a motion to reconsider, or motion to reopen, after we issued our July 25, 2005, decision, but did not do so, only filing his motions after the Board published its decision on November 15, 2005.

In any event, the pending motion is without merit. The respondent accuses the government of fraud and making false statements. We have rejected these claims in our decision on appeal, and in the motion to reconsider. We properly determined that the Immigration Judge did not err by issuing his decision without a hearing, as the respondent's pre-hearing statement failed to show that a

P2003-016

hearing was necessary. There are no issues of material fact that would necessitate a hearing in this case. The final order of disbarment creates a rebuttable presumption that disciplinary sanctions should follow. 8 C.F.R. § 1292.3(c)(3). The respondent failed to present anything to suggest that the Florida proceedings were unfair. The respondent identified no issues that would require an evidentiary hearing. *Matter of Ramos*, *supra*, at 847-48.

The supposed "newly discovered evidence" that the respondent references in the pending motion to reopen does not cause us to reopen our prior decisions in this case. For example, the respondent presents a January 17, 2003, letter from the Executive Office for Immigration Review, Office of General Counsel, Bar Counsel to an attorney with the Florida Bar. Bar Counsel notes that the respondent "has never appeared as the attorney of record in any cases before EOIR." Therefore, the matter was properly referred by Bar Counsel to the now-DHS, who instituted this case. As we stated in our final decision in this case, the respondent clearly "practiced" before the DHS, by submitting numerous "Notice of Entry of Appearance As An Attorney or Representative" (G-28) forms to the DHS, in which he claimed to be an "agent" for the party appearing before the DHS. *Matter of Ramos*, *supra*, at 847.

As the DHS correctly observes, the respondent's motion contains unsupported allegations that have previously been rejected by the Board. The respondent's motion is, therefore, denied.

FOR THE BOARD

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

**UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

JUL - 6 2006

RECEIVED

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    JUL - 6 2006

CLERK

| | |
|---|---|
| ANTHONY E. RAMOS, | ) |
| Petitioner, | ) |
| vs. | ) |
| UNITED STATES DEPARTMENT OF JUSTICE | ) |
| EXECUTIVE OFFICE FOR IMMIGRATION REVIEW | ) |
| and | ) |
| BOARD OF IMMIGRATION APPEALS | ) |
| Respondents. | ) |
| _____ | ) |

06-1248

## **PETITION FOR REVIEW**

Anthony E. Ramos, Petitioner, pro se, hereby petitions the Court for review of the Order of the U. S. Department of Justice, Executive Office of Immigration Review and Board of Immigration Appeals, entered on June 7, 2006.

RESPECTFULLY SUBMITTED,

_____
Anthony E. Ramos, pro se
717 D Street, NW
Suite 311
Washington, D.C. 20004
202-321-7969

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on the sixth day of July, 2006, the original and four copies of this Notice were hand-delivered the Clerk of Court, with the following addresses of the clerk of immigration board, and to counsel for the parties: Frank Krider, Chief Clerk of the Board, Office of the Clerk, Executive Office for Immigration Review and Board of Immigration Appeals; and to: Jennifer Barnes, Esquire, EOIR, 5107 Leesburg Pike, Suite 2600, Falls Church, VA 22041; and to Rachel A. McCarthy, Esquire, Board of Immigration Appeals, 70 Kimball Avenue Room 103, S. Burlington, VT 05403.

_____

Anthony E. Ramos, pro se



UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF
COLUMBIA CIRCUIT

ANTHONY E. RAMOS,                    )

     Petitioner,

                       )    Appeal No. 06-1248

vs.

                       )

ALBERTO R. GONZALES,
Attorney General of the United States,    )

     Respondent.
_____)

## RESPONSE OF ANTHONY E. RAMOS, PETITIONER, TO GOVERNMENT'S MOTION TO DISMISS AND SUSPEND FURTHER PROCEEDINGS.

COMES NOW Respondent, Anthony E. Ramos, pro se, and files this Response to

Government's Motion to Dismiss and to Suspend Further Proceedings, and states:

### I.

### STATEMENT OF THE CASE AND OF THE FACTS.

Although the Petitioner seeks review to establish a proper evidentiary review for

this matter, the Government appears willing to argue the merits of this case, at this

juncture. In that regard, it must be said that, prior to the filing of the disciplinary

proceedings below, counsel for the Executive Office for Immigration Review (hereinafter

EOIR), Jennifer Barnes, wrote to the Florida Bar, to advise that Petitioner had never

practiced in EOIR. After that, counsel for Board of Immigration Appeals, (hereinafter

BIA), Rachel McCarthy, created numerous counterfeit documents, using official government paper, to convince the tribunal below to enter sanctions. Throughout the entire pendancy of the proceedings below, Barnes joined in the proceedings, never advising the tribunal judge that she was defrauding the tribunal by deliberately failing to advise that Petitioner had never appeared there. Similarly, McCarthy went through the entire proceedings, keeping the tribunal in the dark, concerning her creating counterfeit documents, which she used to defraud the tribunal. A record of the fraud of both attorneys was never created.

Moreover, the Petitioner, while he was an attorney, was always a personal injury jury trial lawyer, so he could never have practiced immigration law.

Finally, once a record is established, petitioner will show that it was his attorney, not the petitioner, who failed to appear for the hearing, and further that it was his attorney who failed to file an answer, that the alleged report of referee was drafted without input by the Petitioner's attorney, and as importantly, that the report has long since been superseded by subsequent litigation involving the disbursement phase of the Florida proceedings. Moreover, there has never been, in the history of United States law, a case where reciprocal discipline was imposed on anyone who was not contemporaneously and simultaneously, a member of the bar from which reciprocal discipline is sought.

## II.

## ARGUMENT

Be that as it may, in *Gadda v. Ashcroft*, 363 F.3rd 861 (9th Cir. 2004), the Court of Appeals specifically stated: "On May 29, 2002, pursuant to Ninth Circuit Rule 46-2 (c), **we** ordered Gadda to resign from the Ninth Circuit's bar or show cause why he should not be suspended or disbarred... (emphasis supplied) *Id.* at 867. The Court of Appeals went further: "**We** hold that we also have inherent authority respecting suspension and disbarment of attorneys who perform incompetently in federal immigration proceedings. (emphasis supplied) *Id.* at 872.

In *Hadera v. INS*, 136 F.3rd 1338 (D.C. Cir. 1998), the petition was dismissed because it was not timely filed. The Government's citation of this case is, therefore, inapposite.

