UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY E. RAMOS )<br> )<br>      Plaintiff, )<br> )<br>   v. )<br> )<br>UNITED STATES DEPARTMENT OF JUSTICE, )<br>et al., )<br> )<br>      Defendants. )<br> )<br> ) | Case Number: 1:06CV01941(RMU) |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE MINUTE ORDER OF MAY 3, 2007, NUNC PRO TUNC**

Defendants United States Department of Justice, et al., through undersigned counsel, hereby oppose Plaintiff's motion to vacate the Court's May 3, 2007 Minute Order.  On May 3, 2007, the Court issued a minute order striking Plaintiff's Motion for an Evidentiary Hearing (Docket Entry 12) and Plaintiff's "Request for Judicial Notice" (Docket Entry 13) for failure to comply with the Court's Local Civil Rules.  Plaintiff now asks the Court to vacate that Order, and appears to request that the stricken pleadings be deemed filed on the day Plaintiff initially submitted them to the Court.  *See* Motion of Petitioner, Anthony E. Ramos, to Vacate Minute Order of May 3, 2007 *Nunc Pro Tunc,* ¶ 4 (Dkt. Entry 14).  Plaintiff's motion should be denied.

This Court has discretion to modify interlocutory orders such as the May 3, 2007 Minute Order at any time prior to entry of a final judgment disposing of all the parties' claims.  See Fed. R. Civ. P. 54(b).  In this Circuit, Rule 54(b) reconsideration of an interlocutory decision is available "as justice requires."  Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004); Campbell v. U.S. Department of Justice, 231 F. Supp. 2d 1, 7 (D.D.C. 2002); see also Childers v. Slater, 197

F.R.D. 185, 190 (D.D.C. 2000). Under that standard, reconsideration may be warranted when the Court has "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." Singh v. George Washington University, 383 F.Supp.2d 99, 101 (D.D.C. 2005).

Justice does not require reconsideration of the Court's May 3, 2007 Minute Order. As Plaintiff now admits, the stricken pleadings failed to comply with Local Civil Rule 7(m). See Mot. to Vacate ¶¶ 1-2 (Dkt. Entry 14). Accordingly, the Court's decision to strike those motions was consistent with this Court's Standing Order and the Local Civil Rules. There is no reason to revisit that ruling. While Plaintiff has since requested Defendants' position on the stricken motions, that does not change the fact that Plaintiff failed to do so prior to filing those motions, or to include a Local Civil Rule 7(m) statement in the stricken motions.

Plaintiff's apparent belief that it would be more efficient to vacate the May 3, 2007 Minute Order than to require Plaintiff to re-file the stricken motions falls far short of proving that "justice requires" reconsideration of the Court's Order. The natural consequence of having a pleading stricken is that the moving party must re-file a new pleading if (s)he can correct the deficiencies that caused the pleading to be stricken in the first place. There is nothing "unjust" about that. Further, Plaintiff's characterization of re-filed corrected motions as "unnecessary cluttering" of the docket makes little sense. Plaintiff's decision to file a motion to vacate — which Plaintiff knew Defendants would oppose — has now caused the Court to have two pleadings before it concerning the May, 3, 2007 Minute Order. If Plaintiff files a reply in support

-2-

of his motion there will be three pleadings before the Court — one more than there would be if Plaintiff had simply filed a corrected version of the two stricken motions.

For the foregoing reasons, Plaintiff's motion to vacate should be DENIED.

Dated May 22, 2007                                            Respectfully submitted,

       /s/ Jeffrey A. Taylor, by MJ
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

       /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

       /s/ Robin M, Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**Of Counsel:**
JENNIFER BARNES
Bar Counsel
United States Department of Justice,
  Executive Office for Immigration Review

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of May, 2007, I caused the foregoing Opposition to be filed via the Court's Electronic Case Filing system, and to be served upon plaintiff by first-class mail, postage prepaid, addressed as follows:

Anthony E. Ramos
1805 Key Blvd
Apartment 513
Arlington, VA 22201

        /s/   *Robin M. Meriweather*
ROBIN M. MERIWEATHER, D.C. Bar # 490114