UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY E. RAMOS

       Plaintiff,

vs.

                                    Civil Action No.: 06 1941 (RMU)

EXECUTIVE OFFICE OF IMMIGRATION
REVIEW and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICE BOARD OF IMMIGRATION
APPEALS

       Defendants.

**RECEIVED**

MAY **2 5** 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

**REPLY TO DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE MINUTE ORDER
OF MAY 3, 2007, *NUNC PRO TUNC***

      Section 9 of this Court's Standing Order sets forth the guidelines for how this

Court expects the parties to behave with respect to discovery. Plaintiff would urge the

Court to consider extending the language to all parts of these proceedings.

      This matter languished in this Court because, for months, the Defendants failed to

file any responsive pleadings on any matters, much less file a notice of appearance.

Recently, and suddenly, someone in the defendants' employ, noticed that nothing had

been done. The plaintiff, a veteran jury trial lawyer, did not bother to take any action

against the unrepresented defendants, because those actions are always easy to vacate

once the defendants wake up.

      As indicated, suddenly and recently, the defendants woke up. In the process, the

defendants requested not one, but three extensions of time to file responsive pleadings.

On each occasion, the Plaintiff did not object. With that, the Plaintiff believed that the parties had developed a good, early, level of civility and professionalism, in this highly emotional issue for both sides. Apparently not.

Most experienced lawyers would be too busy or unconcerned with another party correcting a technical, non substantive pleading defect, especially where most lawyers ultimately need a courtesy from the other side. The Court should apply this standard to these proceedings.

Filing an opposition to a simple motion on a technical defect, ostensibly on the ground that filing this reply just creates more paper, shows a lack of civility that the standing order forbids. Requiring the re-filing of all the documents, would simply add more unnecessary work for all concerned on this matter.

The simple motion to vacate should be granted. Let's keep this case on the high road.

RESPECTFULLY SUBMITTED,

Anthony E. Ramos, pro se
1805 Key Blvd.
Apt. 513
Arlington, VA 22201
202-321-7969
tramos520@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of May, 2007, the original and one copy of the foregoing were mailed via U.S. mail to the clerk, and that a copy was mailed, via U.S. mail and emailed to: Robin M. Meriweather, Esquire, Assistant United States Attorney, 555 Fourth Street, NW, Washington, DC 20530

Anthony E. Ramos