UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY E. RAMOS

    Petitioner,

vs.                                                         Civil Action No.: 06 1941 (RMU)

EXECUTIVE OFFICE OF IMMIGRATION
REVIEW and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICE BOARD OF IMMIGRATION
APPEALS

    Respondents.

**RECEIVED**
MAY 3 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

**PETITIONER'S OPPOSITION TO DEFENDANT'S 'MOTION FOR SUMMARY JUDGMENT,' AND REPLY TO DEFENDANT'S OPPOSITION TO "MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR A MANDATORY INJUNCTION AND PLAINTIFF'S FIRST SUPPLEMENT TO THE MANDATORY INJUNCTION MOTION AND IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT"**

**I.**

**STATEMENT OF THE CASE AND OF THE FACTS**

1. This Court has entered an order denying plaintiff's motion to strike the defendants' recently filed 'Opposition.' The Order does not dispose of the plaintiff's motion to strike the 'motion for summary judgment' filed by the defendants. Since it is not clear,

however, whether it does or does not, the plaintiff, in an overabundance of caution, will attempt to address all of the three pleadings which are the subject of the motion to strike. Initially, given statements made by the Defendants in their opposition, together with an exhibit to the Respondents' recent pleading, the record is now sufficiently clear so that this Court may dispose of the matter favorably to the Petitioner as to two of the parties.

2. By way of example, this Court's first Order, of November 14, 2006, states, in referring to the Petitioner: "*Denotes attorney not a member of the bar of the U.S. District Court for the District of Columbia." In point of fact, the Petitioner is not currently a member of any Bar. The said statement is significant, however, because, as the Petitioner has alleged in his Petition, he was not similarly, a member of any immigration bars, ever. It follows therefore, that unless this Court could apply the principles and laws of reciprocal discipline to him, which having never been in this Court, it appears unlikely, then this Court could not conclude that the Respondents could apply reciprocal discipline to him either.

3. In a pleading which is the subject of this motion to strike for other reasons, however, this Court may dispose of at least two of the parties to this action. On May 10, 2007, the Respondents filed a pleading entitled: MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR A MANDATORY INJUNCTION AND PLAINTIFF'S FIRST SUPPLEMENT TO THE MANDATORY INJUNCTION MOTION AND IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

4. At footnote 2, because there is no footnote 1, on page 1, the Respondents state that the United States Citizenship and Immigration Service (USCIS) is not a party to this action.

The Respondents state that USCIS is part of the Department of Homeland Security. The Petitioner agrees with this statement. The said statement constituting an admission by the adverse party, this Court may now grant that portion of the Petition concerning the Order entered below as to that entity. The said Order appears as an exhibit to the said pleading, and contains Respondents' Bates stamp: App.0047. The Order states: This request for reciprocal discipline was brought by the Department of Homeland Security (DHS) and the Executive Office for Immigration Review (EOIR)..."

5. With respect to the second party to the said Order, Respondent EOIR, the Petitioner refers this Court to the document located at Respondents' Bates number App. 0023. This is the letter of counsel for Respondent EOIR, Jennifer Barnes, before disciplinary proceedings were begun below, to a Florida Bar attorney. The letter is dated January 17, 2003. This was nearly two years prior to the time the action below was initiated. The letter states, clearly: "After a thorough search of our database, we have determined that Mr. Ramos has never appeared as the attorney of record in any case before EOIR. Consequently, we have no authority to initiate a preliminary inquiry into this matter." This is the first record admission of Respondent EOIR, since formal proceedings were begun, in November, 2004, which proves the absence of standing or jurisdiction by said Respondent. The letter proves the defense of lack of jurisdiction which the Respondent raised and preserved at the outset.

6. This Court should note that the Respondents, until the said document was filed, throughout the entire proceedings below, and to include any filings in this matter, have continued to refuse to address the actions of Ms. Barnes in filing the proceedings below. In point of fact, Ms. Barnes has now attached her name to the Memorandum of Points

and Authorities. In other words, EOIR, continues to, knowingly, falsely and maliciously attempt to use the judicial system to cause harm to the Petitioner. The Petitioner, however, as the admissions and document indicate, was never in either USCIS or EOIR.

