UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY E. RAMOS | ) |
| Plaintiff, | ) |
| v. | ) Case Number: 1:06CV01941(RMU) |
| UNITED STATES DEPARTMENT OF JUSTICE, et al., | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SCHEDULING ORDER**

Defendants United States Department of Justice, et al., through undersigned counsel, hereby oppose Plaintiff's motion for a scheduling order. Plaintiff's motion requests that the Court schedule a hearing on the petition for review that initiated this action and a trial on Plaintiff's motion for mandatory injunction. No hearing should be scheduled on the petition for review because merits briefing is not yet complete. No trial can be had on the mandatory injunction motion because this case is an appeal of an agency decision, which is reviewed on the basis of the administrative record for abuse of discretion. As Plaintiff has now clarified that the mandatory injunction motion does not seek a preliminary injunction, there is no reason to hold any separate hearing on that motion. Instead, it should be resolved on the basis of the parties' written submissions. Therefore the Court should deny both requests for relief.

**I.   THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR A HEARING ON THE PETITION FOR REVIEW AND REVISIT THE ISSUE AFTER BRIEFING ON THE MERITS IS COMPLETE.**

Plaintiff filed a petition for review with the District of Columbia Circuit, challenging a

June 7, 2006 Board of Immigration Appeals ("Board") order which denied Plaintiff's motion to reopen prior Board proceedings.  *See* Dkt. Entries 1-3.  The petition for review functions as a complaint, as it initiated this action and no new complaint was filed after the D.C. Circuit transferred the case to this Court.  Plaintiff now seeks a hearing on the merits of his challenge to the Board's June 7, 2006 order.  *See* Mot. for Scheduling Order at ¶1 (Dkt. Entry 21).

This Court has considerable discretion to determine whether and when to hold hearings.  However, Defendants respectfully submit that no hearing should be had on the merits of Plaintiff's challenge to the Board's June 7, 2006 Order until the certified record has been filed and briefing on the merits is complete.  Defendants filed a motion for summary judgment and supporting memorandum of law May 10, 2007, and argued therein that the Court should affirm the June 7, 2006 Board Order challenged in this action.  *See* Dkt. Entry 15.  At that time, Defendants believed that the opening brief Plaintiff filed in the District of Columbia Circuit had not been transferred to this Court, and therefore was not in the record.  *See* Mem. of Law In Support of Mot. for Summary Judgment at 23 (Dkt. Entry 15).  Accordingly, Defendants did not file an Opposition Brief, or directly respond to Plaintiff's D.C. Circuit brief in their summary judgment brief.  However, the Clerk's Office recently informed the undersigned Assistant United States Attorney that Plaintiff's merits brief was not uploaded to the PACER system because it was bound, but should be in the Clerk's Office with other materials transferred from the D.C. Circuit.  In light of that new information, Defendants intend to submit a second summary judgment motion and memorandum of law that addresses the arguments raised in Plaintiff's D.C. Circuit brief.  Defendants anticipate that they will file that summary judgment motion and

supporting memorandum[1] by June 29, 2007.  Defendants will submit the certified administrative record prior to filing those papers.[2]

Accordingly, the assumption underlying Plaintiff's motion for a scheduling order on the petition for review — that briefing already is complete — is incorrect.  As explained above, Defendants intend to respond to Plaintiff's merits brief, now that they are aware that it is a part of the record in this case.  Once the parties have submitted their respective memoranda on the issues raised in Plaintiff's D.C. Circuit brief and Defendants' summary judgment motions, the Court will have information sufficient to determine whether argument is appropriate, or whether the case can be resolved on the basis of the parties' written submissions.  Accordingly, Defendants respectfully request that the Court deny Plaintiff's motion, and revisit the hearing issue after briefing is complete.  In the alternative, Defendants request that the Court defer ruling on Plaintiff's motion for a hearing until all the relevant materials and briefs have been submitted.

