UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUN 0 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| ANTHONY E. RAMOS ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No.: 06 1941 (RMU) |
| ) | |
| EXECUTIVE OFFICE OF IMMIGRATION ) | |
| REVIEW and UNITED STATES ) | |
| CITIZENSHIP AND IMMIGRATION ) | |
| SERVICE BOARD OF IMMIGRATION ) | |
| APPEALS, ) | |
| ) | |
| Respondents. ) | |

**PETITIONER'S REPORT OF RULE 26 (f), FRCP, AND LOCAL RULE 16.3 CONFERENCE ON THE PETITION FOR REVIEW AND PLAINTIFF'S MOTION FOR MANDATORY INJUNCTION, IN COMPLIANCE WITH THE STANDING ORDER OF THIS COURT OF APRIL 13, 2007**

COMES NOW, the Plaintiff, Anthony E. Ramos, pro se, pursuant to the Standing Order issued in this cause, and files this REPORT OF RULE 26 (f), FRCP, and LOCAL RULE 16.3 CONFERENCE, IN COMPLIANCE WITH THE STANDING ORDEROF THIS COURT OF APRIL 13, 2007, and states:

**I.**

**PETITIONER'S COMPLIANCE WITH PARAGRAPH 8 OF THE STANDING ORDER AS TO RULE 26 (f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

## **A.**

## **INTRODUCTION**

In order that this Court may know which party is which, the Petitioner hereby makes the following designations. Anthony E. Ramos has filed a Petition for Review of an administrative order. That petition was transferred to this Court, where this Court is sitting as a reviewing court. In addition, Anthony Ramos has filed a Motion for Mandatory Injunction under the same case number. For both of these actions, Anthony E. Ramos will be known as the Petitioner in this Report, and in all future pleadings. The Petitioner advises this Court of this designation, because, at some point, the Respondents changed the designation of the parties.

The responding parties listed above, shall be collectively designated as the Respondents. In the interest of abbreviation, the Respondents' names will be abbreviated. The Executive Office for Immigration Review, will be described as EOIR. The United States Citizen and Immigration Services, will be described as USCIS. The Board of Immigration Appeals will be described as BIA.

In compliance with Rule 26(f), the parties have met on multiple occasions to discuss the issues contained in this Report. The Respondents have refused to comply with the Standing Order by providing the information required for this Report and also by refusing to sign this Report.

In the proceedings below, as the Petitioner's Brief and Appendix prove, two government ethics attorneys, one for EOIR, Barnes, and one for BIA, McCarthy, deliberately misled the tribunal by withholding evidence of lack of jurisdiction and

standing, and by using documents counterfeited by McCarthy to have the tribunal rely on her statements, concerning jurisdiction. From the outset of those proceedings, in November, 2004, the Petitioner has filed numerous pleadings contesting jurisdiction.

At every juncture below, every attempt to block the Petitioner from having access to the record, issuing subpoenas or conducting any other discovery, was successfully blocked by the Respondents, while they continued to withhold evidence of their activities from the tribunal. The Petitioner was only able to learn of the Barnes and McCarthy documents through a Freedom Of Information Act request.

In these proceedings, the pattern has continued. The Respondents despite being directed to do so in the original order in this matter, have refused to file a certified index of the record. To date, in addition, more than eight months after this matter was filed, and despite this Court granting numerous extensions, Respondents have not filed an Answer Brief. Notwithstanding this deliberate refusal, the Respondents have filed a motion for summary judgment in this matter. Local Rules require that the parties make specific references to the record as part of their statements of supporting facts. The Respondents sought to, and did, continue to avoid complying with that rule, by attaching selected copies of documents as exhibits to their Memorandum. These documents were clearly created by the Respondents, because they bear the Respondents Bates stamp numbers.

As a result, the Respondents, as they did below, would have this Court see only that which they wish this Court to see. Since it is known that the documents provided as part of the Freedom of Information Act request were not a part of the record at any critical juncture, and may never have been a part of the record, the Respondents can

claim that there is nothing in the record to substantiate the relief requested by the Petitioner in this matter.

By refusing any compliance with the Standing Order on questions of discovery, the Respondents can further their plan by asking this Court to limit its review only to matters in the record. This Court, however, Judge Urbina presiding, in *Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 196-97 (D.D.C. 2005), rejected such limitations of the record. With the *prima facie* showing by the Petitioner of evidence of extensive fraud on the question of whether the Petitioner could have been prosecuted for reciprocal discipline *vel non*, discovery is especially warranted as to both of the matters pending before this Court.

