UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

JUN 0 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTHONY E. RAMOS

    Petitioner,

vs.                              Civil Action No.: 06 1941 (RMU)

EXECUTIVE OFFICE OF IMMIGRATION
REVIEW and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICE BOARD OF IMMIGRATION
APPEALS

    Respondents.

---

### REPLY TO RESPONDENTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PETITIONER'S MOTION FOR SCHEDULING ORDER

More than seven months after this matter was filed, and an order entered requiring the Respondents to, among other things, file a certified copy of the record below, the Respondents continue to take every measure to prevent these matters from being heard in open Court.

The Respondents took the same approach below, where no discovery was permitted, and no hearing was held. Unfortunately for the Petitioner, as has now been shown, the Respondents were able to accomplish a reciprocal discipline while hiding from the tribunal key facts and documents showing that the agencies lacked jurisdiction and standing.

The Respondents now claim that they will file a certified copy of the record at some unknown point, and that they will now, apparently after having discovered the Petitioner's Brief and Appendix, file an Answer Brief, many months late

In addition, the Respondent now state that they will file still another motion for summary judgment at some unknown point in the future

Finally, the Respondents now claim that a motion for a mandatory injunction in a case like this cannot proceed to discovery and a trial, so that, apparently, they will not need to litigate the issue raised in the motion. At each step, it is clear that the Respondents continue in their attempts to prevent the trier of fact from receiving into evidence, either by enlarging the record on the petition, or at an evidentiary hearing on the motion, documents and testimony which are favorable to the Petitioner. This Court, obviously, has rejected this argument, since it issued a standing order for the parties to follow in anticipation of trial.

The Respondents' Opposition, therefore, is more of the same forecasting of the future, without any organizational structure by which to be guided. By contrast, on April 13, 2007, this Court issued a standing order. The order directs the parties to comply with it. Once again, the Respondents refused to comply with a court order, by refusing to participate in, and sign the conference report, as required by paragraph 8 of the order.

At paragraph 6 of the standing order, this Court sets forth instructions to the parties concerning hearings. Because this matter has languished in the Court system, the Petitioner simply seeks to have both matters scheduled, so that the parties may be guided by clear cut off dates. In that manner, the Petitioner believes that the Respondents, at their peril for failure to comply, will act more accordingly.

If this Court has to expand the record to accommodate the known letter of Barnes stating clearly that the Petitioner had never been in EOIR, and the counterfeit documents of McCarthy for BIA, it may do so. *Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 196-97 (D.D.C. 2005); *Becker v. The Weinberg Group, Inc., et. al.*, 473 F. Supp. 2d 48 (D.D.C. 2007); *American Wildlands v. Kempthorne*, 478 F. Supp. 2d 92 (D.D.C. 2007). The argument of Respondents that, somehow, this Court is bound by the record below, for which the Respondents have never provided a certified copy of the record, is therefore, incorrect.

There is nothing in the Administrative Procedures Act, and nothing in any statute or rule conferring jurisdiction, and no rule of civil procedure, and Respondents have cited none, which takes away from this Court its own equity jurisdiction over administrative proceedings. *American Wildlands v. Kempthorne, supra.* To the contrary, there is no other forum in which to bring such action.

With a scheduling order on both matters, both this Court and the Petitioner will have the opportunity to observe whether the Respondents will carry through on the projected raft of pleadings they discuss in their Opposition. They need a schedule. A hearing on the petition will allow this Court to hear argument on critical documents, critical dates, the effect of the actions and inactions of the Respondents and the weight to be given to the actions of the tribunal below. This cannot be accomplished with a paper review of documents. A hearing on the mandatory injunction will allow this court to hear testimony and receive other evidence concerning matters raised by the Respondents after the discipline took place, and showing the effect of same on the Petitioner, as well as allow for the introduction of evidence concerning Internet postings. Without the dynamic

of a hearing, where parties can make argument, introduce evidence; object to evidence, and make closing arguments, this Court would be deprived of a full and fair hearing on the merits. These matters simply cannot be litigated with a paper review of the file.

The Petitioner, therefore, continues to request that both matters be set for hearing.

RESPECTFULLY SUBMITTED,

_____
Anthony E. Ramos, pro se
1805 Key Blvd.
Apt. 513
Arlington, VA 22201
202-321-7969
tramos520@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of June, 2007, the original and one copy of the foregoing were mailed via U.S. mail to the clerk, and that a copy was mailed, via U.S. mail and emailed to: Robin M. Meriweather, Esquire, Assistant United States Attorney, 555 Fourth Street, NW, Washington, DC 20530

_____
Anthony E. Ramos