**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTHONY E. RAMOS,            )<br>                                              )<br>           Plaintiff,              )<br>                                              )<br>   v.                                        )   Case Number: 1:06CV01941(RMU)<br>                                              )<br>UNITED STATES DEPARTMENT OF JUSTICE, )<br>et al.,                                    )<br>                                              )<br>           Defendants.          )<br>                                              )  | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**SUMMARY OF ARGUMENT**

To prevail in this action, Plaintiff must show that the Board of Immigration Appeals (the "Board") abused its discretion when it declined to reopen its prior order expelling Plaintiff from practice before the Board, immigration courts, and the Department of Homeland Security ("DHS"). Under that highly deferential standard, the Court must affirm the Board's order unless the Board: (1) failed to provide a rational explanation; (2) inexplicably departed from established policies; or (3) based its ruling on impermissible factors such as racial discrimination. *See, e.g.*, *Jean v. Gonzales*, 435 F. 3d 475, 483 (4th Cir. 2006); *see generally AT&T Corp. v. FCC*, 349 F.3d 692, 698 (D.C. Cir. 2003). Here, the Board provided a reasoned explanation for its decision, complied with established policies and applicable law, and did not consider impermissible factors. Accordingly, the Board's decision was well within the Board's considerable discretion to deny motions to reopen prior proceedings, and the Court should enter summary judgment in favor of Defendants.

In his opposition to Defendants' summary judgment motion, Plaintiff offers nothing that

suggests that the Board failed to articulate a rational basis for its ruling, departed from prior policies, or based its decision on impermissible factors. Instead, Plaintiff argues that the summary judgment motion is procedurally improper, and further contends that there are material factual disputes that preclude entry of summary judgment. Those arguments are meritless. This Court routinely resolves challenges to agency decisions through cross-motions for summary judgment, and should do the same here. There are no material factual disputes that preclude summary judgment. In cases that arise under the Administrative Procedure Act, the entire case presents a "question of law," and the Court looks to the administrative record if it has any questions about the underlying facts. In this action, the "question of law" is whether the Board abused its discretion when it issued the June 7, 2006 order plaintiff has challenged. The answer to that question is "no," and the Court should therefore grant Defendants' motion for summary judgment.

## **ARGUMENT**

I.  **THE BOARD REASONABLY DENIED PLAINTIFF'S MOTION TO REOPEN PRIOR PROCEEDINGS.**

The grant or denial of a motion to reopen a prior Board order is a highly discretionary decision, and the Board may deny a motion to reopen "even if the moving party has made out a *prima facie* case for relief." 8 C.F.R. § 1003.2(a). When reviewing such Board rulings, courts do not conduct a *de novo* review of the merits of the underlying petition to reopen. Instead, they apply a deferential standard of review under which the Board's order must be upheld unless it was an "abuse of discretion." *Immigration and Naturalization Serv. v. Abudu*, 485 U.S. 94, 105 (1988); *Guevara v. Gonzales*, 450 F.3d 173, 175 (5th Cir. 2006). Courts have defined the "abuse of discretion" standard as an inquiry into whether the agency failed to provide a rational

explanation for its decision, inexplicably departed from established policies, or based its decision on an impermissible factor such as racial discrimination. *See, e.g.*, *Jean*, 435 F.3d at 483. That standard is similar to the "arbitrary and capricious" standard that generally governs courts' review of agency decisions under the APA. *See generally Motor Vehicle Mfs. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42 (1983); *AT&T Corp.*, 349 F.3d at 698.

The Board's June 7, 2006 order (the "Reopening Order") easily survives review under that deferential standard. The Board issued a well-reasoned decision which explained why the arguments presented in Plaintiff's motion to reopen did not warrant reopening the prior orders. *See* Mem. In Support of Mot. for Summary Judgment at 14-15 (Dkt. Entry 15). The Board's analysis of Plaintiff's motion was consistent with the regulations that establish the standards for reopening Board proceedings. *See id.* at 16-18 (Dkt. Entry 15).

