UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

JUN 1 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTHONY E. RAMOS

        Petitioner,

vs.

Civil Action No.: 06 1941 (RMU)

EXECUTIVE OFFICE OF IMMIGRATION
REVIEW and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICE BOARD OF IMMIGRATION
APPEALS

        Respondents.

---

## PETITIONER'S MOTION TO STRIKE RESPONDENTS' NOTICE OF FILING ADMINISTRATIVE RECORD AND INDEX FOR *ANTHONY E. RAMOS v. DEPARTMENT OF JUSTICE*, AND PETITIONER'S FIRST SUPPLEMENT TO SECOND MOTION TO STRIKE MOTION FOR SUMMARY JUDGMENT OR PETITIONER'S MOTION TO ABATE RESPONDENTS' MOTION FOR SUMMARY JUDGMENT ON THE PETITION FOR REVIEW

COMES NOW the Petitioner, Anthony E. Ramos, pro se, and files this Motion to Strike Respondents' Notice of Filing Administrative Record and Index for *Anthony E. Ramos v. Department of Justice*, and Petitioner's First Supplement to Second Motion to Strike Respondents' Motion for Summary Judgment or Motion to Abate Respondents' Motion for Summary Judgment on the Petition for Review, and states:

1. Prior to filing this Motion, in conformance with Local Rules, the Petitioner contacted the Respondents in order to determine if Respondents objected to the Motion. Respondents object to the Motion.

2. As a result of a Freedom of Information Act request, the Petitioner obtained a copy of a letter, dated January 17, 2003, from EOIR attorney, Jennifer Barnes. The letter states: "After a thorough search of our database, we have determined that Mr. Ramos has never appeared as the attorney of record in any cases before EOIR. Consequently, we have no authority to initiate a preliminary inquiry into this matter."

3. On July 10, 2006, prior to transferring this matter to this Court, the United States Court of Appeals issued the first order in this matter. The Order requires the Respondents to file a "Certified Index to the Record."

4. On August 8, 2006, the clerk for Respondents, provided an 'Unofficial Listing of Contents of Attorney Discipline Records Maintained by the Board of Immigration Appeals Relating to Anthony E. Ramos, D2003-016." A copy of this document is attached to this Motion as Exhibit A.

5. On June 11, 2007, the Respondents filed a Notice of Filing Administrative Record and an "Index for Anthony E. Ramos v. Department of Justice." A copy of this document is attached to this Motion as Exhibit B.

6. The said "Index" is not certified, and is therefore in violation of a court order.

7. As importantly, there are clear and material discrepancies between the unofficial record prepared first hand by the clerk of the tribunal, and the "Index" prepared by counsel for the Respondents.

8. In particular, among others, "Index" entries numbered 69, 73 and 74, appear to have been added by counsel for the Respondents, given that these entries do not appear on the list prepared by the clerk, as indicated by their absence from the list at Exhibit A to this Motion.

9. Of the added entries, is the Barnes letter, which is at entry 74.

10. This addition to the record is material because, on June 11, 2007, the Respondents also filed their Reply in support of Respondents' Motion for Summary Judgment, and make extensive references to the supposed irrelevancy of the Barnes letter.

11. In particular, throughout all of the Respondents' pleadings, they repeatedly emphasize that this matter must be decided by this Court based upon the administrative record, according to Respondents, as it existed at the time of the proceedings.

12. The Respondents then go to great lengths to rationalize how the tribunal below must have acted reasonably despite the Barnes letter and the McCarthy counterfeit documents. The Respondents go so far as to state that the tribunal would have rejected both the Barnes letter and the McCarthy counterfeit documents, had the tribunal been aware of same at the outset.

13. The Respondents, however, cannot fabricate what the tribunal may have thought had it had those documents. In fact, the Respondents' argument is counter-intuitive because it would require that the Respondents should have provided the documents to the tribunal at the outset. If the documents were of such immateriality, Barnes and McCarthy would have had no problem disclosing them to the tribunal at the time they filed the case. They did not do so.

