UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
ANTHONY E. RAMOS                              )
                                              )
           Petitioner,                        )
                                              )
v.                                            )   Case Number:  1:06CV01941(RMU)
                                              )
UNITED STATES DEPARTMENT OF JUSTICE,          )
et al.,                                       )
                                              )
           Defendants.                        )
_____)

## JOINT STATUS REPORT

In accordance with the Court's June 11, 2007 Minute Order, the parties hereby submit a joint status report.

**I.  PENDING MOTIONS OR OTHER MATTERS**

Petitioner has filed the following motions, which remain pending:

    A. Motion to Vacate MINUTE ORDER (Dkt. Entry 14);

    B. Motion for CM/EFC password (Dkt. Entry 18);

    C. Motion to Strike Jennifer Barnes from pleadings (Dkt. Entry 20);

    D. Motion for Scheduling Order on the Petition and on the Motion for Mandatory Injunction (Dkt. Entry 21);

    E. Motion to Strike Motion for Summary Judgment (Dkt. Entry 29);

    F. Second Motion to Strike Motion for Summary Judgment (no docket entry)(filed June 4, 2007);

Defendant has filed the following motion, which has been fully briefed, and remains pending:

    Motion for Summary Judgment (Dkt. Entry 15)

## II. SCHEDULING MATTERS CONCERNING PROPOSED AMENDMENTS TO THE PETITION

**Petitioner:** The Petitioner, and this Court are still not in possession of a certified index or the record, or of a certified copy of the record. The Respondents did mail out a non-certified index, plus a bulk mailing with a certification on it, indicating that the documents consisted of the record. When comparing the index with the documents, however, there are approximately 475 pages missing from the documents sent to the Petitioner. Petitioner has made the Respondents aware of this issue, and awaits receipt of what the Respondents will contend is a certified copy of the record. Until that time, Petitioner is not in a position to know how he will proceed. Petitioner believes, however, based upon documents he secured as a result of a Freedom of Information Act request, that he will file a motion to expand the record to include documents which were known to the Respondents in the proceedings below, but deliberately not made a part of the record. In addition, it appears from the uncertified index of the record which the Respondents have filed, that the Respondents have added documents to the record post-discipline. Again, however, because all of the documents have not been produced in certified form, Petitioner is unable to address this issue fully. If said documents are now being made a part of the record below, however, Petitioner will need discovery to establish for this Court, the time at which the said documents were added to the record.

Upon receipt, therefore, of the entire certified record, allowing five days to review the documents, the Petitioner can report back to this Court with a supplemental report concerning the issues in this cause, including but not limited to any amendments to the petition. The Petitioner is aware that this Court has asked the Plaintiff to address the manner of his pleading the injunction issue. Plaintiff will do so, but requests leave to do so after he receives the complete certified record.

Until that time, the Petitioner does not know whether he will need the additional discovery or not. Petitioner, however, advises this Court that he does not seek to delay this matter in any way. The Petitioner filed this matter in October, 2006. The matter lay dormant because Respondent's counsel was not active on the case, until approximately April, 2007. Given that the Respondent' first substantive action on this case was the filing of their motion for summary judgment on May10, 2007, without first filing the record, Petitioner believes that he is at a disadvantage without having that record. He seeks only five days to review the entire record once the Respondents produce same.

**Defendants:** Defendants submitted a certified administrative record to the Court on June 11, 2007, and on the same day sent a copy of that certified administrative record (in two volumes) to Plaintiff via first class mail. If Plaintiff has not yet received both volumes of the certified administrative record, Defendants would propose that he consult the publicly-available copy of the record which has been accessible at the Clerk's Office since June 11, 2007. Defendants do not oppose Plaintiff's request to submit a supplemental report after he has reviewed the record, but would request that Defendants also be permitted to submit a supplemental report after reviewing Plaintiff's proposal.

If Plaintiff files a motion for leave to amend the petition, Defendants propose the following schedule for briefing that motion:

**Defendant's Opposition:** due 21 days after service of Plaintiff's motion

**Petitioner's Reply:** due 14 days after service of Defendants' opposition

**III.    SCHEDULING MATTERS CONCERNING FUTURE PLEADINGS**

   **Petitioner:** As indicated above, without a full certified record, the Petitioner cannot make any representations concerning future pleadings, other than to state that, at a minimum, he will address the pleading issue raised by the Court on the injunction matter. Petitioner does not believe that this case is one which can be resolved on a motion for summary judgment. Even assuming the Court determines that is could resolve this matter on a motion for summary judgment, however, the Petitioner would request, and has done so, a hearing on all matters. The Petitioner believes that, given that it appears that the Respondents deliberately kept from the Court known facts, manufactured documents, and made other known false allegations against the Petitioner, that it would be impossible for the Respondents to prove that the tribunal's actions were not arbitrary and capricious based upon the record. If the tribunal was deliberately misled by the Respondent, and never knew of known critical jurisdictional facts at critical times, as is the case here, then a motion for summary judgment could not be granted.

   For these reasons, a hearing is needed on all matters, so that, the parties may introduce all documents which this Court will consider, and have the opportunity to highlight for the Court the sequence of events concerning those documents. The Petitioner does not anticipate filing a motion for summary judgment in this matter, since there are matters which were known to only the Respondents at the time of the proceedings below. The Petitioner, in addition, has already submitted his Brief and Appendix some months ago. The Respondents have never filed an answer brief.

   To that end, the Petitioner requests that scheduling be had consistent with the time frames set forth in his Motion for Scheduling Order (Dkt. Entry 21).

**Defendants:** Defendants believe that this case can be resolved through cross-motions for summary judgment. However, Defendants propose that the submission of future summary judgment motions be deferred until the Court has ruled on Plaintiff's motion for leave to amend the petition (if he files one), as a new petition would supersede the original petition, and potentially render the prior summary judgment motion(s) and any D.C. Circuit brief moot. Defendants propose the following alternative schedules:

*<u>Defendants' Proposed Schedule if the Motion for Leave to Amend is Denied</u>*:

**Summary Judgment Motions:** 30 days after entry of order denying motion for leave to amend

**Oppositions:** 21 days after service of summary judgment motion

**Replies:** 14 days after service of oppositions

*<u>Defendants' Proposed Schedule if the Motion for Leave to Amend is Granted</u>*:

**Dispositive Motions:** 45 days after entry of order granting motion for leave to amend

**Oppositions:** 21 days after service of dispositive motion

**Replies:** 14 days after service of oppositions

## IV.    DISCOVERY

The parties contacted chambers regarding a discovery dispute on June 11, 2007. That dispute arose from written discovery and subpoenas that Petitioner had served on Defendants. The parties have had further discussions since that teleconference, and have agreed to defer discovery issues until a later stage of the proceedings. If Plaintiff decides to pursue discovery, the clock for responses and/or objections to that discovery shall begin to run on the date Plaintiff

gives Defendants notice that he wishes to renew the previously-filed discovery, and depositions will be re-noticed for a future date.

Dated June 18, 2007                             Respectfully submitted,

/s/

_____
Anthony E. Ramos
*Pro se Petitioner*
1805 Key Blvd
Apartment 513
Arlington, VA 22201
202-321-7969


   /s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


   /s/ Robin M. Meriweather   _____
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198  Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on the 18th day of June, 2007, this Status Report was electronically filed with the Court.

/s/
_____
Anthony E. Ramos


_____/s/  Robin M. Meriweather_____
ROBIN M. MERIWEATHER