# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY E. RAMOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number: 1:06CV01941(RMU) |
| | ) |
| UNITED STATES DEPARTMENT OF JUSTICE, et al., | ) |
| | ) |
| Defendants. | ) |

## OPPOSITION TO PLAINTIFF'S SECOND MOTION TO STRIKE AND MOTION TO ABATE DEFENDANTS' SUMMARY JUDGMENT MOTION

Defendants United States Department of Justice et al., through undersigned counsel, hereby oppose "Petitioner's Second Motion to Strike Respondent's Motion for Summary Judgment or Petitioner's Motion to Abate Respondents' Motion for Summary Judgment On the Petition for Review." (Dkt. Entry 29). Plaintiff has asked the Court strike Defendants' Summary Judgment Motion, or, in the alternative, to "abate" the motion pending further development of the record. The motion to strike should be denied because Defendants' summary judgment motion is not a "pleading" that can be stricken pursuant to Rule 12(f). The motion to abate should be denied because the record excerpts submitted with Defendants' summary judgment motion, and the full certified administrative record submitted more recently, provide all the facts the Court needs to resolve the summary judgment motion.

As a threshold matter, Defendants' summary judgment motion is not the type of submission that can be stricken under Federal Rule of Civil Procedure 12(f). "A motion to strike is a vehicle to strike a complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint, or third-party answer." *Naegele v. Albers*, 355 F. Supp. 2d 129, 142 (D.D.C. 2005). Motions to strike cannot be used to strike a summary judgment motion, because motions

are not "pleadings" as defined in Federal Rule of Civil Procedure 7(a). *See id.* (citing cases). Thus, the portion of Plaintiff's motion that seeks to "strike" Defendants' summary judgment motion should be denied.

Plaintiff's alternative "motion to abate" also should be denied. The motion rests on the mistaken premise that the Court lacks sufficient information to rule on Defendants' summary judgment motion. *See* Mot. to Strike at ¶¶ 6-11 (Dkt. Entry 29). However, Defendants submitted excerpts from the administrative record as an exhibit to the summary judgment motion, and filed the complete certified administrative record June 11, 2007.[1] *See* Dkt. Entries 15, 33, 34. The record provides a more than adequate basis for the Court to determine whether the Board abused its discretion when it denied Plaintiff's motion to reopen prior Board disciplinary proceedings. Plaintiff's unfounded speculation that the certification may have been inaccurate, and/or that the record may be incomplete, is not enough to overcome the presumption that judicial review of cases arising under the Administrative Procedure Act will be limited to the administrative record created before the agency. *See James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1095-96 (D.C. Cir. 1996) (affirming district court's denial of plaintiff's request to supplement administrative record); *Saratoga Dev. Corp. v. United States*, 21 F.3d 445, 458 (D.C. Cir. 1994) (finding "no support for [plaintiff's] claim of a rigged record" and rejecting plaintiff's argument that discovery was necessary prior to summary judgment in APA case); *see generally Community for Creative Non-Violence v. Lujan*, 908 F.2d 992, 998 (D.C. Cir. 1990) (affirming district court's entry of protective order because administrative record was sufficient to allow court to review challenged agency action).

---

[1] Plaintiff's assertion that the record was due earlier than June 11, 2007 is mistaken. The D.C. Circuit's scheduling order does not govern the proceedings in this Court, and this Court had not issued a scheduling order setting a deadline for submitting the administrative record.

**CONCLUSION**

For the foregoing reasons, the "Second Motion to Strike Respondent's Motion for Summary Judgment or Petitioner's Motion to Abate Respondents' Motion for Summary Judgment On the Petition for Review" should be DENIED.

Dated June 19, 2007                               Respectfully submitted,

      /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

      /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

      /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198  Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on this 19th day of June, 2007, I caused the foregoing Opposition to be filed via the Court's Electronic Case Filing system, and to be served upon plaintiff by first-class mail, postage prepaid, addressed as follows:

Anthony E. Ramos
1805 Key Blvd
Apartment 513
Arlington, VA 22201


                                      /s/ Robin M. Meriweather
                              Robin M. Meriweather, DC Bar # 490114