**RECEIVED**
JUN 2 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY E. RAMOS

    Petitioner,

vs.                                                Civil Action No.: 06 1941 (RMU)

EXECUTIVE OFFICE OF IMMIGRATION
REVIEW and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICE BOARD OF IMMIGRATION
APPEALS

    Respondents.

---

### REPLY TO OPPOSITION TO PLAINTIFF'S SECOND MOTION TO STRIKE AND MOTION TO ABATE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1. On May 10, 2007, instead of filing an Answer to the Petition for Review, the Respondents filed a Motion for Summary Judgment (Dkt. Entry 15). The Respondents filed no other responsive pleading to the Petition.

2. At the same time, Respondents filed a Supporting Memorandum of Law, in support of the Motion for Summary Judgment (Dkt. Entry 15).

3. The said memorandum is supported by exhibits which are allegedly exhibits to the record in this cause. The said exhibits are Bates stamped, and the numbering is preceded by the term: "App."

4. On June 11, 2007, however, the Respondents filed a Notice of Filing Administrative Record, and a certified administrative record (Dkt. Entries 33 and 34).

5. The pagination on the certified record is completely different from the pagination on the alleged record exhibits filed in support of the motion for summary judgment.

6. In addition, upon review of the certified record, it is clear that many documents are missing, and that items which should have been made a part of the record, are not in the record. For example, at App. 0023 of the Memorandum (Dkt. Entry 15), now shown as certified record number 000817, the Respondents make reference to a letter which was produced as a result of a Freedom of Information Act search by the Petitioner, post-discipline. The Respondents kept this letter, as well as all other adverse documents, from the immigration judge. Irrespective of this, the Respondents now argue that the tribunal below would not have considered this letter in its deliberations. Unfortunately, it is not known whether the tribunal would have considered this letter, as well as known counterfeit documents, and other documents which allegedly supported the claim against the Petitioner, but also not produced, because the tribunal did not have these documents before it. It appears impossible, at this juncture, therefore, for this Court to make any determinations when known documents which should have been made a part of the record, were not. The only possible relief is to remand this matter, in order to give the tribunal judge the opportunity to take evidence in the case. The tribunal judge's later statement that the said documents were irrelevant is not dispositive, since no orderly hearing was held and no testimony taken. There is an automatic question of fact, precluding a summary judgment concerning what the effect of full disclosure to the immigration judge may have been. The Respondents, nevertheless, continue to argue that the immigration judge's actions were reasonable, for purpose of review. The

reasonableness standard, however, implies a question of fact for the trier of fact to answer. This presumes a material issue of fact.

7. It remains clear that the tribunal could only have imposed reciprocal discipline if the Petitioner had both been an attorney at the time of the alleged offenses, and represented himself as an attorney in court proceedings in the two tribunals which are a party to this matter, EOIR and BIA. Respondents have already stated in their motion for summary judgment, that USCIS is not a party to this matter, so that this Court may grant the petition as to that part of the order which forms the basis of the Petition. Most importantly, however, there is simply no case where an attorney, disciplined seven years before Respondent commenced disciplinary actions, who never practiced immigration law, can be disciplined soley because of the original discipline. Were this the case, every agency, and every court would have to initiate disciplinary proceedings against every attorney who is disciplined. This is simply not the law. The Respondents concede that none of those facts were present. For example there are two other categories of persons who may act as 'practioners' in immigration cases. Practitioners do not practice immigration law. They apparently 'practice' immigration. Immigration lawyers are the only persons who may appear before the two Respondents, EOIR and BIA. The evidence, once the record is made complete, will show the complete absence of the Petitioner, ever, from any of these tribunals. Had the Petitioner qualified for any of those other two, irrespective of his lack of membership to act as an attorney, the tribunal could not have prevented him from acting in any of those two categories. The Respondents simply continue to have no case, but without a clear, open and transparent record, this Court will not have available to it, all of the facts necessary to remand this matter for a full

evidentiary hearing. The question of the Petitioner's capacity, at any time, is one which must be decided by this Court, based upon the evidence presented by the parties, albeit ultimately based on a complete record. It is a question of fact.

8. As another example, at page 000030 of the certified record, the Respondents alleged: "Respondent has filed one-hundred and eleven (111) "NOTICE OF ENTRY OF APPEARANCE FORMS" (Form G-28) with USCIS."

8. The alleged one hundred eleven forms are not, however, contained in the certified record.

9. The Respondents' allegation that a motion for summary judgment is not a pleading, and therefore not subject to a motion to strike, appears to be correct..

10. This Court, however, is not precluded from denying the motion for other reasons, including filing the incomplete record after filing the motion, and for reasons of legal insufficiency based on the late filing of the record. In addition, this Court may note the Petitioner's proffer of the other known documents, and allow for the granting of a Motion to Compel against the Respondents. *Fund for Animals v. Williams* 391 F. Supp. 2d 191 (D.D.C. 2005); *Naegle v. Albers*, 355 F. Supp. 2d 129 (D.D.C. 2005); *citing*, *Jones v. City of Topeka*, 764 F. Supp. 1423 (D.Kan. 1991). The Petitioner is in the process of preparing the Motion to Compel.

11. In the present condition, however, this Court, and the Respondent are asked to cross-reference the Respondents' record, with the Respondents' certified record, an impossible task.

12. Moreover, the Respondents are alleging that this Court may rule on the motion for summary judgment based upon documents that the Respondents attach to their

memorandum. This too, is inaccurate. As the Petitioner's Memorandum of Law (Dkt. entry 29), indicates, the movant must allege and prove the complete absence of any material facts in the entire record before a motion for summary judgment may be granted.

13. Given that many documents remain missing from the record, and that the Respondents base their entire response in this matter on their motion for summary judgment, it is vital that this Court and the Petitioner have the record before them. The Respondents' Motion for Summary Judgment, Supporting Memorandum of Law & Statement of Material Facts (Dkt. entry 15), are therefore, legally insufficient.

14. The Respondents' motion for summary judgment, should be denied without prejudice to the Respondents to re-file it, should they choose to do so, at such time as all rulings on the record have been made by this Court.

15. In the alternative, the proceedings on the Respondents' motion for summary judgment should be abated, in order to give this Court the opportunity to have the full record before it. At that time, prior to proceeding, this Court should require the Respondents to conform any exhibits to the actual certified record which the said Respondents have submitted to this Court.

16. In the absence of a complete record, with a correct pagination, the motion for summary judgment is legally insufficient and premature.

RESPECTFULLY SUBMITTED,

_____
Anthony E. Ramos, pro se
1805 Key Blvd.
Apt. 513
Arlington, VA 22201

202-321-7969
tramos520@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21rd day of June, 2007, the original and one copy of the foregoing were mailed via U.S. mail to the clerk, and that a copy was mailed, via U.S. mail and emailed to: Robin M. Meriweather, Esquire, Assistant United States Attorney, 555 Fourth Street, NW, Washington, DC 20530

Anthony E. Ramos