UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
ANTHONY E. RAMOS                            )
                                            )
            Plaintiff,                      )
                                            )
    v.                                      )  Case Number:  1:06CV01941(RMU)
                                            )
UNITED STATES DEPARTMENT OF JUSTICE,        )
et al.,                                     )
                                            )
            Defendants.                     )
_____)

**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE NOTICE OF FILING
ADMINISTRATIVE RECORD AND TO PLAINTIFF'S SUPPLEMENT TO MOTION
TO STRIKE DEFENDANTS' SUMMARY JUDGMENT MOTION**

Defendants United States Department of Justice et al., through undersigned counsel, hereby oppose Plaintiff's "Motion to Strike Respondent's Notice of Filing Administrative Record And Index" and "First Supplement to Second Motion to Strike Motion for Summary Judgment or Petitioner's Motion to Abate Respondent's Motion for Summary Judgment." (Dkt. Entry 37).  Plaintiff asks the Court to strike Defendants' notice of filing the administrative record and the accompanying index, and renews his request that Defendants' summary judgment motion be stricken.  The motion is frivolous, and should be denied.  First, neither the notice of filing the record nor the summary judgment motion is a "pleading" that can be stricken pursuant to Rule 12(f).  Second, both submissions, as well as the administrative record itself, comply with the applicable procedural rules.  Finally, Plaintiff's speculation that Defendants have added materials that were not in the record is baseless.  The record has been certified as being accurate and complete, and that is all the rules require.

As a threshold matter, the documents at issue are not the type of submissions that can be stricken under Federal Rule of Civil Procedure 12(f).  "A motion to strike is a vehicle to strike a

complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint, or third-party answer." *Naegele v. Albers*, 355 F. Supp. 2d 129, 142 (D.D.C. 2005). Those are all "pleadings" as defined in Federal Rule of Civil Procedure 7(a). *See* Fed. R. Civ. P. 7(a). Neither an administrative record nor a notice of filing an administrative record meets the definition of a "pleading." *See id.* Summary judgment motions also are outside the scope of Rule 12(f) because they are not "pleadings," as explained in Defendant's Opposition to the Second Motion to Strike Defendants' Summary Judgment. *See* Dkt. Entry 39 at 1-2 (citing cases). Accordingly, Rule 12(f) cannot be used to "strike" those papers, and Plaintiff's motion should be denied.

Even if the notice, index, and summary judgment motion were "pleadings," there would be no basis to strike them. Defendants set forth the reasons the summary judgment motion should not be stricken in their opposition to Plaintiff's June 5, 2007 motion to strike, and incorporate those arguments herein by reference. *See* Dkt. Entry 39. Plaintiff's challenge to the notice of filing the administrative record, and the index to the record, is equally meritless. The Federal Rules of Appellate Procedure do not apply to this case because it is in district court. *See* Fed. R. App. P. 1(a)(1). The D.C. Circuit's scheduling orders no longer apply to this case because this Court now has jurisdiction, and this Court's orders control the proceedings. This Court has not ordered Defendants to submit a certified index of the record. Accordingly, Defendants had no obligation to prepare a "certified index of the record" in addition to the certified administrative record. The index submitted as an exhibit to Defendants' notice of filing the record is simply a tool prepared by counsel for Defendants to facilitate the Court's and the parties' review of the record. There was nothing improper about submitting an uncertified index to serve that purpose.

Plaintiff's assertion that Defendants have misled the court by adding materials to the

record after the fact is specious.  First, Plaintiff has stated in other filings that he had not received the administrative record as of June 18, 2007 — four days after he filed this motion to strike.  *See* Dkt. Entry 38.  Thus, he had no basis on which to compare the contents of the record with the index.  Had Plaintiff read the record before filing this frivolous motion, it would have been apparent that the materials he accuses Defendants of adding to the record after the fact were exhibits to his own motions.  Unlike other exhibits to the numerous motions Plaintiff filed in the administrative proceedings, those exhibits did not contain a cover page clearly identifying them as such, and therefore were listed separately on the index.

      The certification at the beginning of the administrative record confirms the completeness and accuracy of the record.  *See* Admin. Rec. at 000001-000002.  That sworn statement plainly trumps Plaintiff's unfounded speculation that the record has been altered.  The informal list of record materials that Plaintiff received in response to his August 7, 2006 FOIA request expressly stated that it was an "unofficial listing," and not an official record index.  Admin. Rec. at 00736.  If the certified administrative record contains materials that were not on that list, that simply means that the "unofficial listing" was incomplete.  It does not support Plaintiff's claim that counsel for Defendants has "added" materials to the record.

## CONCLUSION

For the foregoing reasons, the "Second Motion to Strike Respondent's Motion for Summary Judgment or Petitioner's Motion to Abate Respondents' Motion for Summary Judgment On the Petition for Review" should be DENIED.

Dated June 28, 2007                    Respectfully submitted,

       /S/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

       /S/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

  /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198  Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**Of Counsel:**

JENNIFER BARNES
Bar Counsel
United States Department of Justice, Executive
Office for Immigration Review

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 28th day of June, 2007, I caused the foregoing Opposition to be filed via the Court's Electronic Case Filing system, and to be served upon plaintiff by first-class mail, postage prepaid, addressed as follows:

Anthony E. Ramos
1805 Key Blvd
Apartment 513
Arlington, VA 22201


                /s/ Robin M. Meriweather
          Robin M. Meriweather, DC Bar # 490114