UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY E. RAMOS

       Petitioner,

vs.                                                Civil Action No.: 06 1941 (RMU)

EXECUTIVE OFFICE OF IMMIGRATION
REVIEW and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICES, and BOARD OF IMMIGRATION
APPEALS

       Respondents.

## PETITONER'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO RESPONDENTS

COMES NOW the Petitioner, Anthony E. Ramos, pro se, pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure, and files this MOTION FOR JUDGEMENT ON THE PLEADINGS AS TO RESPONDENTS, and states:

1. Prior to filing this motion, the Petitioner submitted same for review and approval by the Respondents. The Respondents object to this Motion.

2. The Respondent, USCIS, filed administrative disciplinary proceedings sounding in reciprocal discipline, against the Petitioner, who had never practiced law in any immigration tribunals.

It is already known that the Respondent, EOIR, deliberately failed to make known to the immigration judge the fact that the Petitioner had never appeared before it. (R. 00817)

3. It is already known that the Respondent, USCIS made highly prejudicial and false allegations concerning forms G-28. Specifically, the said Respondent alleged that the Petitioner had signed one hundred and eleven such forms. (R. 000005) (R. 000026) The alleged one hundred eleven alleged documents do not appear in the record recently filed by the Respondents.

4. It is already known that USCIS attorney, Rachel McCarthy, created a number of counterfeit documents, and then represented these to the immigration judge as if such were from an actual case. (R. 000679-000708)

5. It is already known that the Respondents admit that the Petitioner was never, at any relevant time, an attorney. (R. 000027) The Respondents never alleged that the Petitioner was an attorney practicing law in any immigration tribunal.

6. There is no legal cause of action of reciprocal discipline against a non-attorney who never practiced law before an immigration tribunal, and therefore, the Respondents have no jurisdiction over the Petitioner. (R. 000213)

7. The Petitioner filed a petition for review, and attached the order from which the petition for review is taken. (Dkt. Entry 1) All parties including all real parties in interest are reflected in the petition and in the attached order.

8. There does not appear to ever have been, and Respondents have cited no case, statute or regulation, an instance where a person who was never a lawyer before an administrative agency was prosecuted utilizing the tool of reciprocal discipline.

9. There does not appear to ever have been, and Respondents have cited no case where an immigration lawyer was subjected to reciprocal discipline unless the discipline in the State was related to the practice of immigration law.

10. Jurisdiction over persons in immigration discipline matters is specifically regulated by 8 CFR 292.1 (a). Persons who were previously lawyers and who never practiced immigration law, and never held themselves out as immigration lawyers do not fall within that definition. Specifically,

> The jurisdiction of this rule is limited to practitioners, i.e., attorneys, accredited representatives, and other persons described in 8 CFR 292.1 (a). It cannot reach to persons who are not within one of these three categories, such as visa consultants or notarios, because the statutory language at 8 U.S.C. 1362, which establishes the framework for attorney discipline process, refers only to counsel "authorized to practice in (removal and appeal) proceedings. Federal Register: June 27, 2000 (Volume 65, Number 124) pages 39513-39514, IOER no. 112F: A.G. Order no. 2309-2000

11. As a result, this Court will be called upon to decide, for the first time ever, whether an administrative agency can impose reciprocal discipline on a former attorney who never practiced law before the agency. There no 'immigration bar.' (Dkt. entry 35) This matter involves the attempt by the Respondents to expand the reach of their jurisdiction as limited by regulations. There is no case which supports such an expansion of regulations, absent an amendment to statutes and regulations governing same. Those are legislative matters.

12. The Respondents in this matter are distinguished between two government agencies. The Petitioner never practiced law, and could not have, before any of the two agencies.

13. The Executive Office for Immigration Review and the Board of Immigration Appeals, according to the Respondents, are a part of the United States Department of Justice.

14. The United States Citizenship and Immigration Services, is a part of the Department of Homeland Security.

15. None of the Respondents has filed a pleading in this manner, as that term is defined in Rule 7 (a) of the Federal Rules of Civil Procedure. This omission was intentional on the part of the Respondents, given the Order by this Court, allowing for an extension of time. (Dkt. Entry 11)

16. The Petition for Suspension filed in the administrative proceedings below lists as the only party: U.S. Citizenship and Immigration Services, Department of Homeland Security. (R. 000145) The same document requests as relief, suspension from the said agency.

17. The Notice of Intent to Discipline filed in the administrative proceedings below lists as the only party: U.S. Citizenship and Immigration Services, Department of Homeland Security. (R. 000204) The same document requests as relief, suspension from the said agency.

18. In a subsequent pleading in the administrative proceedings below, ethics attorney, Rachel McCarthy, filed a document entitled: U.S. Citizenship and Immigration Services Motion to Strike Discovery. (R. 000022) The same document requests as relief, suspension from the said agency.

19. In a subsequent pleading in the administrative proceedings below, ethics attorney, Rachel McCarthy, filed a document entitled: U.S. Citizenship and Immigration Services Response to Respondent's Verified Motion to Strike Petition, Motion to Strike Notice of Intent to Discipline, Answer to Petition, Answer to Notice of Intent to Discipline, Motion for Summary Judgment, and Motion for Immediate Hearing.. (R. 000022) The same document requests as relief, suspension from the said agency.

