UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUL 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTHONY E. RAMOS

      Petitioner,

vs.                                           Civil Action No.: 06 1941 (RMU)

EXECUTIVE OFFICE OF IMMIGRATION
REVIEW and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICE BOARD OF IMMIGRATION
APPEALS

      Respondents.

## REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE NOTICE OF FILING ADMINISTRATIVE RECORD AND TO PLAINTIFF'S SUPPPLEMENT TO MOTION TO STRIKE DEFENDANT'S SUMMARY JUDGMENT MOTION

      The Respondents would presume to dictate to this Court only which documents Respondents would like to show to the Court. Unfortunately for the Respondents, however, Rule 56, governing motions for summary judgment, requires the movant, here the Respondents, to certify that there is *nothing* in the pleadings or in any other part of the record that creates a question of fact, so that this Court may be justified in removing this matter from the trier of fact.

      It is known that the Respondents falsely alleged that the Petitioner signed one hundred eleven immigration forms, because those forms are not a part of the record that was filed by the Respondents. Query: Where are those documents?

It is known that the Respondents intentionally withheld from the immigration Judge a letter by EOIR attorney, Jennifer Barnes, proving that EOIR had no jurisdiction over the Petitioner. That letter appears for the first time after the Petitioner submitted it, after a FOIA search, in the record below. (R. 000817) Query: Why was this letter not provided to the immigration Judge at the time Ms. Barnes filed a motion to intervene? Respondents argue, essentially, that the letter is irrelevant. This would be the first time, ever, that a clear jurisdictional document would be deemed irrelevant. What is more, that determination of relevancy was one that should have been rightly afforded to the immigration Judge. He was never provided with that opportunity.

It is known that the Respondents intentionally created counterfeit documents to create a fake case in order to obtain a disciplinary order. Some of these false documents were specifically made an exhibit to the initial pleadings below, and obviously carried great weight below (R. 000384-000389) Query: Why did the Respondents fail to advise the immigration judge of this false case? The Respondents argue in their memorandum that because the Respondents rejected the evidence of the counterfeit documents below, this Court cannot consider that issue. The Respondents provided no affidavit which denies that the documents are counterfeit. The Respondents then urge this Court to ignore those documents, since they were rejected below.

Those documents, however, were rejected below *after* the disciplinary order had been entered, and therefore after it appeared that unethical conduct had occurred by the Respondents' attorneys. Those attorneys, however, had a duty to give the immigration Judge the opportunity to know that they had fabricated a case, and used counterfeit documents *at the time* the Respondents filed the case below. This would be the essence of

the test for abuse of discretion, because the hiding of adverse documents could lead to an abuse of discretion *per se*. The Respondents are simply not in any position to say how the immigration Judge would have ruled on this matter, had he had all of the facts before him.

All of these documents were made known to the Court only after the Respondents filed the motion for summary judgment. All of these documents, however, were known to the Respondents *before* they filed the case below. These documents have a direct bearing as to how the immigration judge *could have* decided this case, had be been made aware of them.

By attempting to file an incomplete record, which the Respondents dictated to this Court as being at their discretion, the Respondents continue in the same pattern as the case was prosecuted below, by keeping documents from the trier of fact, creating false documents, and alleging that non-existent documents exist.

On a motion for summary judgment, the movant must certify to the Court that *at the time* of filing the motion, there is nothing in the record that would create a material issue of fact. By filing the discretionary and incomplete record *after* filing the motion, the Respondents could not have made such certification to the Court, and therefore, the Motion for Summary Judgment, for among other reasons, should be denied.

RESPECTFULLY SUBMITTED,

_____
Anthony E. Ramos, pro se
1805 Key Blvd.
Apt. 513
Arlington, VA 22201
202-321-7969
tramos520@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of June, 2007, the original and one copy of the foregoing were mailed via U.S. mail to the clerk, and that a copy was mailed, via U.S. mail and emailed to: Robin M. Meriweather, Esquire, Assistant United States Attorney, 555 Fourth Street, NW, Washington, DC 20530

_____
Anthony E. Ramos