The allegation in the Government's motion concerning supplementary information on appeals, is not found in any of the regulations cited by the Government.

The instant petition was filed pursuant to the Federal Rules of Appellate Procedure, and using forms downloaded from this Court's website.

## III.

## CONCLUSION

The Petitioner's research indicated that this Court was the proper forum for this appeal. The cases cited by the Government show that this Court has decided that it has inherent authority to hear this appeal. The Petitioner followed the rules as posted on this

Court's website for not only filing the petition, but also using the forms provided on the website. It the Petitioner is in error, he will follow whatever instructions are provide by this Court.

The Government's Motion should be denied, so that this matter may be placed on a fast track, as it is apparent that there may be continuing issues of fraud on the part of the Government, in attempting to prevent the creation of a record concerning these matters.

RESPECTFULLY SUBMITTED,

_____
Anthony E. Ramos, pro se
717 D Street, NW
Suite 311
Washington, D.C. 20004
202-321-7969

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the fourth day of September, 2006, the original and four copies of the foregoing was filed with the clerk, and that a copy was mailed, via U.S. mail to: Song E. Park, Esquire, U.S. Department of Justice, P.O. Box 878, Washington, D.C. 20044.

_____
Anthony E. Ramos, pro se



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

AUG 2 4 2006

RECEIVED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    AUG 2 4 2006

CLERK

ANTHONY E. RAMOS,

    Petitioner,

  v.

ALBERTO R. GONZALES, Attorney
General of the United States,

    Respondent.

No. 06-1248

**GOVERNMENT'S MOTION TO
DISMISS AND TO SUSPEND
FURTHER PROCEEDINGS**

Appellant Anthony E. Ramos ("Mr. Ramos") seeks review of a decision

issued by the Board of Immigration Appeals ("Board") on June 7, 2006, denying

his motion to vacate the final disciplinary order issued against him and denying his

request for an evidentiary hearing related to his motion to vacate. Appellee

Alberto R. Gonzales, the United States Attorney General, through undersigned

counsel, hereby respectfully moves to dismiss this matter on the ground that there

is no jurisdiction over the instant matter because this Court is not the proper forum

for this case.

**1.  Factual Background.**

On December 18, 1997, Mr. Ramos was disbarred from the practice of law

by the Supreme Court of Florida based on that court's approval of a previously

issued report of a referee. <u>In re Ramos</u>, 23 I. & N. Dec. 843, 844 (BIA 2005)

(attached herein as Exhibit A). Upon review of Mr. Ramos's disciplinary violations, the referee found that he had engaged in numerous instances of misconduct, including misappropriations of client funds, forgery of clients' signatures on settlement drafts, misrepresentation to successor counsel, collection of excessive fees, and representing a client without authority. Id. The referee further determined that Mr. Ramos had also failed to obey a court order and deliberately lied to a tribunal. Id. The referee noted that although Mr. Ramos was given numerous opportunities to respond to the Florida Bar's complaint, he chose not to do so, and also failed to appear at a hearing concerning the proper sanction in the case. Id. The referee recommended that Mr. Ramos receive "enhanced disbarment," which would preclude his application for reinstatement in Florida for 20 years. Id.

Based on the above action, on October 21, 2004, the Department of Homeland Security ("DHS") initiated disciplinary proceedings against Mr. Ramos through issuance of a Notice of Intent to Discipline. In re Ramos, 23 I. & N. Dec. at 844. The Office of General Counsel of the Executive Office of Immigration Review later joined in the proceedings. Id. On March 17, 2005, the immigration judge, serving as the adjudicating official under 8 C.F.R. § 1003.106, expelled Mr.

Ramos from practice before the immigration courts, the Board, and the DHS.[1] Id. at 845. Pursuant to 8 C.F.R. § 1003.106(c), Mr. Ramos filed an appeal of that determination to the Board. Id.

On November 15, 2005, the Board issued a published decision, finding that clear, unequivocal, and convincing evidence established that it was in the public interest to discipline Mr. Ramos, that expulsion was the proper sanction, and dismissed his appeal.[2] Exh. A. On April 6, 2006, Mr. Ramos properly filed with the Board a "Motion To Vacate Disciplinary Orders" and a "Request For Evidentiary Hearing On Motion To Vacate Disciplinary Orders." Exhibit B (Decision of the Board, dated June 7, 2006). On June 7, 2006, the Board, construing Mr. Ramos's motions as a request to reopen its final order in this case, denied both motions. Id.

This petition for review followed.

## 2.    Mr. Ramos's Challenge of the Board's Decision Should Have Been Brought Before the District Court.

Judicial review of a party's claim relating to his suspension from practice

---

[1] The immigration judge issued another order on March 29, 2005, declining to reconsider the order issued against Mr. Ramos. In re Ramos, 23 I. & N. Dec. at 845.

[2] The Board's initial decision was rendered on July 25, 2005. Exh. B at 1. That decision was published, as amended, on November 15, 2005. Id.

before the Board, immigration courts, and the DHS, is in the district courts

pursuant to 8 U.S.C. § 1331. See Gadda v. Ashcroft, 377 F.3d 934, 942 n.2 (9th

Cir. 2004); see also Professional Conduct for Practitioners – Rules and

Procedures, 65 Fed. Reg. 39,513, 39,521 (June 27, 2000) (now codified at

8 C.F.R. pts. 292, 1003, and 1292) (supplementary information explaining that

"[a] practitioner who wishes to obtain judicial review of the Board's decision can

do so in Federal district court pursuant to 28 U.S.C. § 1331"). As Mr. Ramos

raises that very claim in the instant matter, his petition should have been filed in a

federal district court. There is no indication that he did so, and he does not claim

otherwise before this Court.

If, upon completion of the proceedings in district court, Mr. Ramos wishes

to seek further review, he may do so at that point with the appropriate circuit

court, pursuant to 28 U.S.C. § 1291. See Gadda, 377 F.3d at 942. As his claim

has not yet been heard by the proper federal district court, however, this Court

does not have jurisdiction to review Mr. Ramos's current challenge of the Board's

June 7, 2005, decision.

**3.    The Court Should Suspend Further Proceedings in this Case
       Pending Disposition of this Motion.**

In light of the foregoing, Respondent respectfully moves to suspend further

- 4 -

proceedings in this case. In the event that dismissal is granted, there will be no need to submit an administrative record to this Court nor go forward in briefing. Respondent therefore respectfully moves to suspend further proceedings in this case pending disposition of this motion.