7. It follows, therefore, that just as this Court could not apply reciprocal discipline to him, neither, based upon their own admissions and documents, could USCIS and EOIR. USCIS and EOIR had no standing to bring the actions below, and no jurisdiction over the Petitioner. The Order below should, therefore, be vacated.

8. As with the recent and horrific findings in the Duke rape scandal case, this was a case of two overzealous prosecutors filing false claims against the Petitioner solely for the purposes of causing him harm. A case worse than the Duke case, because in this case, both attorneys, Ms. Barnes and Ms. McCarthy, knew that the claims brought against the Petitioner were false. They proceeded with the claims, despite the Petitioner's defense. They intentionally misled the 'Board' below and the 'Board' relied on their representations in what is now clear, was a fabricated case.

9. With respect to recent filings by the Respondents, for other reasons as well, this Court should strike the pleadings, as a sanction, or in the alternative, deny the 'motion for summary judgment,' or in the alternative, set both matters, separately, for hearing.

## A.

## PETITIONER'S OPPOSITION TO "DEFENDANT'S MOTION FOR SUMMARY JUDGMENT"

### 1)

### LEGAL OPPOSITION TO THE 'MOTION'

10. The Respondent's have filed a pleading entitled "Defendant's Motion for Summary Judgment." The pleading, apparently, applies to the Petition for Review, which is an appellate matter.

11. This Court, with respect to the Petition for Review, is sitting as a reviewing Court.

12. On October 13, 2006, the Petitioner filed his Petition in the United States Court of Appeals. The Respondents have never filed an Answer Brief, as is required by the Federal Rules of Appellate Procedure.

13. The United States Court of Appeals, *sua sponte*, transferred the matter to this Court. The transfer, however, does not relieve the Respondents of complying with the Rules of Appellate Procedure. The transfer order made moot the Respondents' motion to dismiss, filed in the appellate court on August 23, 2006. Parenthetically, the Respondent's complain, at page 23 of their 'Memorandum of Points and Authorities…' that somehow, the Petitioner's brief is not a part of this case, apparently, because it does not appear on this Court's docket. This may be an error on the part of the clerk in docketing, but this Court should not be led to believe that the Petition and Appendix are not a part of this Court's record. The transfer order of the United States Court of Appeals dated November 13, 2006, clearly states: "The Clerk is directed to transmit the original file and a certified copy of this order to the United States District Court for the District of Columbia."

14. This matter languished in this Court, despite the Petitioner's numerous attempts to move the matter forward, because the Respondents would not and did not file a notice of appearance until April 12, 2007. Since that date, the Respondents sought, and, without objection by the Petitioner, were granted numerous extensions to file a response to only the Petitioner's Motion for Mandatory Injunction.

15. The transfer order, however, does not make inapplicable the appellate rules of procedure governing the petition. In order to proceed on the Petition, the Respondents would have to comply with, among others, Rules 10, 15, 25, 26, 27, and 28 of the Federal Rules of Appellate Procedure as to the petition. There does not appear to be any rule with respect to appellate motions for summary judgment, and for that reason, the 'Motion for Summary Judgment' should be stricken.

16. Even assuming, however, that this Court allows such a motion, it fails to meet the requirements of Rule 56, concerning Motions for Summary Judgment.

16. Specifically, there are no allegations in the motion by which the Petitioner could frame any sort of response. The 'motion' simply states that it is a motion for summary judgment, and leaves to the Petitioner the task of discerning the basis for the motion.

17. Secondly the motion is legally insufficient. Rule 56 requires the movant to plead and prove the absence of any genuine issues of material fact concerning anything in the record at the time of filing. The Petition describes, and the Appendix to the Petition shows the extensive documents for which the Respondents would have to prove the absence of any genuine issue of material fact. These include the Barnes letter, described in paragraph 6, above, and the McCarthy counterfeit documents found in the Appendix to the Petition. The standard of proof on a motion for summary judgment, therefore, is unlike any other dispositive motion. It is separate and apart from motions such as motions to dismiss and motions for judgment on the pleadings, where the Court is confined to a review of what is within the four corners of a complaint or pleadings. Instead, the movant must address all items that are a part of the record, and then plead the reasons as to why, as to all matters, there is no genuine issue of fact, and then, prove why it is that, therefore,

the Court should enter judgment. In all three fundamental elements, the Respondents have failed to meet their burden.