## II.   PLAINTIFF'S MOTION FOR MANDATORY INJUNCTION SHOULD BE RESOLVED WITHOUT A HEARING OR A TRIAL.

The Court should deny Plaintiff's request for a trial and/or hearing on the Motion for Mandatory Injunction.  As Plaintiff has now clarified that his motion for mandatory injunction does not seek entry of a preliminary injunction, *see* Mot. to Strike at ¶ 30-34, 37 (Dkt. Entry 19), he is not entitled to a hearing on that motion.  The parties have stated their positions on the

---

[1] Given that this case originated in the D.C. Circuit, Plaintiff's original merits brief was not styled as a motion for summary judgment, and thus there is no summary judgment motion for Defendants to oppose.  Defendants therefore will submit an affirmative motion instead of a responsive memorandum of law.  Defendants cannot style their papers as an "Answer Brief," as Plaintiff requests, because the Federal Rules of Appellate Procedure do not govern district court proceedings.  *See* Fed. R. App. P. 1(a).

[2] Defendants are preparing the certified administrative record, and expect to submit that record within the next ten days.

motion in their respective memoranda of law, and those pleadings should allow the Court to rule on that motion without a hearing.

Given that Plaintiff does not seek entry of a preliminary injunction, the mandatory injunction motion is governed by the same evidentiary requirements and legal standards as the rest of this action. Although the petition for review cites only 28 U.S.C. § 1331 as a source of jurisdiction, the Court's jurisdiction also arises under the Administrative Procedure Act ("APA"), which provides the waiver of sovereign immunity necessary to bring suit against a federal agency. *See* 5 U.S.C. § 702; *Transohio Sav. Bank v. Director, Office of Thrift Supervision*, 967 F.2d 598, 607 (D.C. Cir. 1992). In an APA case, courts do not conduct *de novo* review of the challenged agency actions. Instead, they review the agency's actions on the basis of the administrative record, and determine whether the agency acted in an arbitrary and capricious manner, abused its discretion, or otherwise violated the law. *See Baker v. England*, 397 F. Supp. 2d 18, 26 (D.D.C. 2005). Plaintiff cannot circumvent that standard of review by filing a motion in this APA case, and then arguing that the resolution of that motion requires the Court to apply a different standard. For the same reason, there can be no trial or evidentiary hearing on the mandatory injunction motion. Holding a trial or evidentiary hearing in this APA case would conflict with the well-established principle that the "focal point" for judicial review under the APA is "the administrative record already in existence, not some new record made initially in the reviewing court." *American Coke and Chems. Inst. v. EPA*, 452 F.3d 930, 945 (D.C. Cir. 2006); *see also Florida Power & Light Co. v. Lorioni,* 470 U.S. 729, 743-44 (1985) (limiting review of agency orders to administrative record); *Bloch v. Powell*, 227 F. Supp. 2d 25, 30-31 (D.D.C. 2002). Thus apart from a status or scheduling conference, the only "hearing" that Plaintiff may obtain on

this motion is an oral argument. However, as noted *supra*, this motion can be resolved on the basis of the written pleadings alone.

For the foregoing reasons, Plaintiff's motion for a scheduling order should be DENIED.

Dated June 4, 2007                              Respectfully submitted,

           /s/ Jeffrey A. Taylor    by MJ

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

           /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

           /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**Of Counsel:**
JENNIFER BARNES
Bar Counsel
United States Department of Justice,
   Executive Office for Immigration Review

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 4th day of June, 2007, I caused the foregoing Opposition to be filed via the Court's Electronic Case Filing system, and to be served upon plaintiff by first-class mail, postage prepaid, addressed as follows:

Anthony E. Ramos  
1805 Key Blvd  
Apartment 513  
Arlington, VA 22201

                                                    /s/ *Robin M. Meriweather*  
                                       ROBIN M. MERIWEATHER, D.C. Bar # 490114