Contemporaneously with filing this Report, therefore, the Petitioner will file a motion for sanctions against the Respondents, together with a Motion to Abate consideration of the Respondents' motion for summary judgment, since, at present, there is no 'record,' upon which either this Court or the Petitioner may make a determination as to whether any genuine issues of material fact exist in the record below, or whether the record may be expanded to include the information obtained by the Petitioner's Freedom of Information Act request.

## B.

## PETITIONER'S COMPLIANCE WITH THE STANDING ORDER AS TO RULE 26 (f)

With respect to the requirements of Rule 26 (f)(1):

a) For Petitioner:

1) as to the Petition: Because the Respondents have refused to provide to this Court a certified copy of the index of the record, as was required by an Order of Court, the Petitioner has no way of knowing what is actually in the record. Petitioner suspects, however, that the Barnes and McCarthy documents discussed above are not a part of the record. Once the certified copy of the index of the record is provided to this Court and to the Petitioner, the Petitioner will be in a position to review same. If the Petitioner believes that certain documents are missing from the record, he will file discovery to obtain same, and if, upon receiving same, believes the record should be expanded, he will move to do so under the authority of *Fund for Animals, supra;*

2) as to the Petitioner's Motion for Mandatory Injunction: no changes;

b) For Respondents: Respondents refused to participate in this Report, and refused to sign this Report.

With respect to the requirements of Rule 26 (f)(2):

a) For Petitioner:

1) as to the Petition: Discovery may be needed to determine, locate and obtain all of the documents and testimony which support and authenticate the documents letter of Barnes, eighteen months before the proceedings below were commenced and in which she joined on behalf of EOIR, showing that the Petitioner was never in EOIR, as well as any communications concerning this matter to the tribunal. In addition, discovery will be needed to obtain all of the documents created by McCarthy, or anyone at her direction, to show that an entirely false immigration case was created to use as proof on the issue of reciprocal discipline;

2) as to the Petitioner's Motion for Mandatory Injunction: The plaintiff needs discovery on the protocols for Internet publication of disciplinary action, as well as deposition testimony from the corporate representatives of the defendants concerning materials contained in the record, including the Barnes letter and the McCarthy counterfeit documents. The Plaintiff also needs discovery of Barnes and McCarthy, in order to establish authenticity of documents, the manner in which documents were generated, and the manner of disclosure of documents to tribunals and to media;

b) For Respondents: Respondents refused to participate in this Report, and refused to sign this Report.

With respect to the requirements of Rule 26 (f)(3):

a) For Petitioner:

1) as to the Petition: To the extent that known emails by and between Barnes and McCarthy are already know to exist, together with email to other administrative State and Local agencies, and at the same time, which may not be a part of the record, the Petitioner would seek discovery of those documents. Because the Respondents have not filed a certified copy of the index of the record with this Court, and served a copy on the Petitioner, at this point, the Petitioner is uncertain as to whether those documents have been made a part of the record. Upon a review of the certified index of the record, and a review of the record, however, the Petitioner will be in a position to determine whether such documents are a part of the record. If they are not, Petitioner will file discovery to obtain same;

2) as to the Petitioner's Motion for Mandatory Injunction: The Plaintiff seeks discovery of the protocol for and the manner in which Respondents provide information to the media and post on the Internet, together with the electronic information, and the manner in which it may be produced for trial;

b) For Respondents: Respondents refused to participate in this Report, and refused to sign this Report.

With respect to the requirements of Rule 26 (f)(4):

    a) For Petitioner:

        1) as to the Petition: no issues;

        2) as to the Petitioner's Motion for Mandatory Injunction: no issues;

    b) For Respondents: Respondents refused to participate in this Report, and refused to sign this Report.

With respect to the requirements of Rule 26 (f)(5):

    a) For Petitioner:

        1) as to the Petition: no changes or limitations at this time;

        2) as to the Petitioner's Motion for Mandatory Injunction: no changes;

    b) For Respondents: Respondents refused to participate in this Report, and refused to sign this Report.

With respect to the requirements of Rule 26 (f)(6):

    a) For Petitioner:

        1) as to the Petition: no orders under the said Rules requested at this time;

        2) as to the Petitioner's Motion for Mandatory Injunction: no orders under the said Rules requested at this time;

    b) For Respondents: Respondents refused to participate in this Report, and refused to sign this Report.