Plaintiff's assertion that he has never been a member of an immigration bar provides no basis to question the reasonableness of the Board's denial of his motion to reopen. As a threshold matter, to the extent that argument challenges the Board orders that predated the Reopening Order, it is outside the scope of this case. *See* Mem. in Support of Mot. for Summary Judgment at 12 (Dkt. Entry 15); *Jean*, 435 F.3d at 482 (finding court's review "limited to the motion to reconsider" because plaintiff did not petition for review of underlying BIA order). Second, the Board considered this argument, and properly rejected it. There is no "immigration bar," and the Board has authority to discipline any "practitioner" involved in Board or DHS proceedings. *See* 8 C.F.R. § 1292.3. Plaintiff's assertion that he had not practiced before the Board largely rehashed arguments Plaintiff had raised unsuccessfully at prior stages of the disciplinary proceedings. *See*, *e.g.*, Rec. at 000004, 000265. A motion to reopen is not a vehicle to ask the Board to reconsider its prior legal and factual analysis. *See* 8 C.F.R. §§ 1003.2(b)(1), (c)(1). Such arguments must be

raised in motions for reconsideration, and Plaintiff already had filed the single reconsideration motion the regulations allow.  *See* Rec. at 000829-000830; 8 C.F.R. § 1003.2(b).

The "evidence" Plaintiff submitted to support his argument that he was not a member of any "immigration bar" did not introduce a new, previously undiscoverable material fact, and therefore did not provide a grounds for reopening the Board's prior decision.  The Board may reopen a prior order only if the moving party presents "new facts" that are "supported by affidavits or other evidentiary material."  8 C.F.R. § 1003.2(c)(1).  Further, the Board must determine that the "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."  *Id.* (emphasis added).  The key word in that standard is "material."

Plaintiff submitted no evidence that corroborated his allegation that the DHS ethics prosecutor counterfeited records showing that Plaintiff had represented individuals in DHS immigration proceedings.  Plaintiff alleged that a copy of the permanent residency card of Antonio Ferreira was relevant to that theory.  *See* Rec. 000791-000793.  However, the fact that Mr. Ferreira may have become a permanent resident sheds no light on whether Plaintiff submitted "Notice of Entry of Appearance As Attorney or Representative" forms on behalf of Mr. Ferreira or other parties appearing before DHS.  Indeed DHS provided examples of those forms to the Board prior to the interim suspension.  *See* Dec. 6, 2004 Order at 2 (Rec. 000005).  Thus that residency card introduced no *material* fact, *i.e.* one that could change the outcome of the Board's prior decision.  It is also highly questionable that the card raised any "previously undiscoverable" fact, as Plaintiff presumably could have contacted Mr. Ferreira earlier in the process.  In any event, Plaintiff already had accused the DHS prosecutor of falsifying documents, and the Board already had rejected that argument.  *See* Reopening Decision at 2 (Rec. 000773); Rec. 000843.

Thus plaintiff's claim that the prosecutor created false documents effectively sought reconsideration of a prior Board decision, and did not present the type of argument that could support reopening. *See* 8 C.F.R. §§ 1003.2(b)(1), (c)(1).

Plaintiff also submitted a January 17, 2003 letter from Jennifer Barnes to the Florida bar responding to an inquiry concerning Plaintiff's prior appearance(s) before EOIR. Like the Ferreira residency card, the Barnes letter did not raise a *material* issue of fact. At most, the letter shows that Ramos had not practiced before the Executive Office for Immigration Review ("EOIR") or the Board as of January 17, 2003. However, the reciprocal disciplinary proceedings were initiated by DHS over a year and a half after the Barnes letter was sent, and DHS initiated those disciplinary proceedings based on Plaintiff's representation of individuals in *DHS* proceedings. *See* Reopening Order at 2; Rec. at 000773. EOIR joined the proceedings pursuant to regulations that allow EOIR to request that any order suspending a practitioner from practice before DHS also apply to the practitioner's ability to practice before the Board or the immigration courts. *See* 8 C.F.R. § 292.3(c)(1). Those regulations do not condition EOIR's participation upon a practitioner's prior appearance in EOIR or Board proceedings.