14. If, therefore, the Respondents believe that their Motion for Summary Judgment should be granted based upon the record as it existed at the time of the proceedings below, and not as of the time the Respondents added to it, then this Court is entitled to know about documents intentionally not made a part of the record by the Respondents *at the time they were prosecuting the case below.*

15. If, as the Petitioner can prove, it turns out that Barnes and McCarthy did commit a fraud upon the tribunal, then there does not appear to be any manner in which this Court could interpret the thinking of the tribunal below, as reasonable or not, since the tribunal had a fraud committed upon it. The actions of the tribunal, given the fraud, are arbitrary and capricious, *per se.*

15. As a result, the Petitioner, in addition, makes this Motion a First Supplement to his Second Motion to Strike the Respondents' Motion for Summary Judgment. Simply put, the Respondents, *at the time of filing*, must certify that there is nothing in the record which creates a question of material fact.

16. At this point, this Court still does not have a certified copy of the index of the record. Moreover, the uncertified "Index" clearly shows that it does not consist of the record on file in the clerk's office as late as August, 2006, so that, already, it is known that the Respondents are attempting to add documents to the record. These documents were added only after the Petitioner filed them in response to a Freedom of Information Act request, and not prior to, at the time of, or at any time, during the proceedings below. The Respondents willfully kept these documents from the tribunal, and their Motion for Summary Judgment, therefore, lacking the necessary certification, should be stricken.

WHEREFORE, the Petitioner requests the entry of an order granting his Motion to Strike

Respondents' Notice of Filing Administrative Record and Index for *Anthony E. Ramos v.*

*Department of Justice,* and granting Petitioner's Second Motion to Strike Respondents'

Motion for Summary Judgment or Motion to Abate Respondents' Motion for Summary

Judgment.


RESPECTFULLY SUBMITTED,


Anthony E. Ramos, pro se
1805 Key Blvd.
Apt. 513
Arlington, VA 22201
202-321-7969
tramos520@verizon.net


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of June, 2007, the original and one copy of
the foregoing were mailed via U.S. mail to the clerk, and that a copy was mailed, via U.S.
mail and emailed to: Robin M. Meriweather, Esquire, Assistant United States Attorney,
555 Fourth Street, NW, Washington, DC 20530


Anthony E. Ramos

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY E. RAMOS

        Petitioner,

vs.                                    Civil Action No.: 06 1941 (RMU)

EXECUTIVE OFFICE OF IMMIGRATION
REVIEW and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICE BOARD OF IMMIGRATION
APPEALS

        Respondents.

----

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF PETITONER'S**

**MOTION TO STRIKE RESPONDENTS' NOTICE OF FILING**

**ADMINISTRATIVE RECORD AND INDEX FOR *ANTHONY E. RAMOS v.***

***DEPARTMENT OF JUSTICE,* AND PETITIONER'S FIRST SUPPLEMENT TO**

**SECOND MOTION TO STRIKE RESPONDENTS' MOTION FOR SUMMARY**

**JUDGMENT OR PETITIONER'S MOTION TO ABATE RESPONDENTS'**

**MOTION FOR SUMMARY JUDGMENT ON THE PETITION FOR REVIEW**


**I.**

**STATEMENT OF THE CASE AND OF THE FACTS**


      The Respondents have filed a notice of filing administrative record and an "Index" to the Record.

fact as to why those documents were kept from consideration by the tribunal below. No person can ever know the impact of those documents, showing a fraud upon the tribunal by EOIR and BIA, on the tribunal, because the Respondents never showed them to the tribunal, or never advised that some were counterfeit.

## II.

## POINTS AND AUTHORITIES

Rule 10 of the Federal Rules of Appellate Procedure provides, among other things: "The following items constitute the record on appeal:...

(3) a certified copy of the docket entries prepared by the district clerk."

Rule 17, of the Federal Rules of Appellate Procedure provides, among other things: "Filing the Record.

(a) Agency to File; Time for Filing; Notice of Filing. The agency must file the record with the circuit clerk within 40 days after being served with the petition for review...

(b) Filing – What constitutes.

(1) The agency must file:

(A) the original or a certified copy of the entire record or parts designated by the parties; or

(B) a certified list adequately describing all documents, transcripts of testimony, exhibits, and other material constituting the record, or describing those parts designated by the parties."

Rule 15 of the Federal Rules of Appellate Procedure provides, among other things: "Review or Enforcement of an Agency Order – How Obtained; Intervention.