20. In a subsequent pleading in the administrative proceedings below, ethics attorney, Rachel McCarthy, filed a document entitled: U.S. Citizenship and Immigration Services Statement of Issues and Description of Evidence and Statement of Evidence. (R. 000311)

21. In a subsequent filing in the administrative proceedings below, the Executive Office for Immigration Review (EOIR) filed a Motion to Broaden the Scope of Petition for Immediate Suspension. (R 000140)

22. No order was ever entered on the Motion of EOIR to intervene. (R. 000437)

23. The order entered below, therefore, erroneously names the Department of Homeland Security and the Executive Office for Immigration Review as parties. (R. 000245)

24. Although the Respondents chose not to file any responsive pleading in this matter, some of them filed a motion for summary judgment. (Dkt. Entry 15) The motion for summary judgment, at footnote 1, states: Although the captions on plaintiff's recent pleadings appear to list United States Citizenship and Immigration Service ("USCIS") as a Defendant, USCIS is not a party to this action. The petition for review that initiated this action names only three defendants on this Court's docket sheet. USCIS is a Department of Homeland Security agency, and is not a part of the Board of Immigration Appeals or the Department of Justice. (Dkt. Entry 15) The Respondent, USCIS, is therefore, not contesting the petition.

25. The pleadings are closed. Taking all of the allegations of the petition as true on a motion for judgment on the pleadings, and allowing every inference to the Petitioner on said motion, this Court may enter judgment on the pleadings as follows:

a) As to USCIS, given the absence of a responsive pleading as to that Respondent, and the stated jurisdictional statement made by other respondents with respect to USCIS, apparently advising that USCIS should never have filed this matter;

b) As to the Board of Immigration Appeals, given the absence of a responsive pleading, for which no order was ever entered, no pleadings filed below, and no allegations made concerning the said party;

c) As to EOIR, given the absence of a responsive pleading, for which no order was ever entered on EOIR's motion to intervene.

26. In order to determine whether any further issues remain as to the petition, the Respondent respectfully requests a ruling on this motion prior to filing any other pleadings, if any.

WHEREFORE, the Petitioner requests the entry of an Order granting his Motion for Judgment on the Pleadings.

RESPECTFULLY SUBMITTED,

_____
Anthony E. Ramos, pro se
1805 Key Blvd.
Apt. 513
Arlington, VA 22201
202-321-7969
tramos520@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of june, 2007, the original and one copy of the foregoing were mailed via U.S. mail to the clerk, and that a copy was mailed, via U.S. mail and emailed to: Robin M. Meriweather, Esquire, Assistant United States Attorney, 555 Fourth Street, NW, Washington, DC 20530

Anthony E. Ramos

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY E. RAMOS

    Petitioner,

vs.                                                     Civil Action No.: 06 1941 (RMU)

EXECUTIVE OFFICE OF IMMIGRATION
REVIEW and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICE BOARD OF IMMIGRATION
APPEALS

    Respondents.

---

## PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

### I.

### STATEMENT OF THE CASE AND OF THE FACTS

The Petitioner filed a Petition for Review in this matter. The Respondents, after requesting an extension of time to file a responsive pleading, chose not to file a responsive pleading. The pleadings are therefore, closed. As the record indicates, from the outset of the proceedings below, to the present, the Petitioner has contested jurisdiction in this matter.

## II.

## POINTS AND AUTHORITIES

Rule 12 (c) provides for a judgment on the pleadings once the pleadings are closed.

On such a motion, all allegations in the complaint (here the Petition), must be accepted as true, and all factual doubts must be resolved and all inferences made in favor of the plaintiff. *Longwood Village Restaurant, LTD. v. Ashcroft*, 157 F. Supp 2d 61 (D.D.C. 2001)

## III.

## CONCLUSION

The motion for judgment on the pleadings should be granted, where the Respondents chose not to file a responsive pleading in this matter. Final judgment vacating the order attached to the Petition should be entered.

RESPECTFULLY SUBMITTED,

_____
Anthony E. Ramos, pro se
1805 Key Blvd.
Apt. 513
Arlington, VA 22201
202-321-7969
tramos520@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of June, 2007, the original and one copy of the foregoing were mailed via U.S. mail to the clerk, and that a copy was mailed, via U.S. mail and emailed to: Robin M. Meriweather, Esquire, Assistant United States Attorney, 555 Fourth Street, NW, Washington, DC 20530

Anthony E. Ramos

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY E. RAMOS

      Petitioner,

vs.                                        Civil Action No.: 06 1941 (JU)

EXECUTIVE OFFICE OF IMMIGRATION
REVIEW and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICE BOARD OF IMMIGRATION
APPEALS

      Respondents.

---

**ORDER ON PETITIONER'S MOTION FOR JUDGMENT ON THE PLEADINGS**

THIS CAUSE came on to be heard by this Court on the Petitioner's MOTION FOR JUDGMENT ON THE PLEADINGS, and the Court having reviewed the Motion, the Opposition of the Respondents, the Reply of the Petitioner, and the file, it is

CONSIDERED and ORDERED that:

1. The Motion be and the same is hereby GRANTED.

2. Final Judgment on the Petition for Review is hereby entered for the Petitioner.

3. The Respondents are directed to immediately delist the petitioner from their Internet postings, to circulate a copy of this Order to all media outlets and other persons or entities to which any press releases were sent.

4. The Respondents are further permanently enjoined from making any further publication of any administrative orders to any persons or entities, and from posting same in any form, on the Internet.

DONE and ORDERED in Chambers this _____ day of _____, 2007.

_____
U.S. District Judge

conformed copies to:

Anthony E. Ramos, pro se, Petitioner
1805 Key Blvd.
Apt. 513
Arlington, VA 22201

Robin M. Meriweather, Esquire, Counsel for Respondents
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530