WHEREFORE, because the Court does not have jurisdiction, this Court should dismiss the instant petition for review. See Hadera v. INS, 136 F.3d 1338, 1341 (D.C. Cir. 1998). Further, this Court should suspend further proceedings pending disposition of the instant motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
Civil Division

CAROL FEDERIGHI
Senior Litigation Counsel

SONG E. PARK
Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044-0878
Dated: August 23, 2006            (202) 616-2189

- 5 -

EXHIBIT A

(In re Ramos, 23 I. & N. Dec. 843 (BIA 2005))

Cite as 23 I&N Dec. 843 (BIA 2005)                Interim Decision # 3521

# In re Anthony E. RAMOS, Attorney

## File D2003-016

### *Decided as amended November 15, 2005*[1]

#### U.S. Department of Justice
#### Executive Office for Immigration Review
#### Board of Immigration Appeals

(1) Under the attorney discipline regulations, a disbarment order issued against a practitioner by the highest court of a State creates a rebuttable presumption that disciplinary sanctions should follow, which can only be rebutted upon a showing that the underlying disciplinary proceeding resulted in a deprivation of due process, that there was an infirmity of proof establishing the misconduct, or that discipline would result in injustice.

(2) A practitioner who has been expelled may petition the Board of Immigration Appeals for reinstatement after 1 year, but such reinstatement is not automatic and the practitioner must qualify as an attorney or representative under the regulations.

(3) The Government is not required to show that an attorney has "appeared" before it, because any attorney is a "practitioner" and is therefore subject to sanctions under the attorney discipline regulations following disbarment.

(4) Where the respondent was disbarred by the Supreme Court of Florida as a result of his extensive unethical conduct, expulsion from practice before the Board, the Immigration Courts, and the Department of Homeland Security is an appropriate sanction.

ON BEHALF OF RESPONDENT: Pro se

FOR EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, OFFICE OF GENERAL COUNSEL: Jennifer J. Barnes, Esquire, Falls Church, Virginia

FOR THE DEPARTMENT OF HOMELAND SECURITY: Rachel A. McCarthy, Associate Ethics Officer

BEFORE: Board Panel: OSUNA, Acting Vice Chairman; HOLMES and HURWITZ, Board Members.

---

[1] On our own motion, we amend the July 25, 2005, order in this case. The amended order makes editorial changes consistent with our designation of the case as a precedent.

Cite as 23 I&N Dec. 843 (BIA 2005)                    Interim Decision # 3521

OSUNA, Acting Vice Chairman:

On March 17, 2005, an Immigration Judge, acting as the adjudicating official in this case, ordered the respondent expelled from practice before the Immigration Courts, the Board of Immigration Appeals, and the Department of Homeland Security (the "DHS," formerly the Immigration and Naturalization Service). The respondent has filed an appeal with the Board. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent was disbarred from the practice of law by the Supreme Court of Florida on December 18, 1997, based on the court's approval of the November 12, 1997, report of a referee. The referee noted that the respondent was given numerous opportunities to respond to the Florida Bar's complaint but chose not to do so. According to the referee, the respondent also failed to appear at a hearing concerning the proper sanction in the case.

After reviewing the respondent's numerous disciplinary violations, the referee concluded that "reduced to its bare essence, this is a theft case. For a period of six (6) years, respondent did not have sufficient funds in his trust account to cover all client liabilities. At its zenith, there was a total trust account shortage of $396,765.02." In addition to the misappropriation of client funds, the respondent forged his clients' signatures on settlement drafts. In that regard the referee stated, "As with misuse of client funds, the Supreme Court of Florida takes a very dim view of forgery."

The referee also found that the respondent had failed to obey a court order and deliberately lied to a tribunal. Furthermore, the referee noted that the respondent "has engaged in a myriad of other unethical conduct . . . which would warrant disbarment several times over." Such unethical conduct included misrepresentation to successor counsel, collecting excessive fees, and representing a client without authority, among many other things. According to the referee, the "respondent has brought into play almost every aggravating factor in The Florida Standards." The referee therefore found it appropriate to recommend that the respondent receive "enhanced disbarment," meaning that he cannot apply for reinstatement in Florida for 20 years.

Consequently, on October 21, 2004, the DHS initiated disciplinary proceedings against the respondent with the issuance of a Notice of Intent to Discipline and petitioned for the respondent's immediate suspension from practice before the DHS on October 25, 2004. *See* 8 C.F.R. § 1292.3 (2004). On November 4, 2004, the Office of General Counsel for the Executive Office

for Immigration Review ("EOIR") asked that the respondent be similarly suspended from practice before the EOIR, including the Board and the Immigration Courts. On December 6, 2004, we granted the Government's petition for immediate suspension.

As the respondent requested a hearing on the charges in the Notice of Intent to Discipline, the record was forwarded to the Office of the Chief Immigration Judge under 8 C.F.R. § 1003.106 (2005), which states that in attorney discipline cases, that office shall appoint an adjudicating official (an Immigration Judge) when an answer is filed. *See* 8 C.F.R. § 1292.3(f) (2005); *see also Matter of Gadda*, 23 I&N Dec. 645, 647 (BIA 2003), *aff'd*, *Gadda v. Ashcroft*, 377 F.3d 934 (9th Cir. 2004).

On March 17, 2005, the Immigration Judge expelled the respondent from practice before the Immigration Courts, the Board, and the DHS. The Immigration Judge determined that an evidentiary hearing was not necessary, as the respondent contested only jurisdiction, which had been established. The Immigration Judge issued another order on March 29, 2005, in which he declined to reconsider his final order. The respondent filed a timely appeal with the Board on April 14, 2005, and subsequently the parties submitted briefs. *See* 8 C.F.R. § 1003.106(c) (providing that the Board has jurisdiction to review the decision of the adjudicating official and conducts a de novo review of the record); 8 C.F.R. § 1292.3(f); *see also Matter of Gadda, supra*, at 647.

## II. ANALYSIS

As alleged by the DHS in its Notice of Intent to Discipline, the respondent has been disbarred in the State of Florida. We therefore find that there are grounds for discipline. 8 C.F.R. §§ 1003.102(e)(1), 1292.3(b) (2005).