17. Third, motion confuses the standard of review on the Petition with the burden of proof on a motion for summary judgment. It is true that the standard of review on the Petition is abuse of discretion. The Respondents concede as much in the 'motion,' as well as in one of their other pleadings. Somehow, the motion seems to indicate that the standard of proof on motions for summary judgment, absence of any genuine issues of material facts, applies as a hybrid to the standard of review for the petition action. There is no support for mixing these two very different standards, which apply under very different legal circumstances. The Federal Rules of Appellate Procedure apply to the Petition for Review, where, as here, this Court is sitting as a reviewing Court. Rule 10 of those Rules describe the record Rule 56 of the Federal Rules of Civil Procedure would apply as to the Petitioner's Motion for Mandatory Injunction, but not as to the Petition, because, among other reasons, discovery and affidavits may be filed right up to the time of the hearing on a motion for summary judgment. There is no discovery or filing of affidavits permissible under the appellate rules on the petition. There does not appear to be any authority for mixing the two.

18. The 'Motion for Summary Judgment,' should therefore, be stricken. As indicated, prior to filing this motion, the Respondent held numerous exchanges with Respondent's counsel on this issue, and said counsel declined the opportunity to correct the pleading. In the alternative, the motion should be denied, since the record already indicates extensive issues of fact concerning the Barnes letter, as well as the McCarthy counterfeit documents, none of which the defendants have addressed. In the alternative, the matter

should be set for hearing, so that discovery may proceed, whereupon the plaintiff will be able to provide discovery and opposing affidavits prior to the hearing.

## 2)

## LEGAL OPPOSITION TO "DEFENDANT'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT"

19. The second pleading upon which relief is sought is "Defendant's Statement of Material Facts in Support of Motion for Summary Judgment."

20. The Petitioner here re-alleges and incorporates by reference his argument that the Federal Rules of Appellate Procedure apply to the Petition. The Respondents have shown no authority to allow this Court to change from the standard of review for the Petition, to the standard of proof, for the Respondents' motion. It's the traditional apples and oranges mistake by the Respondents.

21. Even assuming this Court allows a motion for summary judgment on a Petition for Review, however, this pleading fails to comply with the stringent requirement of Local Rule 7 (h). This Local Rule deals exclusively with motions for summary judgment, because of the stringent requirements of Rule 56 of the Federal Rules of Civil Procedure, governing Motions for Summary Judgment.

22. Pursuant to Local Rule 7 (h), a motion must be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue.

23. This pleading does not make that statement.

24. In addition, on a motion for summary judgment, the moving party may not choose to simply ignore record activity which is adverse to the moving party. Instead, the moving party must meet the very high burden of addressing each and every item in the record, which in this case is ample, and then indicating, and certifying, those as to which there is no genuine issue.

25. Specifically, the Respondents cannot simply ignore the documents contained in the Petitioner's Appendix, which include a copy of the Barnes letter and the McCarthy counterfeit documents.

26. This pleading, therefore, fails to meet the stringent pleading and certification requirements of Local Rule 7 (h). It should be stricken. In the alternative, because the extensive documents already in the record, including the Barnes letter and the McCarthy counterfeit documents show the existence of genuine issues of material fact, which have not been addressed by the defendants the 'motion for summary judgment,' should be denied. In the alternative, the matter should be set for hearing, so that discovery may proceed and so that the plaintiff may file opposition discovery and affidavits prior to the hearing as provide by the hearing.

### 3)

### STATEMENT OF GENUINE ISSUES OF MATERIAL FACTS IN OPPOSITION TO DEFENDANTS, 'MOTION FOR SUMMARY JUDGMENT'

27. Assuming that this Court does not dispose of the defendant's 'Motion for Summary Judgment' for the reasons set forth above, the Plaintiff hereby provides this STATEMENT OF GENUINE ISSUES OF MATERIAL FACTS IN OPPOSITION TO

DEFENDANT'S 'MOTION FOR SUMMARY JUDGMENT, as required by Local Rule (h).

28. The record materials as set forth in the plaintiff's petition and appendix provide the specific factual issues which, assuming that a petition could be disposed of on a motion for summary judgment, show genuine issues of material fact.