## II.

## PETITIONER'S COMPLIANCE WITH PARAGRAPH 8, OF THE STANDING ORDER AS TO A STATEMENT OF THE CASE

The Petitioner filed a Petition for Review of an administrative order in the United States Court of Appeals for the District of Columbia. The Court of Appeals, *sua sponte*, transferred the matter to this Court. The Petitioner then added a Motion for Mandatory Injunction concerning the Internet posting of the administrative proceedings. The Petitioner originally filed the Petition with the appellate court because case law on immigration cases appeared to direct the Plaintiff to that Court. The appellate court decided that jurisdiction is based upon 28 U.S.C. § 1331, and so indicated in its Order dated November 13, 2006. The Plaintiff's Motion for Mandatory Injunction is brought pursuant to Rule 65 (d) of the Federal Rules of Civil Procedure, because it has been determined by Order that jurisdiction lies with this Court. The issues raised in the Motion for Mandatory Injunction may be decided irrespective of the outcome of any ruling on the Petition for Review.

## III.

## PETITIONER'S COMPLIANCE WITH PARAGRAPH 8, OF THE STANDING ORDER AS TO LOCAL RULE 16.3

With respect to the requirements of Local Rule 16.3 (c)(1) ):

a) For Petitioner:

1) as to the Petition: Petitioner believes it unlikely, given the genuine issues of material fact, that the Petition could be disposed of on a motion for summary judgment. Petitioner has requested a hearing on the Petition because it appears likely that the record will have to be expanded, and the actions of Barnes and McCarthy will then become subject to this Court's interpretation of those facts. The Petitioner would need a hearing in order to present his case and make argument;

2) as to the Petitioner's Motion for Mandatory Injunction: The Petitioner believes it unlikely, given the genuine issues of material fact, together with needed testimony of witnesses, that the Motion could be disposed of on a dispositive motion. Discovery on Internet protocols, as well as other discovery has just begun. The Petitioner has also advised this Court that this matter is at issue, and ready for trial. The Respondents believe that the Petitioner filed a motion for preliminary injunction, which, initially obviates the need for showing certain evidentiary proof. The Plaintiff did not, however, file a motion for preliminary injunction, choosing instead to have a full evidentiary hearing on this matter;

b) For Respondents: Respondents refused to participate in this Report, and refused to sign this Report.

With respect to the requirements of Local Rule 16.3 (c)(2):

a) For Petitioner:

> 1) as to the Petition: The defendants have dropped a party, USCIS, to these proceedings. To that end, the Petitioner has indicated to this Court that it may, *sua sponte*, vacate the administrative order below as to that party. In addition, the defendant, EOIR has, for the first time ever, made a part of the record, the letter of its counsel, Jennifer Barnes, sent to the Florida Bar more than eighteen months before the proceedings below were begun, stating clearly, that the Plaintiff had never appeared in EOIR. Given that this is the first record disclosure of the letter by the said defendant, the Petitioner having obtained it post-discipline by a FOIA search, the Petitioner believes that this Court may, also, *sua sponte,* vacate the administrative order against the Petitioner as to that party. At one point, before the current three lawyers came on the case, another lawyer for the agencies below, erroneously listed the current Attorney General, as a party in a responsive pleading. The Attorney General, aside from being erroneously listed by the defendants, has never been a party to this matter. Unless discovery indicates that some other government agency is responsible for the actual Internet postings, in which case the Plaintiff would add that agency, the Plaintiff, at this time, does not foresee adding any other parties to this matter;

11

      2) as to the Petitioner's Motion for Mandatory Injunction: same as a), above;

    b) For Respondents: Respondents refused to participate in this Report, and refused to sign this Report.

With respect to the requirements of Local Rule 16.3 (c)(3):

a)  For Petitioner:

    1) as to the Petition: The Court should hear this matter;

    2) Because this matter sounds in equity, and because it does not appear that it will unduly burden this Court's trial calendar, and further because the Plaintiff had been able to locate any government cases on Internet postings in disciplinary proceedings, therefore possibly making this a case of first impression, the Plaintiff believes that the trial Court should hear this matter;

b) For Respondents: Respondents refused to participate in this Report, and refused to sign this Report.

With respect to the requirements of Local Rule 16.3 (c)(4):

  a) For Petitioner:

    1) as to the Petition: The Petitioner has made numerous attempts to convince the defendants that this matter should be settled. In addition to the Barnes letter, there is the question of the counterfeit documents generated by another government attorney, Rachel McCarthy. These documents are addressed in detail in the Petition, the Brief and the Appendix to the Brief. In order for the Petitioner

to prove to this Court that the Internet postings are not only moot, but also severely prejudicial and damaging to the Petitioner, he believes that he will have to introduce those documents, together with the testimony of Barnes and McCarthy. Petitioner has made clear that he has no interest in taking any civil or disciplinary against Barnes and McCarthy, but defendants have rejected every attempt to settle this matter. Accordingly, it appears that this matter is headed to trial on the merits;

2) as to the Petitioner's Motion for Mandatory Injunction: same as a), above;

b) For Respondents: Respondents refused to participate in this Report, and refused to sign this Report.