Simply stated, the Board considered the relevant factors and regulatory standards, but found Plaintiff's motion lacking. That is precisely the type of judgment call that is committed to the Board's discretion. There is no basis to find that the Board abused that discretion, and the Court therefore must affirm the Board's Order.

## II.     DEFENDANTS' SUMMARY JUDGMENT MOTION COMPLIES WITH THE APPLICABLE PROCEDURAL RULES.

Plaintiff's opposition also attacks Defendants' summary judgment motion on procedural grounds, claiming that the motion, memorandum of points and authorities, and supporting

statement of facts violate various procedural rules. Specifically, Plaintiff claims that: (1) Defendants could not file a motion for summary judgment because the Federal Rules of Appellate Procedure and the D.C. Circuit's scheduling order govern this action; (2) Defendant's motion does not meet the requirements of Federal Rule of Civil Procedure 56 because it fails to establish the absence of any material factual disputes; and (3) Defendant's supporting statement of material facts does not comply with the rules. Those arguments misperceive the applicable rules of procedure, and lack merit.

First, the relevant rules plainly allowed Defendants to file a motion for summary judgment in this action. The Federal Rules of Appellate Procedure do not apply to this case, because they govern only proceedings that are in the courts of appeals. *See* Fed. R. App. P. 1. Once this case was transferred, the Federal Rules of Civil Procedure became the controlling rules of procedure. *See* Fed. R. Civ. P. 1. Accordingly, a summary judgment motion was the proper means for Defendants to present their arguments on the merits of this case. Indeed, courts routinely resolve APA cases after the parties have filed cross-motions for summary judgment. *See, e.g.*, *Defenders of Wildlife v. Gutierrez*, ___ F. Supp. 2d __, 2007 WL 100424242 (D.D.C. Apr. 5, 2007); *American Wildlands v. Kempthorne*, 478 F. Supp. 2d 92, 93 (D.D.C. 2007).

Second, Defendants' motion and supporting materials complied with Rule 56 and Local Rule 7(h). Defendants' memorandum of points and authorities in support of the motion for summary judgment sets forth the legal analysis on which the motion for summary judgment is based. That provided more than enough information for Plaintiff to formulate his response to Defendants' arguments, as illustrated by the fact that Plaintiff filed an opposition brief. The rules did not require Defendants to discuss each document in the administrative record and establish that there are no disputed facts with regard to any of them. "In an APA case, the entire case on

review is a question of law, which the Court resolves on the administrative record." *American Wildlands*, 478 F. Supp. 2d at 96; *see also American Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001); *University Med. Ctr. of S. Nevada v. Shalala*, 173 F.3d 438, 440 n.3 (D.C. Cir. 1999). Defendants' Statement of Material Facts recited the facts in the record that support Defendants' summary judgment motion, and the motion itself describes that statement as a statement of facts that are not in dispute. *See* Mot. for Summary Judgment at 2. That is all that Local Rule 7(h) requires. Plaintiff has no right to seek additional facts through discovery, because APA cases are resolved solely on the basis of the administrative record, absent unusual circumstances not present here. *See, e.g.*, *Saratoga Dev. Corp. v. United States*, 21 F.3d 445, 458 (D.C. Cir. 1994).

## **CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment should be GRANTED.

Dated June 11, 2007                                Respectfully submitted,

    /s/ Jeffrey A. Taylor, by MJ
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**Of Counsel:**
JENNIFER BARNES
Bar Counsel
United States Department of Justice,
  Executive Office for Immigration Review

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June, 2007, I caused the foregoing Reply to be filed via the Court's Electronic Case Filing system, and to be served upon plaintiff by first-class mail, postage prepaid, addressed as follows:

Anthony E. Ramos
1805 Key Blvd
Apartment 513
Arlington, VA 22201

　　　　　　　　　　　　　　　　　　　　　/s/   *Robin M. Meriweather*
　　　　　　　　　　　　　　　　　　　ROBIN M. MERIWEATHER, D.C. Bar # 490114