> (a)    Review of an agency order is commenced by filing, within the time prescribed by law, a petition for review *with the clerk of the court of appeals authorized to review the agency order.* " (parenthesis added).

To the extent that this Court is sitting as the appellate court, the appellate rules concerning the record apply.

At the same time, the parties are not precluded from filing motions in this matter, pursuant to the Federal Rules of Civil Procedure. Rule 56 of the Federal Rules of Civil Procedure provides: "(c ) The judgment shall be entered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."

Local Rule 7 (h) requires: "Each motion for summary judgment shall be accompanied by a statement of material facts *to which the moving party contends there is no genuine issue...* "

In cases of a review of administrative proceedings, this Court will rely exclusively on the record of the proceedings, unless there is some reason to expand the record. In those cases, this Court will allow for the expansion of the record. *Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 196-97 (D.D.C. 2005); *Becker v. The Weinberg Group, Inc., et. al.*, 473 F. Supp. 2d 48 (D.D.C. 2007); *American Wildlands v. Kempthorne*, 478 F. Supp. 2d 92 (D.D.C. 2007). In all cases, therefore, a motion for summary judgment

The "Index" is not certified, as required by order of court.

Significant and material additions have been made to the "Index" by Respondents, when compared with an unofficial index prepared by the actual clerk of the tribunal. The addition of record entries after the proceedings terminated below are misleading to this Court, in that they give the impression that the entries were available to the tribunal at the time of deliberations below. In fact, the added entries do not appear in the record materials, so that the tribunal below could not have considered same. Despite this, the Respondents continue to argue that this matter should be decided on the record, a record which the Respondents have now created in an attempt to fit their argument. If, however, documents showing a clear fraud on the tribunal below would not have been material to the tribunal, then the Respondents would have had no hesitation in making the facts in those documents know to the tribunal *at the time the Respondents filed the case.*

This Court, therefore, had an absolute right to know, by a certified record, what documents were filed in this matter, and when they were filed. Anything less than a full and transparent record will prevent this Court from decided whether the tribunal below *could* have acted reasonably *vel non.*

The Respondents, in their recent Reply in support of their motion for summary judgment, make an attempt to argue away the documents in question. The Respondents, however, can have no manner of knowing whether the tribunal below could have acted reasonably in the presence of the said documents, since the documents were kept from the tribunal by the Respondents. Any motion for summary judgment therefore, filed by Respondents, cannot certify that, at the time of filing it, there was nothing in the record to show the presence of a genuine issue of material fact, since there is already a question of

filed prior to the movant providing to the Court and to the party against whom the motion is filed, a certified copy of the index of the record, should be deemed premature.

## III.

## CONCLUSION

The Petitioner respectfully requests the entry of an Order granting his Motion to Strike Respondents' Notice of Filing Administrative Record and Index for *Anthony E. Ramos v. Department of Justice.*

The Petitioner, further, requests the entry of an Order granting his Second Motion to Strike Respondents' Motion for Summary Judgment or Petitioner's Motion to Abate Petitioner's Motion for Summary Judgment should be granted.

RESPECTFULLY SUBMITTED,

Anthony E. Ramos, pro se
1805 Key Blvd.
Apt. 513
Arlington, VA 22201
202-321-7969
tramos520@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of June, 2007, the original and one copy of the foregoing were mailed via U.S. mail to the clerk, and that a copy was mailed, via U.S. mail and emailed to: Robin M. Meriweather, Esquire, Assistant United States Attorney, 555 Fourth Street, NW, Washington, DC 20530

Anthony E. Ramos

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY E. RAMOS

        Petitioner,

vs.                                Civil Action No.: 06 1941 (JU)

EXECUTIVE OFFICE OF IMMIGRATION
REVIEW and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICE BOARD OF IMMIGRATION
APPEALS

        Respondents.