The regulations provide for summary disciplinary proceedings against a practitioner who, like the respondent, has been disbarred by the highest court of a State. 8 C.F.R. § 1292.3(c). Where the DHS brings proceedings based on a final order of disbarment, such an order creates a rebuttable presumption that disciplinary sanctions should follow. 8 C.F.R. § 1292.3(c)(3)(ii). Such a presumption can only be rebutted upon a showing that the underlying disciplinary proceeding resulted in a deprivation of due process, that there was an infirmity of proof establishing the misconduct, or that discipline would result in injustice. *Id.*; *see also Matter of Gadda, supra*, at 648.

The DHS correctly notes in its brief that the respondent set forth seven issues for review in his Notice of Appeal, which were restructured into several issues in the respondent's brief. We also note that the respondent filed a "Reply Brief" on June 10, 2005. We agree with the DHS that the issues raised by the respondent lack merit.

First, the respondent argues that the disciplinary proceedings are unwarranted, because he was disbarred in 1997 and he could have been reinstated by 1998 had the DHS initiated these proceedings in 1997. The respondent refers to 8 C.F.R. § 1003.107 (2005), which allows for reinstatement to practice before the Board, the Immigration Courts, and the DHS. *See also* 8 C.F.R. § 1292.3(f). A practitioner who has been expelled may petition the Board for reinstatement after 1 year. *See* 8 C.F.R. § 1003.107(b).

As the DHS points out, however, reinstatement is not automatic, simply upon the passage of time. Even had the respondent been expelled from practice before the Board, the Immigration Courts, and the DHS at an earlier date, he would not be eligible for reinstatement because he could not qualify as an attorney under 8 C.F.R. § 1001.1(f) (2005), or as a representative under 8 C.F.R. § 1001.1(j). *See* 8 C.F.R. § 1003.107(b). As a result of the respondent's egregious violations of the Florida Rules, he cannot be reinstated to practice law in Florida for 20 years, and he makes no claim that he has been readmitted to practice law in that State. Moreover, he does not meet the definition of a "representative" under 8 C.F.R. § 1001.1(j), as he is not an accredited representative under 8 C.F.R. § 1292.1(a)(4) (2005) and does not otherwise show that he is "entitled to represent others."

The respondent also argues that the penalty imposed on him by the Immigration Judge, i.e., expulsion, was unfair, because other attorneys have not faced such a severe sanction. The regulations provide that expulsion is one sanction that may be applied against an attorney. *See* 8 C.F.R. § 1003.101(a)(1) (2005). We agree with the Immigration Judge that expulsion is an appropriate sanction in this case. As noted above, the Supreme Court of Florida accepted a referee's report, which found that the respondent had misused client funds, forged client signatures, charged excessive fees, and lied to a tribunal. As a result, the respondent received "enhanced disbarment," which precludes reinstatement to the Florida Bar for 20 years. Given the Supreme Court of Florida's endorsement of the referee's report finding extensive unethical conduct committed by the respondent, it is more than appropriate that the respondent be expelled from practice before the Board, the Immigration Courts, and the DHS. *See Matter of Gadda, supra,* at 649 (finding expulsion from practice appropriate where the respondent had engaged in "egregious and repeated acts of professional misconduct" that resulted in expulsion by the Supreme Court of California).

The respondent also contends that disciplinary sanctions may not be imposed against him because he is no longer an attorney as a result of his disbarment. The DHS counters that the respondent "seeks to render a nullity one of the most commonly charged grounds upon which disciplinary sanctions are imposed by adjudicating officials and the Board." The regulations provide that disciplinary sanctions may be applied against an attorney who has been disbarred.

8 C.F.R. §§ 1003.102(e)(1), 1292.3(b); *see also Matter of Gadda, supra,* at 649. Clearly, therefore, the respondent is subject to expulsion as a disbarred attorney.

To the extent that the respondent claims that he is not subject to sanctions because he did not "practice" before the DHS, his argument fails, as we earlier found in issuing an immediate suspension order on December 6, 2004. The regulations make clear that any "practitioner" is subject to sanctions under the attorney discipline regulation, and that any practitioner who has been disbarred by the highest court in a State can be immediately suspended from practice. *See* 8 C.F.R. §§ 1292.3(a)(2), (c). A "practitioner" includes any attorney, as defined at 8 C.F.R. § 1001.1(f). *See* 8 C.F.R. § 1292.3(a)(2). Therefore, because the respondent is an attorney, he is subject to sanctions as a "practitioner," and the Government is not required to show that he has "appeared" before it.

In any event, as we stated in our December 6, 2004, order, the DHS showed that the respondent is the executive director of "All American Immigration Association" and had submitted numerous G-28 forms (Notice of Entry of Appearance as Attorney or Representative), in which he claimed to be an "agent" for the party appearing before the DHS. Given this, the respondent clearly "practiced" before the DHS. *See* 8 C.F.R. § 1001.1(i) (defining "practice" as the "act or acts of any person appearing in any case, either in person or through the preparation or filing of any brief or other document, paper, application, or petition on behalf of another person or client before or with the [DHS], or any officer of the [DHS], or the Board").

The respondent asserts that the Immigration Judge did not give him sufficient time to prepare his case. He also makes accusations that the Government defrauded the Immigration Judge and Board. His arguments are without merit, and his accusations are unfounded. On January 11, 2005, the Immigration Judge issued an order directing the parties to present a "statement of issues to be decided at hearing, a detailed description of any evidence that they intend to present (including names of any witnesses and copies of any documents), and a statement clearly establishing the relevance of each item of evidence to an issue to be decided at hearing." The DHS presented evidence that the respondent has been disbarred, as well as evidence that the respondent had practiced before the DHS after being disbarred, including appearance forms and other documents filed by the respondent with the DHS. The respondent fails to show that he was denied adequate time to respond to the documents filed by the DHS, which clearly show that he "practiced" before the DHS.

Additionally, to the extent that the respondent attempts to rebut the presumption of professional misconduct established by his disbarment in Florida, we note that the presumption can be rebutted only by demonstrating by clear, unequivocal, and convincing evidence that the underlying disciplinary proceeding resulted in a deprivation of due process, that there was an infirmity

Cite as 23 I&N Dec. 843 (BIA 2005)                    Interim Decision # 3521

of proof establishing the misconduct, or that discipline would result in injustice. *See* 8 C.F.R. § 1292.3(c)(3)(ii); *see also Matter of Gadda, supra,* at 648. As we found in our December 6, 2004, immediate suspension order, the respondent was given notice of the Florida proceedings, but he chose not to answer the Bar's complaint, and he later elected not to appear at a hearing concerning the sanction. The referee's report clearly detailed the respondent's misconduct leading to his disbarment. The respondent made no showing that the proceedings in Florida were unfair, or that he required additional time to dispute the presumption that disciplinary sanctions based on his disbarment should follow.