29. Specifically, the petition and the appendix show that, for nearly two years prior to the filing of the action at the administrative level, EOIR attorney, an ethics attorney, Jenifer Barnes, wrote a letter to the Florida Bar, stating that the plaintiff had never entered into EOIR for any reason. After the administrative proceedings began, Ms. Barnes, joined the proceedings, with the intent to have the tribunal rely on her false statements that EOIR had both standing and jurisdiction over the plaintiff.

30. More specifically, prior to filing the matter at the administrative level, BIA attorney, Rachel McCarthy, another ethics attorney, created and made a part of the proceedings, a number of 'immigration documents' which she counterfeited for the purpose of making a case against the plaintiff. Ms. McCarthy, at all times knew that the documents were counterfeit and intentionally did not reveal that fact to the tribunal, instead using those documents for jurisdictional purposes, in order to obtain the sanction which was imposed. The plaintiff similarly was never in BIA for any reason.

31. A question of fact, if such is permissible on a petition, exists, apparently on the actual question in the petition of whether it was an abuse of discretion for the tribunal judge to discount that later discovered evidence, especially where, as in this case, the plaintiff raised the jurisdictional issue at the outset, by filing the equivalent of a Rule 12 (b)(6) motion to dismiss for lack of jurisdiction.

32. Put another way, were this matter to have been originally in this Court, and were the plaintiff to have filed a Rule 12 (b)(6) motion, the plaintiff would have had the opportunity to avail himself of the Federal Rules of Civil Procedure, which would have allowed for discovery on the motion. Upon discovery of any documents of the defendants concerning both standing and jurisdiction, the said documents would have been made a part of the record, and the motion to dismiss would have been granted. An abuse of discretion occurred below when, with the plaintiff pleading lack of jurisdiction, the 'tribunal judge' 'accepted' jurisdiction, without any opportunity to rule on the motion.

33. The plaintiff discovered the said documents only through a subsequent Freedom of Information Act request. The defendants and the tribunal, later, instead of acknowledging the documents and the impact of same, argued that the documents were irrelevant, with the tribunal judge then writing a second opinion, essentially quoting from a now discredited Florida Bar report, and therefore especially damaging to the plaintiff.

34. With this, however, it remains almost impossible to file an opposition to a motion for summary judgment for which no known legal authority exists, one brought on a petition for review. The 'defendant's 'motion for summary judgment' should be stricken.

## C.

## PETITOINER'S REPLY TO DEFENDANTS' "MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR A MANDATORY INJUNCTION AND PLAINTIFF'S FIRST SUPPLEMENT TO THE MANDATORY INJUNCTION MOTION AND IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT"

35. This pleading is equally difficult of legal definition, and therefore reply.

36. This Court is sitting as the reviewing Court on the Petition for Review, and as the trial Court on the Motion for Mandatory Injunction.

37. In the opening sentence of the Argument section of the said pleading, for example, the Respondents state that the standard of proof for a preliminary injunction should apply to these proceedings. The Petitioner, however, did not file a motion for a preliminary injunction. The requirements of said motion are vastly different from a motion for injunctive relief. The said pleading, however, begins immediately with an attempt to recast the Petitioner's motion. At page three, the "Respondents state, at page 2: "Given the stage of the proceedings, plaintiff's motions should be analyzed under the framework governing preliminary injunction motions." For the reasons set forth below, this Court should reject at the outset, and strike this pleading, any attempt by the Respondents to advise the Petitioner and this Court as to which pleading was filed. The Respondents, if they have any, should respond only to the pleadings filed with this Court on this matter.

38. Throughout out the said pleading, the Respondents continue to refer to a preliminary injunction. In the Argument section of the said pleading, page 10, section 1, the Respondents state: "Given that plaintiff seeks injunctive relief in advance of a ruling on a dispositive motion or any other merits ruling, the preliminary injunction standard should govern." This is simply an incorrect statement both of fact and law, and Respondents show no such legal support for this proposition.

39. At section A, page 12, the Respondents continue: "A plaintiff that cannot demonstrate a significant likelihood of success on the merits has no hope of obtaining a preliminary

injunction." It is not clear how this statement applies to this case. The Petitioner has filed a Petition for Review, as allowed by the Federal Rules of Appellate Procedure. As well, the Petitioner has filed a separate Motion for Mandatory Injunction concerning highly inflammatory, false and moot information concerning the proceedings. Had the Petitioner wished to file a Motion for Preliminary Injunction, he would have done so. It is not for the Respondents to tell this Court what the Petitioner should have filed. Instead, it is for the Respondents to defend against the pleadings filed by the Petitioner. There is simply no motion for preliminary injunction pending in this matter, so that it is impossible for the Petitioner to respond to a completely hypothetical pleading which the Respondents filed in order to avoid having to address the Barnes letter and the McCarthy documents. The Respondents, instead, need to file their Answer Brief, so that this matter may proceed.