With respect to the requirements of Local Rule 16.3 (c)(5):

a) For Petitioner:

1) as to the Petition: The Petitioner does not believe that any portions of this section should be adopted.

2) as to the Petitioner's Motion for Mandatory Injunction: same as above;

b) For Respondents: Respondents refused to participate in this Report, and refused to sign this Report.

With respect to the requirements of Local Rule 16.3 (c)(6):

    a) For Petitioner:

        1) as to the Petition: The Petitioner does not believe that the Petition can be resolved by motion for summary judgment or motion to dismiss;

        2) as to the Petitioner's Motion for Mandatory Injunction: same as above;

    b) For Respondents: Respondents refused to participate in this Report, and refused to sign this Report.

With respect to the requirements of Local Rule 16.3 (c)(7):

    a) For Petitioner:

        1) as to the Petition: The parties should not dispense with the initial disclosures;

        2) as to the Petitioner's Motion for Mandatory Injunction: same as above;

    b) For Respondents: Respondents refused to participate in this Report, and refused to sign this Report.

With respect to the requirements of Local Rule 16.3 (c)(8):

    a) For Petitioner:

        1) as to the Petition: As indicated above, the Petitioner, without having the benefit of the certified index of the record, cannot state at this time, whether additional discovery will be

necessary or whether the record may need to be expanded. Upon a review of the index, and the record, the Petitioner will supplement this section;

    2) as to the Petitioner's Motion for Mandatory Injunction: The parties have already discussed discovery, have agreed to deposition dates, subject to objection, and the Plaintiff has otherwise already advised the defendants concerning discovery by way of a request to produce and a request for admissions.

b) For Respondents: Respondents refused to participate in this Report, and refused to sign this Report.

With respect to the requirements of Local Rule 16.3 (c)(9):

a) For Petitioner:

    1) as to the Petition: Petitioner does not request any modifications;

    2) as to the Petitioner's Motion for Mandatory Injunction: Petitioner, at this point, is not certain, whether an expert will be called on the question of Internet protocol. In addition, Petitioner has set the depositions of both or Respondents' corporate representative, for deposition, and has asked the Respondents to appoint a person who is versed in Internet protocol for Respondents. To the extent

that this person is an expert witness, Plaintiff may be required to produce an expert witness

    b) For Respondents: Respondents refused to participate in this Report, and refused to sign this Report.

With respect to the requirements of Local Rule 16.3 (c)(10):

    a) For Petitioner: Not applicable.

    b) For Respondents: Respondents refused to participate in this Report, and refused to sign this Report.

With respect to the requirements of Local Rule 16.3 (c)(11):

    a) For Petitioner: No bifurcation requested;

    b) For Respondents: Respondents refused to participate in this Report, and refused to sign this Report.

With respect to the requirements of Local Rule 16.3 (c)(12):

    a) For Petitioner:

        1) as to the Petition: The pre-hearing conference should take place immediately;

        2) as to the Petitioner's Motion for Mandatory Injunction: The pre-trial conference should take place immediately;

    b) For Respondents: Respondents refused to participate in this Report, and refused to sign this Report.

With respect to the requirements of Local Rule 16.3 (c)(13):

    a) For Petitioner:

        1) as to the Petition: The Court should set a firm hearing date at the first scheduling conference;

        2) as to the Petitioner's Motion for Mandatory Injunction: The Court should set a firm hearing date at the first scheduling conference;

    b) For Respondents: Respondents refused to participate in this Report, and refused to sign this Report.

With respect to the requirements of Local Rule 16.3 (c)(14):

    a) For Petitioner: None at this time.

    b) For Respondents: Respondents refused to participate in this Report, and refused to sign this Report.

RESPECTFULLY SUBMITTED,

_____
Anthony E. Ramos, pro se, plaintiff
1805 Key Blvd.
Apt. 513
Arlington, VA 22201
202-321-7969
tramos520@verizon.net

Refused to sign.

---

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

Refused to sign

---

RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

Refused to sign.

---

ROBIN M. MERIWEATHER, D.C. Bar # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the first day of June , 2007, the original and two copies of the foregoing were mailed, via U.S. mail to the clerk, and that two copies were mailed and a copy emailed, via U.S. mail to: Robin M. Meriweather, Esquire, Assistant United States Attorney, 555 Fourth Street, NW, Washington, DC 20530

---

Anthony E. Ramos