---

## ORDER ON PETITIONER'S MOTION TO STRIKE RESPONDENTS' NOTICE OF FILING ADMINISTRATIVE RECORD AND INDEX FOR *ANTHONY E. RAMOS v. DEPARTMENT OF JUSTICE*

        THIS CAUSE came on to be heard by this Court on the Petitioner's MOTION TO

STRIKE RESPONDENTS' NOTICE OF FILING ADMINSTRATIVE RECORD AND

INDEX FOR *ANTHONY E. RAMOS v. DEPARTMENT OF JUSTICE*, and the Court

having reviewed the Motion, the Opposition of the Respondents, the Reply of the

Petitioner, and the file, it is

CONSIDERED and ORDERED that:

1. The Motion be and the same is hereby GRANTED.

2. The Respondents shall file a certified index to the administrative record within ten

days from the date of the entry of this Order.

3. Failure to file the said index within the said time frame will result in the automatic striking of Respondents' pleadings, and entry of judgment on the Petition and on the Motion for Mandatory Injunction in favor of the Petitioner.


DONE and ORDERED in Chambers this _____ day of _____, 2007.



_____
U.S. District Judge


conformed copies to:

Anthony E. Ramos, pro se, Petitioner
1805 Key Blvd.
Apt. 513
Arlington, VA 22201

Robin M. Meriweather, Esquire, Counsel for Respondents
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530

EXHIBIT A

Unofficial Listing of Contents of Attorney Discipline Records Maintained by the Board of Immigration Appeals Relating to Anthony E. Ramos, D2003-016.

1.  Letter to Anthony E. Ramos from the Board of Immigration Appeals, Office of the Chief Clerk, dated August 8, 2006.
2.  Letter from Anthony E. Ramos to the Board of Immigration Appeals, Office of the Chief Clerk, dated August 3, 2006.
3.  Letter to Anthony E. Ramos from the Board of Immigration Appeals, Office of the Chief Clerk, dated August 2, 2006.
4.  Letter from Anthony E. Ramos to the Board of Immigration Appeals, Office of the Chief Clerk, dated July 31, 2006.
5.  Decision of the Board of Immigration Appeals, July 19, 2006.
6.  USCIS Response to Respondent's Third Supplement to Motion to Vacate Disciplinary Orders and USCIS Response to Respondent's Motion for Scheduling Order, dated June 6, 2006.
7.  Respondent's Third Supplement to Motion to Vacate Disciplinary Orders, Respondent's Motion for Scheduling Order, and Proposed Order on Motion for Scheduling Order filed by Law Office of Olekanma A. Ekekwe, dated June 1, 2006.
8.  Decision of the Board of Immigration Appeals, dated June 7, 2006.
9.  Letter to Mr. Frank Krider re. Anthony E. Ramos, D2003-016 from Olekanma A. Ekekwe, dated May 11, 2006.
10. Letter to Rachel A. McCarthy re. Anthony E. Ramos, D2003-016 from Olekanma A. Ekekwe, dated May 9, 2006.
11. USCIS Response to Respondent's First Supplement to Motion to Vacate Disciplinary Orders, USCIS Response to Respondent's Second Supplement to Motion to Vacate Disciplinary Orders, copy of Letter to Ramos Counsel. Dated May 2, 2006.
12. Respondent's Second Supplement to Motion to Vacate Disciplinary Orders, copy of Letter to Ramos Counsel. Dated April 28, 2006.
13. Respondent's Reply to Response of USCIS to Motion to Vacate Disciplinary Order. Dated April 15, 2006
14. USCIS Response to Respondent's Motion to Vacate Disciplinary Orders. Dated April 11, 2006
15. Respondent's Motion to Vacate Disciplinary Orders, EOIR-27, Money Order in Amount of $110.00 and Proposed Order. Dated April 4, 2006.
16. Notice of Rejection. Dated March 20, 2006.
17. USCIS Response to Respondent's Motion to Vacate Disciplinary Orders and Request for Evidentiary Hearing. Dated February 7, 2006.
18. Decision of the Board of Immigration Appeals dated February 2, 2006.
19. Appellant's Response to USCIS' Response to Appellant's Motion for Hearing dated December 12, 2005.
20. USCIS Response to Appellant's Motion for Hearing dated December 6, 2005.
21. Appellant's Motion for Hearing dated November 30, 2005.
22. Letter from Anthony E. Ramos to Carolyn A. Elliot regarding publication of matters relating to disciplinary case dated November 19, 2005.
23. Decision of the Board of Immigration Appeals dated November 15, 2005.