Finally, the respondent argues that the Immigration Judge erred by issuing his decision without a hearing. The Immigration Judge correctly decided that the respondent's prehearing statement failed to establish that a hearing was necessary. There are no issues of material fact that would require a hearing in this case. As noted, a final order of disbarment creates a rebuttable presumption of professional misconduct, which results in disciplinary sanctions unless the presumption is rebutted. 8 C.F.R. § 1292.3(c)(3)(ii). The respondent offered nothing to suggest that the Florida proceedings were unfair and has identified no issues that would require an evidentiary hearing. *See Matter of Gadda, supra,* at 648.

## III. CONCLUSION

In sum, with agree with the DHS that clear, unequivocal, and convincing evidence establishes that it is in the public interest to discipline the respondent, based on the final order of disbarment issued by the Supreme Court of Florida on December 18, 1997. We further conclude that expulsion is the appropriate sanction.

**ORDER:** The respondent's appeal is dismissed, and he is expelled from practice before the Board, the Immigration Courts, and the DHS.

EXHIBIT B

(Decision of the Board, dated June 7, 2006)

Case Department of Justice EOIRMU   Document 1-3   Filed Decision of Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

File:  D2003-016

Date:  JUN - 7 2006

In re: ANTHONY E. RAMOS, ATTORNEY

IN PRACTITIONER DISCIPLINARY PROCEEDINGS

MOTION

ON BEHALF OF DHS:  Rachel A. McCarthy
                          Associate Ethics Officer

ON BEHALF OF GENERAL COUNSEL:  Jennifer J. Barnes, Bar Counsel

ON BEHALF OF RESPONDENT: Olekanma A. Ekekwe, Esquire


ORDER:

PER CURIAM.  The respondent, Anthony E. Ramos, submitted a "Motion To Vacate Disciplinary Orders" and a "Request For Evidentiary Hearing On Motion To Vacate Disciplinary Orders" on February 3, 2006, that were rejected for a filing defect, and filed on April 6, 2006. The filings will be construed as a motion seeking to have the Board reopen its final order in this case. The motion, which is opposed by the Department of Homeland Security (the "DHS," formerly the Immigration and Naturalization Service), who instituted this case, will be denied.

On July 25, 2005, we reached a final decision in this case which was published, as amended, on November 15, 2005. *See Matter of Ramos*, 23 I&N Dec. 843, 843-848 (BIA 2005). We affirmed a March 17, 2005, decision of an Immigration Judge, acting as the adjudicating official in this case, ordering the respondent expelled from practice before the Immigration Courts, Board of Immigration Appeals, and DHS. This result stemmed from the fact that on December 18, 1997, the respondent was disbarred by the Supreme Court of Florida. On February 2, 2006, we declined to reconsider our order.

First, as we noted in our February 2, 2006, decision, the respondent's position is in direct contradiction to his previous position in this case. On July 28, 2005, the DHS attorney sent a letter to the Board seeking to have its decision published. A copy of the letter was sent to Ramos. He responded by sending his own letter to the Board on August 2, 2005, in which he stated that he had "no objection to publication of this case of first impression" and further noted that he "will not pursue the matter further". The respondent had the opportunity to file a motion to reconsider, or motion to reopen, after we issued our July 25, 2005, decision, but did not do so, only filing his motions after the Board published its decision on November 15, 2005.

In any event, the pending motion is without merit. The respondent accuses the government of fraud and making false statements. We have rejected these claims in our decision on appeal, and in the motion to reconsider. We properly determined that the Immigration Judge did not err by issuing his decision without a hearing, as the respondent's pre-hearing statement failed to show that a

hearing was necessary. There are no issues of material fact that would necessitate a hearing in this case. The final order of disbarment creates a rebuttable presumption that disciplinary sanctions should follow. 8 C.F.R. § 1292.3(c)(3). The respondent failed to present anything to suggest that the Florida proceedings were unfair. The respondent identified no issues that would require an evidentiary hearing. *Matter of Ramos, supra,* at 847-48.

The supposed "newly discovered evidence" that the respondent references in the pending motion to reopen does not cause us to reopen our prior decisions in this case. For example, the respondent presents a January 17, 2003, letter from the Executive Office for Immigration Review, Office of General Counsel, Bar Counsel to an attorney with the Florida Bar. Bar Counsel notes that the respondent "has never appeared as the attorney of record in any cases before EOIR." Therefore, the matter was properly referred by Bar Counsel to the now-DHS, who instituted this case. As we stated in our final decision in this case, the respondent clearly "practiced" before the DHS, by submitting numerous "Notice of Entry of Appearance As An Attorney or Representative" (G-28) forms to the DHS, in which he claimed to be an "agent" for the party appearing before the DHS. *Matter of Ramos, supra,* at 847.

As the DHS correctly observes, the respondent's motion contains unsupported allegations that have previously been rejected by the Board. The respondent's motion is, therefore, denied.

FOR THE BOARD

# CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of August, 2006, I caused one (1) copy

of the foregoing **Government's Motion to Dismiss and to Suspend Further**

**Proceedings** to be served on pro se petitioner by Federal Express, for next

business day delivery, addressed to:

> Anthony E. Ramos
> 717 D Street, N.W.
> Suite 311
> Washington, D.C. 20004

_____
SONG E. PARK
Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

AUG 2 4 2006

39-16-RECEIVED

U.S. Department of Justice

Civil Division

Telephone: (202) 616-2189

August 23, 2006

**VIA FEDERAL EXPRESS**

Office of the Clerk
United States Court of Appeals
 for the District of Columbia Circuit
333 Constitution Avenue, N.W.
Washington, D.C.  20001.

> Re:    Anthony E. Ramos v.
>        Alberto R. Gonzales, U.S. Attorney General
>        No. 06-1248 (D.C. Cir.)

Dear Clerk of the Court:

Enclosed for filing with this Court are the original and four (4) copies of **Government's Motion to Dismiss and to Suspend Further Proceedings**.

Also enclosed is an application for admission to practice before this Court for undersigned counsel and accompanying documents, as well as an appearance form executed by Carol Federighi and the undersigned, attorneys with this office.  Please enter our appearance for the appellee in this case.  Service has this day been made on pro se petitioner as indicated in the attached certificate of service.