40. At section B., page 19, the Respondents state: "This prong of the preliminary injunction analysis provides an additional basis for denying plaintiff's motion. Here the Respondents continue to seek to impose the standard of proof for a preliminary injunction onto an action for an injunction. The Respondents allege that the Petitioner must file his proof if injury with the Motion for Injunction. That is simply not the case. It is the case on a motion for preliminary injunction because, under those circumstances, the movant is asking a Court to do something without notice to the opposing party.

41. At section C., Page 21, again, the Respondents state: "The remaining two elements of the preliminary injunction analysis also counsel against granting the plaintiff's motion." Again, however, the Petitioner filed no motion for preliminary injunction. The motion for

mandatory injunction, after due discovery, will be tried to the trier of fact in accordance with any order setting the matter down for an evidentiary hearing.

42. Finally, the Respondents again make a number of inflammatory statements concerning the Petitioner. In addition, the Respondents again raise the issue of needing to protect the public allegedly from persons like the Petitioner. The Respondents, however, as indicated earlier, stipulate that the Unites States Immigration and Naturalization Services, is not a party. Similarly, the Respondents now admit that EOIR was never a party. The only potential party here, therefore, is BIA. There is still no proof anywhere, similarly, that the Petitioner ever went before BIA for any reason. The Respondents, therefore, are not charged with saving the world. Instead, their jurisdiction, like with any tribunal, is limited to the boundaries of their tribunal. This Court may note, with a simple google search of the Petitioner's name, that even the Florida Bar does not publish the name of the Petitioner on the Internet. If any agency would have an interest in publishing his disbarment, presumably it would be the Florida Bar. In fact, the Respondent's posting is particularly false and damaging in that, among other things, it lists the Petitioner as being a disbarred D.C. Attorney. The Petitioner, however, was never a member of the D.C. Bar. This is simply a case of overzealous prosecutors, ethics lawyers acting unethically.

43. Because the Respondents constantly make statements which impugn the reputation of the Petitioner, however, the Petitioner will advise this Court of some of the items of evidence which he will present at evidentiary hearing on the motion for mandatory injunction. The Petitioner's former paralegal, over the course of many years, embezzled substantial funds from the Petitioner's trust account. Later, when the Petitioner went to

settle his case with a five-year suspension, the Petitioner's lawyer withdrew from his case, without notice, the day before the final hearing. As a result, the Petitioner had no representation at that hearing. Despite the harsh result of the disbarment, the Petitioner then spent another two and one half years with the Referee, Bar counsel, Bar Auditor and the court-appointed certified public accountant, reconstructing, laboriously, all of the affected accounts. In the end, the Florida Supreme Court was satisfied that all of the claimants had been identified, and that all of the claimants had been reimbursed by the Petitioner, with interest. As well, the Petitioner is not only the founding president of the Hispanic Bar Association of Palm Beach County, but he also led the successful drive to desegregate that bench for Hispanic and Latinos. Moreover, an independent committee investigating the circumstances of the disbarment found that, in fact, the case had been settled with a five-year suspension. In addition, the same committee praised the Petitioner for bringing into his home, two abandoned foster children, and ultimately adopting them. One is now a senior in college, the other works construction. It was also found that the Petitioner had made significant contributions to the Boy Scouts of America, among other good deeds.

44. By contrast, the Petitioner believes that the public has a very serious need to know when government attorneys are abusing process and filing false claims. The public should know that Ms. Barnes is still participating in this case, despite specifically stating that EOIR was not a party. The public should be made aware when government attorneys create counterfeit documents to destroy the reputations of ordinary citizens, and make false claims. Were this not the case, state attorneys like the one in the Duke case would continue to file false allegations against innocent persons, and attorneys like the two

mentioned in this case will continue to destroy the reputations of attorneys and non-attorneys alike.