24.    Letter from Carolyn Elliot to Rachel McCarthy dated October 21, 2005.
25.    Letter from Anthony Ramos to Chairman, Lori Scialabba in response to Rachel McCarthy's July 28, 2005, letter dated August 2, 2005.
26.    Letter from Rachel A. McCarthy to Board Chairman, Lori Scialabba requesting publication of appellate decision dated July 28, 2005.
27.    Decision of the Board of Immigration Appeals dated July 25, 2005.
28.    Appellant's Reply Brief dated June 9, 2005.
29.    USCIS Brief in Opposition to Respondent's Appeal dated June 2, 2005.
30.    Letter from Anthony Ramos to Appeals Support Team dated May 18, 2005.
31.    Brief of Appellant dated May 4, 2005.
32.    Briefing Schedule dated April 26, 2005.
33.    Immigration Judge Order dated April 25, 2005.
34.    Appeal Receipt dated April 18, 2005.
35.    Notice of Appeal to the Board of Immigration Appeals of Decision of Adjudicating Official in Practitioner Disciplinary Case dated April 14, 2005.
36.    Immigration Judge Order denying Motion for Rehearing dated March 29, 2005.
37.    Respondent's Motion for Rehearing dated March 22, 2005.
38.    Order of the Immigration Judge dated March 17, 2005.
39.    Letter to Judge Echavarren from Anthony Ramos in response to Ms. McCarthy's letter to Mr. Echavarren dated February 23, 2005.
40.    Letter to Judge Echavarren from Rachel McCarthy's requesting pre-hearing conference dated February 17, 2005.
41.    Respondent's First Supplement to Respondent's Memorandum of Law dated February 13, 2005.
42.    Letter to Judge Echavarren with attachments from Anthony Ramos dated February 7, 2005.
43.    Letter to Anthony Ramos from Judge Echavarren dated February 2, 2005.
44.    Respondent's Response to Petitioner's Statement of Issues and Description of Evidence and Statement of Relevance and Respondent's motion for Final Order Striking the Suspension and Dismissing This Matter for Lack of Jurisdiction dated January 29, 2005.
45.    Respondent's Notice of Compliance with Order Dated January 11, 2005, dated January 26, 2005.
46.    USCIS Statement of Issues and Description of Evidence and Statement of Relevance and Proof of Service dated January 26, 2005.
47.    Letter to Judge Echavarren from Anthony Ramos dated December 15, 2004.
48.    Respondent's Memorandum of Law and Motion for Summary Judgement dated December 15, 2004.
49.    Immigration Judge's January 5, 2005, order returned as undeliverable.
50.    Order of the Immigration Judge dated January 11, 2005.
51.    Immigration Judge's order dated January 5, 2005.
52.    Notice of assignment of attorney discipline case to Assistant Chief Immigration Judge Echavarren dated January 3, 2005.
53.    USCIS Response to Respondent's Motion to Set Aside Order of Suspension dated December 29, 2004.
54.    Respondent's Memorandum of Law and Response to Complainant's Motion to Strike

dated December 15, 2004.

55. Letter from Anthony Ramos to Frank Krider seeking guidance dated December 14, 2004.

56. Respondent's Motion to Set Adside (sec.) Order of Suspension dated December 10, 2004.

57. USCIS Response to Respondent's Pleading Dated November 29, 2004 and Motion to Strike Supplemental Interrogatories, Request to Produce and Request for a Deposition of Corporate Representative dated December 8, 2004.

58. Declaration of Jessica McAllum dated December 6, 2004.

59. Decision of the Board of Immigration Appeals, December 6, 2004

60. Respondent, Anthony E. Ramos', Response to U.S. Citizenship and Immigration Services Response to Respondent's Verified Motion to Strike Petition, Motion to Strike Notice of Intent to Discipline, Answer to Petition, Answer to Notice of Intent to Discipline, Motion for Summary Judgement, and Motion for Immediate Hearing, November 29, 2004

61. Respondent, Anthony E. Ramos', First Supplement to Verified Motion to Strike Petition, Motion to Strike Notice of Intent to Discipline, Answer to Petition, Answer to Notice of Intent to Discipline, Motion for Summary Judgement, Demand for Hearing and Motion for Emergency Hearing, November 24, 2004