Sincerely,

SONG E. PARK
Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, D.C.  20044

Enclosures

cc:    Anthony E. Ramos
       717 D Street, N.W., Suite 311
       Washington, D.C.  20004

# United States Court of Appeals

### For The District of Columbia Circuit

---

## No. 06-1248

## September Term, 2006

Anthony E. Ramos,
      Petitioner

v.

Department of Justice, et al.,
      Respondents

**Filed On:** _____



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
**FILED**

NOV 1 3 2006

CLERK

**BEFORE:**    Sentelle, Henderson, and Tatel, Circuit Judges

### O R D E R

    Upon consideration of the motion to dismiss and to suspend further proceedings, and the opposition thereto; and petitioner's brief and appendix, it is

    **ORDERED**, on the court's own motion, that this case be transferred to the United States District Court for the District of Columbia. See 28 U.S.C. § 1631. In the absence of some affirmative statutory authority conferring jurisdiction on this court to review on direct appeal orders issued by the Board of Immigration Appeals in attorney disciplinary proceedings, jurisdiction lies in the district court pursuant to the federal-question statute, 28 U.S.C. §1331. See Wellife Products v. Shalala, 52 F.3d 357, 358 (D.C. Cir. 1987) (per curiam).

    The Clerk is directed to transmit the original file and a certified copy of this order to the United States District Court for the District of Columbia.

**Per Curiam**

A True copy: _____

United States Court of Appeals
for the District of Columbia Circuit

By: _Maryinne McMain_ Deputy Clerk

# United States Court of Appeals

### District of Columbia Circuit
### Washington, D.C. 20001-2866

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    AUG 2 4 2006

**CLERK**

**Case Caption:** _Anthony E. Ramos_

v.                                      **Case No:** _06-1248_

_Alberto R. Gonzales_

## ENTRY OF APPEARANCE

### Party Information

The Clerk shall enter my appearance as counsel for the following parties:
(List each party represented individually.  Use an additional blank sheet as necessary)

☐  Appellant(s)/Petitioner(s)    ☑ Appellee(s)/Respondent(s)    ☐  Intervenor(s)    ☐  Amicus Curiae

_Alberto R. Gonzales, U.S. Attorney General_ _____

_____        _____

_____        _____

_____        _____

Names of Parties                          Names of Parties

### Counsel Information

Lead Counsel: _Song Park_ _____

Direct Phone: _202-616-2189_    Fax: _202-233-0397_    Email: _Song.Park@usdoj.gov_

2nd Counsel: _Carol Federighi_ _____

Direct Phone: _202-514-1903_    Fax: _202-233-0397_    Email: _carol.federighi@usdoj.gov_

3rd Counsel: _____

Direct Phone: _____    Fax: _____    Email: _____

Firm Name: _____

Firm Address: _____

Firm Phone: _____    Fax: _____    Email: _____

Notes: This form must be submitted by a member of the Bar of the U.S. Court of Appeals for the D.C. Circuit.
**Names of non-member attorneys listed above will not be entered on the court's docket.**
Applications for admission are available on the court's web site at http://www.cadc.uscourts.gov/

[USCADC Form 3 (Rev. Mar 2004)]

**ANTHONY E. RAMOS**
717 D Street, N.W.
Suite 311
Washington, D.C. 20004
202-321-7969

U.S. COURT OF APPEALS FOR
DISTRICT OF COLUMBIA CIRCUIT

AUG - 1 2006

RECEIVED

July 31, 2006

Frank Krider, Chief Clerk of the Board
Board of Immigration Appeals
PO Box 8530
Falls Church, VA 22041

Re: *In the Matter of Anthony E. Ramos*
Case no.: D2003-016

Dear Mr. Krider:

In anticipation of preparing my appellate brief in the above-captioned, kindly furnish to me a copy of the record index on the above-captioned matter.

Thank you for your anticipated courtesies.

Very respectfully,

Anthony E. Ramos

cc:

Clerk of Court
United States Court of Appeals
District of Columbia Circuit

APPEAL NO. 06-1248

Jennifer Barnes, Esquire, counsel for Respondent, EOIR

Rachel A. McCarthy, Esquire, counsel for Respondent, BIA



UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF
COLUMBIA CIRCUIT

ANTHONY E. RAMOS,                    )

       Petitioner,

                      )    Appeal No. 06-1248

vs.
                      )

DEPARTMENT OF JUSTICE                )

EXECUTIVE OFFICE FOR                 )
IMMIGRATION REVIEW

and,                                 )

BOARD OF IMMIGRATION APPEALS

                      )

       Respondents.

---

## PETITIONER'S NOTICE OF COMPLIANCE WITH ORDER OF JULY 10, 2006

       COMES NOW the Petitioner, Anthony E. Ramos, pro se, and files this Notice of

Compliance with Order of July 10, 2006, and states:

1. Petitioner's docketing statement is attached to this Notice.

2. Statement of Issues to be Raised:

> WHETHER THE ENTRY OF THE ORDER OF JUNE 7, 2006, WAS
> ARBITRARY CAPRICIOUS, WHERE THE TRIBUNAL AGAIN REFUSED
> TO HOLD AN EVIDENTIARY ISSUE, IN VIOLATION OF
> REGULATIONS REQUIRING A HEARING; AND WHETHER
> SUCH REFUSAL WAS IN VIOLATION OF RESPONDENT'S
> DUE PROCESS RIGHTS?

3. No certificate of counsel if filed because the Petitioner is appearing pro se at present.

4. Petitioner is not requesting a deferred index.

5. Petitioner makes no procedural motions which would affect the calendaring of this case.

6. Petitioner makes no dispositive motions.

7. As of the filing of this Notice, Petitioner has provided to Respondents a signed Stipulation to be Placed in Stand-By Pool of Cases. As of the filing of this Notice, Petitioner has not received a reply, one way or another, from Respondents.

RESPECTFULLY SUBMITTED,

_____

Anthony E. Ramos, pro se
717 D Street, NW
Suite 311
Washington, D.C. 20004
202-321-7969

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on the twenty-eighth day of July, 2006, the original of the foregoing was filed with the clerk, and that a copy was mailed, via U.S. mail to: Jennifer Barnes, Esquire, EOIR, 5107 Leesburg Pike, Suite 2600, Falls Church, VA 22041; and to Rachel A. McCarthy, Esquire, Department of Homeland Security, 70 Kimball Avenue Room 103, S. Burlington, VT 05403.