45. As such, there is nothing in any pleading filed by the Petitioner that intimates that he filed a motion for preliminary injunction. This pleading should be stricken. In the alternative, this Court should set both matters for hearing, separately. The hearing on the petition is appellate in nature. The hearing on the plaintiff's motion for mandatory injunction is an evidentiary hearing. On a motion for summary judgment, discovery and opposing affidavits may be filed just prior to the hearing. Procedurally, however, since the petition is in the nature of an appeal, there is no discovery, because this Court is sitting as a reviewing Court. On the other hand, if this Court decides to open discovery as to the Petition, this Court should advise the parties, so that discovery may be had as to the petition.

## II.

## MEMORANDUM OF LAW AS TO THE 'MOTION FOR SUMMARY JUDGMENT'

46. Rule 12 (f) of the Federal Rules of Civil Procedure provides for a motion to strike pleadings: "...the court may order stricken from any pleading any insufficient defense, or redundant, immaterial, impertinent or scandalous material." Since this Court's most recent order speaks only to defendants' Opposition, the plaintiff's motion to strike the defendants' motion for summary judgment should be granted.

Rule 56 of the Federal Rules of Civil Procedure provides: "(c) The judgment shall be entered forthwith if the pleadings, depositions, answers to interrogatories, and

admissions on file together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."

Local Rule 7 (h) requires: "Each motion for summary judgment shall be accompanied by a statement of material facts *to which the moving party contends there is no genuine issue...*"

Rule 15, however, of the Federal Rules of Appellate Procedures, provides the rules for petitions for review of administrative orders. No provisions for discovery or affidavit are provided in that Rule.

Rule 10 of the Federal Rules of Appellate Procedure, describe the record. No provisions are made for re-opening the record to provide for discovery or affidavits as provided by Rule 56 of the Federal Rules of Civil Procedure.

On July 10, 2006, prior to the transfer of this matter, the Appellate Court issued an order requiring the Respondents to filed a Certified Index of the Record. To date, no such index has been filed.

## IV.

## CONCLUSION

For the reasons set forth in this Opposition and Reply, this Court should dispose of this matter as to the United States Citizenship and Immigration Services and the Executive Office of Immigration Review. By their pleadings, the Respondents admit that the United States Department of Homeland Security, and the Executive Office of Immigration Review never had any standing and never had any jurisdiction over the

Petitioner. This Court should, therefore, *sua sponte,* enter an Order vacating all orders below with prejudice as to those two parties.

The only remaining party in this matter may be the Board of Immigration Review. To the extent that the Respondents seek a 'summary judgment' for that party, the pleadings should be stricken since the Respondents have shown no authority for interposing the Rule of Civil Procedure onto the rules governing petitions for review.

In the event this Court does allow for such interposition, the pleadings should be stricken as legally insufficient, immaterial, impertinent and scandalous, with prejudice.

Failing that, this Court should set the 'motion for summary judgment' for hearing, so that discovery may be had and the plaintiff may be guided by time limits concerning discovery and the filing of affidavits. This may be the first time in American jurisprudence where a motion for summary judgment, allowing for discovery and affidavits, is permitted on a petition for review.

On the motion for a mandatory injunction, it is clear that the defendants wish to discuss a motion for preliminary injunction and also to avoid the evidence of substantial harm as shown by the Barns and McCarthy documents. The defendants would have this Court believe that the petition and the motion are mutually dependant upon each other. They are not. The plaintiff, however, did not file a motion for preliminary injunction, and is not, therefore, required to prove his case at the pleadings stage.

This Court should enter an order on briefing and oral argument on the petition, and also enforce the original order in this matter, requiring the respondents to produce a certified index of the record.

This Court should enter a further order setting the plaintiff's motion for mandatory injunction for an evidentiary hearing so that the plaintiff may obtain needed discovery on the issue set forth in the motion, namely, the question of standards for publication of government information on the Internet.

RESPECTFULLY SUBMITTED,

Anthony E. Ramos, pro se
1805 Key Blvd.
Apt. 513
Arlington, VA 22201
202-321-7969
tramos520@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 271st day of , 2007, the original and one copy of the foregoing were filed with the clerk, and that a copy was mailed, via U.S. mail and emailed to: Robin M. Meriweather, Esquire, Assistant United States Attorney, 555 Fourth Street, NW, Washington, DC 20530

Anthony E. Ramos