62. Packet from U.S. Citizenship and Immigration Services containing: 1. U.S. Citizenship and Immigration Services Motion to Strike Discovery;  2. U.S. Citizenship and Immigration Services Response to Respondent's Verified Motion to Strike Petition, Motion to strike Notice of Intent to Discipline, Answer to Petition, answer to Notice of Intent to Discipline, Motion for Summary Judgement, and Motion for Immediate Hearing; and 3. Proof of service, November 23, 2004

63. Proof of Service, November 18, 2004

64. Respondent's Notice of Service of Interrogatories; Respondent's Request to Produce; and Respondent's Request for Admissions, November 12, 2004

65. Respondent, Anthony E. Ramos', Verified Motion to Strike Petition, Motion to Strike Notice of Intent to Discipline, Answer [to] Petition, Answer to Notice of Intent to Discipline, Motion for Summary Judgement, Demand for Hearing and Motion for Emergency Hearing, November 10, 2004

66. Proof of Service, November 4, 2004

67. EOIR-Office of the General Counsel Motion to Broaden the Scope of the Petition for Immediate Suspension, November 4, 2004

68. EOIR-Office of the General Counsel Motion to Join for Reciprocal Discipline, November 4, 2004

69. Petition for Immediate Suspension, October 21, 2004

70. Notice of Intent to Discipline, October 21, 2001

EXHIBIT B

**INDEX FOR**
**ANTHONY E. RAMOS v. DEPARTMENT OF JUSTICE**
Civil Action No.: 06-01941 (RMU)

(1) Declaration of Jessica McAllum, Executed December 6, 2004.    000001-000002

(2) Decision of the BIA, December 6, 2004.    000003-000005

(3) Ramos' Response to USCIS' Response to Respondent's Verified Motion to Strike Petition, Motion to Strike Notice of Intent to Discipline, Answer to Petition, Answer to Notice of Intent to Discipline, Motion for Summary Judgment, Motion for Immediate Hearing, November 29, 2004    000006-000012

(4) Ramos'First Supplement to Verified Motion to Strike Petition, Motion to Strike Notice of Intent to Discipline, Answer to Petition, Answer to Notice of Intent to Discipline, Motion for Summary Judgment, Demand for Hearing and Motion for Emergency Hearing, November 24, 2004    000013-000020

(5) Packet from USCIS containing: (a) USCIS Motion to Strike Discovery; (b) USCIS Response to Respondent's Verified Motion to Strike Petition, Motion to Strike Notice of Intent to Discipline, Answer to Petition, Answer to Notice of Intent to Discipline, Motion for Summary Judgment, and Motion for Immediate Hearing, November 23, 2004.    000021-000047

(6) Ramos' Notice of Service of Interrogatories; Respondent's Request to Produce; and Respondent's Request for Admissions, November 12, 2004.    000050-000057

(7) Ramos'Verified Motion to Strike Petition, Motion to Strike Notice of Intent to Discipline, Answer to Petition, Answer to Notice of Intent to Discipline, Motion for Summary Judgment, Demand for Hearing and Motion for Emergency Hearing, November 10, 2004    000058-000135
000428-000436

(8) EOIR-Office of the General Counsel Motion to Broaden the Scope of the Petition for Immediate Suspension, November 4, 2004.    000140-000141

(9) EOIR-Office of the General Counsel Motion to Join for Reciprocal Discipline, November 4, 2004.    000142-000144

(10) Petition for Immediate Suspension with attachments    000145-000203

Order of Supreme Court of Florida disbarring Ramos          000147
Referee's Report                                            000148-000203

(11) USCIS' Notice of Intent to Discipline (with attachments)    000204-000238

(12) Briefing Schedule for the BIA, April 26, 2005          000241-000242

(13) Immigration Judge Order Returning the Matter           000243, 000247
to the BIA, April 25, 2005

(14) Order of Assistant Chief Immigration Judge       000244, 000251-000253
Denying Respondent's Motion for Rehearing of
Order Dated March 17, 2005. (March 29, 2005)

(15) Order of EOIR Expelling Respondent from Practice of         000245-
                                                                 000246,
Law Before Immigration Courts, the Board of Immigration     000265-000268
Appeals, and the DHS, March 17, 2005.