_____

Anthony E. Ramos, pro se

# United States Court of Appeals

### District of Columbia Circuit

## DOCKETING STATEMENT

*Administrative Agency Review Proceedings*

*(To be completed by appellant/petitioner)*

1. CASE NO. __06-1248__    2. DATE DOCKETED __July 10, 2006__

3. CASE NAME
(lead parties only) A) __Anthony E. Ramos__    v. __Department of Justice__

4. TYPE OF CASE:    [L] Review    [ ] Appeal    [ ] Enforcement    [ ] Complaint    [ ] Tax Court

5. IS THIS CASE REQUIRED BY STATUTE TO BE EXPEDITED? YES _____    NO __---__

   If YES, cite statute: _____

6. CASE INFORMATION:

   a. Identify agency whose order is to be reviewed: __Executive office of immigration review/board__
   __of immigration appeals__

   b. Give agency docket or order number(s): __02003-16__

   c. Give date(s) of order(s): __June 7, 2006__

   d. Has a request for rehearing or reconsideration been filed at the agency? YES _____ NO __----__
   If so, when was it filed? __n/a__    By whom? _____
   Has the agency acted? YES _____    NO _____    If so, when __n/a__

   e. Identify the basis of appellant's/petitioner's claim of standing.  See D.C. Cir. Rule 15(c)(2):
   __petitoner is a party to this action and seeks relief from adminis-__
   __trative penalties imposed directly on him__

   f. Are any other cases involving the same underlying agency order pending in this Court or in any other Court?

   YES _____    NO __===__    If YES, identify case name(s), docket number(s), and court(s): _____

   g. Are any other cases, to counsel's knowledge, pending before the agency, this Court, another Circuit Court, or the Supreme
   Court which involve *substantially the same issues* as the instant case presents? YES _____    NO _____
   If YES, give case name(s) and number(s) of these cases and identify court/agency:

   h. Have the parties attempted to resolve the issues in this case through arbitration, mediation, or any other alternative for
   dispute resolution? YES _____ NO _____ If so, provide the name of the program and the dates of
   participation. __petitoner,however,requested mediation-respondent__

---

Signature _____    Date _____

Name of Party (Print) __Anthony.E.Ramos,pro se__

Name of Counsel for Appellant/Petitioner (Print) _____    Firm _____

Address __717 D Street.NW-suite 311,washigton,DC-2004__

E-Mail __tramos_520@verizon.net__

Phone __800-528-4390__    Fax No. __866-628-0021__

### ATTACH A CERTIFICATE OF SERVICE

Note:    If counsel for any other party believes that the information submitted is inaccurate or incomplete, counsel may so advise
the Clerk within 7 calendar days by letter, with copies to all other parties, specifically referring to the challenged
statement. An original and three copies of such letter should be submitted.

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:  D2003-016

Date:  JUN - 7 2006

In re:  ANTHONY E. RAMOS, ATTORNEY

IN PRACTITIONER DISCIPLINARY PROCEEDINGS

MOTION

ON BEHALF OF DHS:  Rachel A. McCarthy
Associate Ethics Officer

ON BEHALF OF GENERAL COUNSEL:  Jennifer J. Barnes, Bar Counsel

ON BEHALF OF RESPONDENT: Olekanma A. Ekekwe, Esquire

ORDER:

 PER CURIAM.  The respondent, Anthony E. Ramos, submitted a "Motion To Vacate Disciplinary Orders" and a "Request For Evidentiary Hearing On Motion To Vacate Disciplinary Orders" on February 3, 2006, that were rejected for a filing defect, and filed on April 6, 2006. The filings will be construed as a motion seeking to have the Board reopen its final order in this case. The motion, which is opposed by the Department of Homeland Security (the "DHS," formerly the Immigration and Naturalization Service), who instituted this case, will be denied.

 On July 25, 2005, we reached a final decision in this case which was published, as amended, on November 15, 2005. *See Matter of Ramos*, 23 I&N Dec. 843, 843-848 (BIA 2005). We affirmed a March 17, 2005, decision of an Immigration Judge, acting as the adjudicating official in this case, ordering the respondent expelled from practice before the Immigration Courts, Board of Immigration Appeals, and DHS. This result stemmed from the fact that on December 18, 1997, the respondent was disbarred by the Supreme Court of Florida. On February 2, 2006, we declined to reconsider our order.

 First, as we noted in our February 2, 2006, decision, the respondent's position is in direct contradiction to his previous position in this case. On July 28, 2005, the DHS attorney sent a letter to the Board seeking to have its decision published. A copy of the letter was sent to Ramos. He responded by sending his own letter to the Board on August 2, 2005, in which he stated that he had "no objection to publication of this case of first impression" and further noted that he "will not pursue the matter further". The respondent had the opportunity to file a motion to reconsider, or motion to reopen, after we issued our July 25, 2005, decision, but did not do so, only filing his motions after the Board published its decision on November 15, 2005.

 In any event, the pending motion is without merit. The respondent accuses the government of fraud and making false statements. We have rejected these claims in our decision on appeal, and in the motion to reconsider. We properly determined that the Immigration Judge did not err by issuing his decision without a hearing, as the respondent's pre-hearing statement failed to show that a

hearing was necessary. There are no issues of material fact that would necessitate a hearing in this case. The final order of disbarment creates a rebuttable presumption that disciplinary sanctions should follow. 8 C.F.R. § 1292.3(c)(3). The respondent failed to present anything to suggest that the Florida proceedings were unfair. The respondent identified no issues that would require an evidentiary hearing. *Matter of Ramos, supra,* at 847-48.

The supposed "newly discovered evidence" that the respondent references in the pending motion to reopen does not cause us to reopen our prior decisions in this case. For example, the respondent presents a January 17, 2003, letter from the Executive Office for Immigration Review, Office of General Counsel, Bar Counsel to an attorney with the Florida Bar. Bar Counsel notes that the respondent "has never appeared as the attorney of record in any cases before EOIR." Therefore, the matter was properly referred by Bar Counsel to the now-DHS, who instituted this case. As we stated in our final decision in this case, the respondent clearly "practiced" before the DHS, by submitting numerous "Notice of Entry of Appearance As An Attorney or Representative" (G-28) forms to the DHS, in which he claimed to be an "agent" for the party appearing before the DHS. *Matter of Ramos, supra,* at 847.

As the DHS correctly observes, the respondent's motion contains unsupported allegations that have previously been rejected by the Board. The respondent's motion is, therefore, denied.