(16) BIA Acknowlegment of Receipt of Ramos' Appeal          000248

(17) Notice of Appeal to BIA of Decision of Adjudicating    000249-000250
Official in Practitioner Disciplinary Case,
Filed May 14, 2005.

(18) Respondent's Motion for Rehearing on Order,            000254-000264
Dated March 17, 2005 (March 29, 2005)

(19) Letter from Ramos to first Chief Immigration Judge     000269-000271
Daniel Echavarren, dated February 23, 2005

(20) Letter from Rachel A. McCarthy, Associate Ethics       000272
Counsel, USCIS to Judge Echavarren,
dated February 17, 2005

(21) Respondent's First Supplement to Respondent's          000273-000278
Memorandum of Law, February 13, 2005

(22) Letter from Ramos to Judge Echavarren,                 000279-000304
dated February 7, 2005 (with attachments)

(23) Letter from Ramos to Judge Echavarren,                 000295-000296
dated February 2, 2005

(24) Respondent's Notice of Compliance                      000305-000309

with Order dated January 11, 2005
(filed on February 1, 2005)

(25) USCIS Statement of Issues and Description
    of Evidence and Statements of Relevance         000310-000412
    with Four Exhibits attached.

(26) Letter from Ramos to Judge Eshavarren
    (Dated December 15, 2004)                  000413-000414

(27) Respondent Ramos' Memorandum of Law
    In Support of All Pending Motions           000415-427
    Received January 21, 2005

(28) Order by Judge Echavareen that the parties     000437-000440
    cease filing any additional pleadings with      000443-000445
    the Court, January 5, 2005.                000447-000450

(29) Order by Judge Echavareen, January 11, 2005    000441-000442

(30) Letter from Chief Clerk of Immigration Court
    Anthony A. Padden to the parties, January 3, 2005   000446-000451

(31) USCIS' Response to Respondent's Motion to Set
Aside Order of Suspension (Received January 3, 2005)   000452-000456

(32) USCIS' Memorandum of Law in Support of
    All Pending Motions, (Received December 17, 2004)   000457-000468

(33) Respondent Ramos' Response to Plaintiff's Motion
    to Strike (Received December 17, 2004)      000469-000472

(34) Ramos' letter to Chief Clerk Frank Krider,
    dated December 14, 2004.             000473-000474

(35) Ramos' Motion to Set Aside Order of Suspension
    (Received December 13, 2004)          000475-000482

(36) USCIS' Response to Respondent's Pleading dated
    November 29, 2004 (Received December 10, 2004)   000483-000487

(37) USCIS' Motion to Strike Supplemental Interrogatories,
Request to Produce, and Request For A Deposition of   000488-000489
Corporate Representative (Received December 10, 2004)

(38) BIA's Decision, <u>In re Anthony E. Ramos, Attorney,</u>
    Filed 2003-016, November 15, 2005       000492-000498

(39) Letter from Carolyn A. Elliot to Rachel A. McCarthy,
    USCIS, Senior Legal Advisor, October 12, 2005             000499

(40) Letter from Ramos to Lori L. Scialabba,
    Chair of BIA, August 2, 2005.             000500-000502

(41) Letter from Rachel A. McCarthy to Lori L. Scialabba,
    Chair of BIA, July 28, 2005         000503-000505

(42) BIA's Decision, <u>In Re Anthony E. Ramos, Attorney</u>,
    July 25, 2005.         000506-000511

(43) Appellant Ramos' Reply Brief        000512-000516

(44) Briefing Schedule, April 26, 2005        000517-000518

(45) USCIS' Brief in Opposition to Ramos' Appeal
    (Received June 3, 2005)        000519-000528

(46) Ramos' 5/18/05 letter to BIA Appeals Support Team
    (Attached: Notice of Appeal to BIA, filed May 14, 2005)    000529-000534

(47) Appellant Ramos' Brief (with attached Exhibits)    000535-000623

(48) Ramos' Notice of Filing Previously Filed Record Pleadings
    (Received May 4, 2005)        000625-000735