FOR THE BOARD

# UNITED STATES COURT OF APPEALS
### DISTRICT OF COLUMBIA CIRCUIT
-------------------------------------------

No.    06-1248                              September Term, 2005

Anthony E. Ramos, Petitioner
v.
Department of Justice, et al., Respondents



O R D E R

     This case was filed and docketed on 7/6/06. The case was filed as a petition for review and was assigned the above number.

     It is **ORDERED** that petitioner(s) shall submit the following document(s) (original and one copy required, unless otherwise noted) by the indicated date(s):

8/9/06 Docketing statement.
8/9/06 Statement of issues to be raised.
8/9/06 Certificate of Counsel (Cir. R. 28(a)(1)).
8/9/06 Two copies of the underlying decision.
8/9/06 Statement as to whether or not a deferred appendix under
        F.R.A.P. 30(c) will be utilized. (A motion will not be necessary.)
8/9/06 Original and four copies of procedural motions which would affect
        the calendaring of this case.
8/24/06 Dispositive motions, if any. <u>See</u> Cir. R. 27(g).
        (Original and four copies.)

     It is **FURTHER ORDERED** that respondent(s) shall submit the following document(s) (original and one copy required, unless otherwise noted) by the indicated date(s):

8/24/06 Entry of Appearance form.
8/24/06 Certified Index to Record.
8/9/06 Original and four copies of procedural motions which would affect
        the calendaring of this case.
8/24/06 Dispositive motions, if any. <u>See</u> Cir. R. 27(g).
        (Original and four copies.)

     It is **FURTHER ORDERED** that briefing in this case is deferred pending further order of the Court.

     The Clerk is directed to certify and transmit a copy of this order, along with the petition for review, to respondent(s).

FOR THE COURT:
Mark J. Langer, Clerk

BY: _Tara Glover_
Tara A. Glover, Deputy Clerk

# General Docket
## D.C. Circuit Court of Appeals

06-1248                                                                          06-1248

---

Court of Appeals Docket #: 06-1248                                    Filed: 7/6/06
Nsuit:     0
Ramos, Anthony v. DOJ, et al

Appeal from: U.S. Department of Justice

---

Lower court information:

    District: 0090-1 : DOJ-06/07/06
    Date Filed: **/**/**
    Date order/judgment: **/**/**
    Date NOA filed: **/**/**

---

Fee status: paid

---

Prior cases:
    None
Current cases:
    None

---

```
ANTHONY E. RAMOS                   Anthony E. Ramos
     Petitioner                    [COR LD NTC pro]
                                   717 D Street, NW
                                   Suite 311
                                   Washington, DC 20004
                                   202-321-7969


   v.

DEPARTMENT OF JUSTICE              Song E. Park
     Respondent                    202-616-2189
                                   [COR LD NTC gvt]
                                   U.S. Department of Justice
                                   (DOJ) Office of Immigration
                                   Litigation
                                   PO Box 878
                                   Ben Franklin Station
                                   Washington, DC 20044
                                   202-616-9100

EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW
     Respondent

BOARD OF IMMIGRATION APPEALS
     Respondent
```

06-1248  Ramos, Anthony v. DOJ, et al

Anthony E. Ramos

              Petitioner


  v.

Department of Justice; Executive Office for Immigration
Review; Board of Immigration Appeals

              Respondents

06-1248  Ramos, Anthony v. DOJ, et al

| | |
|---|---|
| 7/6/06 | PETITION FOR REVIEW CASE docketed. Petition for Review filed by Petitioner Anthony E. Ramos. [979196-1] (tag) |
| 7/10/06 | CLERK'S ORDER filed [979278] directing Petitioner to file [979278-1] : docketing statement due 8/9/06 for Anthony E. Ramos ; certificate of counsel due 8/9/06 for Anthony E. Ramos ; statement of issues due 8/9/06 for Anthony E. Ramos ; lower court decision due 8/9/06 for Anthony E. Ramos ; any procedural motions due 8/9/06 for Anthony E. Ramos ; deferred appendix notice due 8/9/06 for Anthony E. Ramos ; any dispositive motions due 8/24/06 for Anthony E. Ramos ;, directing Respondent to file [979278-2] : any procedural motions due 8/9/06 for DOJ ; appearance form due 8/24/06 for DOJ ; certified index to the record due 8/24/06 for DOJ ; any dispositive motions due 8/24/06 for DOJ ; . [Entry Date: 7/10/06] (tag) |
| 7/28/06 | INITIAL SUBMISSIONS filed by Petitioner Anthony E. Ramos [984117-1] : docketing statement; certificate of counsel; statement of issues; lower court decision; deferred appendix notice ( Deferred Appendix needed = n ); . (smc) |
| 8/24/06 | ENTRY OF APPEARANCE filed by Attorney Song E. Park for Respondent DOJ [988462-1] . (smc) |
| 8/24/06 | MOTION filed (5 copies) by Respondent DOJ (certificate of mail service dated 8/23/06) to dismiss case for lack of jurisdiction [988656-1] and to suspend further proceedings. (hts) |
| 9/5/06 | OPPOSITION filed [990318-1] (5 copies) by Petitioner Anthony E. Ramos (certificate of mail service dated 9/4/06) to a motion dismiss case lack/jurisdiction [988656-1]. (hts) |
| 10/13/06 | BRIEF filed by Petitioner Anthony E. Ramos [999679-1] . Copies: 15 . Certificate of service date 10/13/06 . (smc) |
| 10/13/06 | APPENDIX filed by Petitioner Anthony E. Ramos [999685-1] . Copies: 10 . Certificate of service date 10/13/06 . (smc) |
| 11/13/06 | PER CURIAM ORDER filed [1004009] transferring case to the USDC DC [1004009-1]. No mandate shall issue. [1004009-2] . Before Judges Sentelle, Henderson, Tatel . [Entry Date: 11/13/06] (mam) |

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C. 20001

# NOTICE

_ANTHONY E. RAMOS_
                Plaintiff(s)

vs.                                    C.A. No. ___06 1941___

_DOJ, ET AL_
                Defendant(s)

The following material has been filed and assigned these numbers on the docket sheet:

| Number(s) assigned: | Material | Filing Date |
| --- | --- | --- |
| | Deposition(s) | |
| | Transcripts | |
| _# 1 (USDC)_ | Bulky Pleadings _20 BOUND VOLUMES_ | _11-14-06_ |
| | Exhibits | |
| | Sealed Material | |

THIS NOTICE IS PLACED IN THE FILE
JACKET TO ACCOUNT FOR NUMBERS ASSIGNED
TO MATERIAL FILED IN THIS CASE BUT
NOT FILED IN THE CASE JACKET