(49) Letter from Jessica McAllum, Program and Management Analyst,    000736-000739
    BIA to Anthony Ramos with Attachment ("Unofficial Listings of
    Contents of Attorney Discipline Records Relating to Ramos"),
    August 8, 2006

(50) Letter from Anthony E. Ramos to Jessica McAllum,    000740, 000743-
    August 3, 2006        000744

(51) Letter from Jessica McAllum to Anthony E. Ramos
    with instructions for filing a FOIA Request enclosed,    000745-000747
    August 2, 2006

(52) Letter from Ramos to Frank Krider, Chief Clerk of
    BIA, July 31, 2006        000748-000749

(53) BIA Decision and Order (July 19, 2006)    000750-000751

(54) USCIS' Response to Ramos' Third Supplement
    to Motion to Vacate Disciplinary Orders    000753-000756

(Received June 9, 2006)

(55) USCIS' Response to Respondent's Motion for
     Scheduling Order (Received June 9, 2006)                      000757-000761

(56) Respondent's Third Supplement to Motion to Vacate
     Disciplinary Orders (Received June 2, 2006)                   000765-000767

(57) Ramos' Motion for Scheduling Order
     (Received June 2, 2006)                                       000768-000770

(58) Order, dated June 7, 2006                                     000771-000773

(59) Letter from Olekanma Ekokwe to
     Frank Krider, Chief Clerk of the Board                        000774-000775
     (Dated May 11, 2006)

(60) Letter from Olekanman Ekokwe to
     Rachel A. McCarthy (Dated May 9, 2006)                        000776-000778

(61) USCIS' Response to Respondent Anthony E. Ramos'
     First Supplement to Vacate Disciplinary Motions               000780-000782
     (Received May 4, 2006)

(62) USCIS' Response to Respondent's Second Supplement
     to Motion to Vacate Disciplinary Orders                       000783-000785
     (Received May 4, 2006)

(63) Letter from Rachel McCarthy, Ethics Counsel,
     USCIS, to Olekanme Ekekwe, May 2, 2006                        000786

(64) Notice of Taking Deposition of Christopher C. Dix            000787-000788
                                                                   000800-000802

(65) Subpoena Duces Tecum for the Deposition of
     Christopher C. Dix                                            000789-000790

(66) Respondent's Second Supplement to Motion
     to Vacate Disciplinary Order                                  000791-000793
     (Filed May 1, 2006)

(67) Ramos' Reply to Response of USCIS' Motion to
     Vacate Disciplinary Orders (filed April 20, 2006)             000795-000797

(68) Ramos' First Supplement to Motion to Vacate
     Disciplinary Orders (April 25, 2006)                          000798-000799

(69) E-mail from Christopher Dix to Rachel McCarthy                    000800
    (dated November 17, 2005)

(70) USCIS' Response to Ramos' Motion to Vacate                        000804-000806
    Disciplinary Orders (April 13, 2006)

(71) Ex Parte Sheet (with attachments)                                 000807-000809
    to Clerk of Tribunal to Olekanma A. Ekekew, Esq.

(72) Respondent Ramos' Motion to Vacate                                000810-000815
    Disciplinary Orders (April 6, 2006)

(73) E-mail from Eric Turner to Rachel A. McCarthy,                    000816
    Dated January 31, 2005.

(74) Letter from Jennifer L. Barnes, Bar Counsel, EOIR,                000817
    Office of General Counsel to Eric M. Turner,
    Chief Branch Disciplinary Counsel, the Florida Bar,
    January 17, 2003

(75) Ramos' Request for Evidentiary Hearing Motion to                  000819-000820
    Vacate Disciplinary Orders, Received April 6, 2006

(76) USCIS' Response to Respondent Ramos' Motion to                    000824-000827
    Vacate Disciplinary Orders & Request for Evidentiary
    Hearing (Received February 10, 2006)

(77) BIA Order, February 2, 2006                                       000828-000830

(78) Appellant Ramos' Response to USCIS'                               000831-000834
    Response to Ramos' Motion for Rehearing
    (Received December 13, 2005)

(79) USCIS' Response to Appellant Ramos'                               000835-000837
    Motion for Rehearing (Received December 8, 2005)

(80) Appellant Ramos' Motion for Rehearing (with exhibits)            000842-000926
    (Filed December 1, 2005)