## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

ANTHONY E. RAMOS )
  )
    Plaintiff, )
  )
  v. )  Case Number:  1:06CV01941(RMU)
  )
UNITED STATES DEPARTMENT OF JUSTICE, )
et al., )
  )
    Defendants. )
_____)

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

### INTRODUCTION AND SUMMARY

Plaintiff Anthony Ramos seeks judgment on the pleadings against United States Citizenship and Immigration Service ("USCIS") and two of the Defendants in this appeal of a Board of Immigration Appeals ("BIA" or the "Board") order denying Mr. Ramos's motion to reopen disciplinary proceedings in which the Board expelled him from practice before the Department of Homeland Security ("DHS"), the Board, and immigration courts.  Plaintiff argues that judgment should be entered against USCIS, the Board, and the Executive Office for Immigration Review ("EOIR") because they allegedly failed to submit a responsive pleading in this case.  The motion also challenges USCIS's authority to request that the Board commence disciplinary proceedings, and contends that the Board lacked jurisdiction to sanction Mr. Ramos.  USCIS is not a party to this case, and this Court therefore cannot enter judgment or any other form of relief against it.  Plaintiff's remaining arguments are equally lacking in merit.

Plaintiff's claim that he is entitled to judgment on the pleadings because EOIR and the Board have not submitted any "responsive pleadings" is groundless.  Plaintiff has not filed a

"pleading," as defined in Rule 7(a), to which Defendants could have responded.  This case originated with a petition for review in the D.C. Circuit, and that petition did not contain the type of factual allegations that Defendants could have addressed in an Answer.  Plaintiff <u>has</u> filed a series of motions —  many of which were frivolous — which Defendants have opposed.  Thus this is not a case in which a defendant's failure to participate in the litigation warrants entry of judgment for plaintiff.

Plaintiff's jurisdictional arguments also fail to establish that judgment should be entered against EOIR and the Board.  Most of those arguments rest on the mistaken premise that this Court can conduct <u>de novo</u> review of the jurisdictional analysis the Board conducted in prior orders which rejected Mr. Ramos's assertion that it lacked authority to discipline him.  However, the petition appeals only the June 7, 2006 order denying the motion to be reopen.  Thus the only "jurisdictional" issue properly before the Court is whether the Board abused its discretion when it found that the motion to reopen did not present newly discovered material evidence that would make it appropriate to reopen the proceedings and revisit its prior legal analysis.  The Board acted well within its discretion to deny the motion.  The motion to reopen presented few facts.  And to the extent any facts were introduced, they would not have altered any aspect of the Board's prior analysis, and therefore were not material.

Even if Ramos's broader challenge to the Board's authority to discipline him were properly before this Court, there would be no basis to disturb the Board's interpretation of its attorney discipline regulations.  Plaintiff's assertion that the Board could only discipline him if he "practiced law" in an immigration court attempts to read a limitation into the relevant regulations that is not there.  The regulations plainly allow for discipline against <u>any</u> attorney who has been disbarred, suspended from practice, or otherwise engaged in unprofessional

conduct.  Further, even if the Board's disciplinary authority extended only to practitioners who have "practiced" before it, it would have had the power to expel Mr. Ramos because he signed forms entering his appearance as an "agent or representative" for numerous individuals involved in DHS proceedings.

Mr. Ramos's claim that he could not be disciplined because, by virtue of his disbarment, he was no longer an "attorney" turns the disciplinary rules on their head.  There are at least three regulatory provisions that expressly provide for sanctions against attorneys who have been suspended or disbarred from a state bar or the bar of any federal court.  If the fact of those attorneys' disbarment rendered them ineligible for discipline, the regulations would be virtually unenforceable.  Accordingly, the Court should defer to the Board's interpretation of its regulations as permitting reciprocal discipline of disbarred or suspended attorneys.

## BACKGROUND

Defendants included a detailed description of the regulatory and factual background of this case in their motion for summary judgment, which is incorporated herein by reference.  See Dkt. Entry 15.  The following discussion of the relevant regulations and procedural history provides context for this opposition.

### A.    Regulatory Background

#### 1. Motions to Reopen

A party that opposes a final Board decision may file a motion to reopen the proceedings. See 8 C.F.R § 1003.2(a).  A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material."  8 C.F.R. § 1003.2(c)(i).  A motion to reopen proceedings "shall not be granted unless it appears to the Board that the evidence sought to be offered is material and was

not available and could not have been discovered or presented at the former hearing." Id.  The

Board's grant or denial of a motion to reopen or a motion to reconsider is a discretionary

decision, and the Board has discretion to deny a motion to reopen "even if the moving party has

made out a prima facie case for relief." Id. § 1003.2(a).

### 2. Professional Conduct and Practitioner Discipline Regulations

Federal regulations authorize the Board to impose disciplinary sanctions against any

"practitioner if it finds it to be in the public interest to do so." 8 C.F.R. § 292.3(a)(1); id. §

1003.101(a).  The sanctions the Board may impose include expulsion, suspension, and public or

private censure.  See id. §§ 292.3(a)(1), 1003.101(a)(1), 1292.3(a)(1).  The Department of

Homeland Security ("DHS") and the Executive Office for Immigration Review ("EOIR") have

authority to initiate those proceedings by filing a petition requesting that the Board impose

sanctions.  Id. §§ 292.3(c)(1), 1003.103(a)(1).  When a practitioner has been "disbarred or

suspended on an interim or final basis by, or has resigned with an admission of misconduct from,

the highest court of any state, possession, territory, commonwealth, or the District of Columbia,

or any Federal court" DHS or EOIR must promptly file a petition seeking immediate suspension

of that practitioner.  Id. §§ 292.3(c)(1), 1003.103(a)(1).  In summary disciplinary proceedings

commenced because of a final order of disbarment or suspension, a certified copy of the

disbarment or suspension order establishes a "rebuttable presumption of the professional

misconduct." Id. § 292.3(c)(3)(ii).

A "practitioner" potentially subject to those sanctions is "any attorney as defined in

8 C.F.R. § 1.1(f) or § 1001.(f) who does not represent the federal government," or "any

representative" as defined in 8 C.F.R. § 1.1(j) or § 1003.101(j).  Id. §§ 292.3(a)(2), 1292.3(a)(2),

1003.101(b).  Sections 1.1(f) and 1001.1(f), in turn, define an "attorney" as "any person who is a

member in good standing of the bar of the highest court of any State, possession, territory, Commonwealth, or the District of Columbia, and is not under any order of any court suspending, enjoining, restraining, disbarring, or otherwise restricting him in the practice of law." Id. §§ 1.1(f), 1001.1(f). Sections 1.1(j) and 1001.1(j) define a "representative" as "a person who is entitled to represent others as provided in [8 C.F.R. § 292.1]." Id. §§ 1.1(j), 1001.1(j). Section 292.1 includes attorneys and law students and, if certain conditions are met,"any reputable individual of good moral character." 8 C.F.R. §§ 292.1(a), 1292.1(a). A narrower class of practitioners may represent individuals in application and petition proceedings before USCIS (a DHS component). See id. § 103.2(a)(3).

### B.    The Board Disciplinary Proceedings Concerning Anthony Ramos

DHS initiated the disciplinary proceedings against Mr. Ramos by filing a notice of intent to discipline and a petition for immediate suspension from practice before DHS. Admin. Rec. 000204-000238 (Notice); Admin. Rec. 000145-000147 (Petition). On November 4, 2004, the EOIR Office of General Counsel requested that Mr. Ramos also be suspended from practice before the Board and immigration courts. Admin. Rec. 000142-000144; 000140-000141. The Board granted the petition for immediate suspension on December 6, 2004, and rejected Mr. Ramos's assertion that the Board lacked jurisdiction to suspend him. Admin. Rec. 000005 (Dec. 6, 2004 Board Order at 2).

The Board then forwarded the record to an immigration judge, who served as the adjudicating official in this case. See Admin. Rec. 000446; 8 C.F.R. §§ 292.3(f), 1292.3(f). The immigration judge determined that Mr. Ramos should be expelled from practice before the Board, immigration courts, and DHS, and issued an expulsion order March 21, 2005. See Admin. Rec. 000245-000246. In the proceedings before the immigration judge, Mr. Ramos did

not contest that he had been disbarred.  See Admin. Rec. 000246.  Instead, he focused exclusively on the Board's jurisdiction to sanction him, arguing that he was not a member of an immigration bar.  See id.  Given that the Board already had rejected those jurisdictional arguments when granting the petition for immediate suspension, the immigration judge concluded that expulsion was the proper remedy.  See Admin. Rec. 000246.

Plaintiff appealed the immigration judge's ruling to the Board.  The Board affirmed the immigration judge's expulsion of Mr. Ramos from practice in a decision issued July 25, 2005 and amended (to make editorial changes) November 15, 2005.  Admin. Rec. 000493-000498. The Board concluded that "clear, unequivocal, and convincing evidence establishes that it is in the public interest to discipline the respondent, based on the final order of disbarment issued by the Supreme Court of Florida on December 18, 1997."  Admin. Rec. 000493-000498.

Several months later, Mr. Ramos filed a motion for reconsideration, which the Board denied.  Admin. Rec. 000829-000830.  He subsequently filed a "motion to vacate," a "motion for evidentiary hearing," and three "supplements" to the motion to vacate.  Admin. Rec. 000810-000818 (motion to vacate), 000819-000820 (motion for evidentiary hearing), 000798-000800 (first supplement to motion to vacate), 000791-000793 (second supplement to motion to vacate), 000765-000767 (second supplement to motion to vacate), 000765-000767 (third supplement to motion to vacate).  The Board construed those submissions as a motion to reopen, and denied the motion in an order issued June 7, 2006.  Admin. Rec. 000772-000773 ("Reopening Order").  The Board concluded that the motion repeated arguments that the Board had already rejected, and failed to present "newly discovered evidence" that would warrant reopening the Board's prior decisions.  Admin. Rec. 000773 (Reopening Order at 2).

Plaintiff filed a petition for review in the United States Court of Appeals for the D.C.

Circuit, challenging the Board's June 7, 2006 Reopening Order.  The appellate court determined

that it lacked jurisdiction, and therefore transferred the case to this Court.  See Dkt. Entries 1-3.

## STANDARD OF REVIEW

Rule 12(c) permits any party to move for judgment on the pleadings "after the pleadings

are closed."  Fed. R. Civ. P. 12(c).  The moving party must establish that there is no material

factual dispute, and that it is entitled to judgment as a matter of law. Peters v. National R.R.

Passenger Co., 966 F.2d 1483, 1485 (D.C. Cir. 1992).  The Court may not rely on facts outside

the pleadings when resolving a 12(c) motion, and must construe the complaint in the light most

favorable to the non-moving party.  See id.; Fay v. Perles, 484 F. Supp. 2d 12, 14 (D.D.C. 2007).

Where, as here, a Rule 12(c) motion relies on the administrative record or other matters outside

the pleadings, it is treated as a motion for summary judgment.  See Ehrman v. United States, 429

F. Supp. 2d 61, 66 (D.D.C. 2006).  To prevail on a motion for summary judgment, Plaintiff must

show that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v.

Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995);

see also American Bioscience, Inc. v. Thompson, 269 F.3d 1077, 1083 (D.C. Cir. 2001)

(explaining that in an Administrative Procedures Act case the entire case presents a question of

law which is reviewed on the basis of the administrative record).

## ARGUMENT

## I.      PLAINTIFF'S MOTION FOR JUDGMENT AGAINST USCIS MUST BE DENIED BECAUSE USCIS IS NOT A DEFENDANT IN THIS ACTION.

"The principle that courts lacking jurisdiction over litigants cannot adjudicate their rights

is elementary."  Flatow v. Islamic Repub. of Iran, 305 F.3d 1249, 1252-53 (D.C. Cir. 2002).

That principle forecloses Plaintiff's request that the Court enter judgment against United States

Citizenship and Immigration Services ("USCIS"), because USCIS is not a party to this action. The petition for review, which initiated this case, identifies "United States Department of Justice, Executive Office for Immigration Review, and Board of Immigration Appeals" as the respondents. Dkt. Entry 1-3 at 5. That made perfect sense, as USCIS did not issue the June 7, 2006 order challenged here, and the proper defendant in an Administrative Procedure Act case is the agency that issued the decision being appealed. The June 7, 2006 order was issued by the Board of Immigration Appeals ("BIA" or the "Board"), which is within the Executive Office for Immigration Review ("EOIR"), and, like EOIR, is a Department of Justice ("DOJ") component. In sum, Plaintiff has never made USCIS (a DHS component) a party, and the Court lacks jurisdiction to enter judgment against USCIS. See Flatow, 305 F.3d at 1252-53 (concluding district court lacked jurisdiction over motion seeking relief from a nonparty).

Plaintiff's decision to add "United States Citizenship and Immigration Services" in the caption of the motion for judgment on the pleadings — and other recent filings in this Court — does not cure that jurisdictional defect. Under Federal Rule of Civil Procedure 10(a) "the names of all parties must appear in the complaint filed in the district court." Flatow, 305 F.3d at 1252; see Fed. R. Civ. P. 10(a). The Rules of Appellate Procedure, which governed the petition filed in the D.C. Circuit, also required Plaintiff to "name the agency as a respondent" in the petition for review. Fed. R. App. P. 15(a). Plaintiff admits that "[a]ll parties... are reflected in the petition" for review. Dkt. Entry 44 at ¶ 7. Accordingly, this Court's docket reflects that the only defendants are DOJ, the Board, and EOIR. At this stage of the proceedings, Plaintiff cannot unilaterally create a fourth defendant by inserting the name of a nonparty into the caption of his filings. In sum, given that judgment is available only against parties, Plaintiff's request for entry of judgment against USCIS must be denied.

II.    **PLAINTIFF IS NOT ENTITLED TO JUDGMENT AGAINST EOIR OR THE BOARD OF IMMIGRATION APPEALS BECAUSE THE BOARD'S DENIAL OF THE MOTION TO REOPEN WAS NOT AN ABUSE OF DISCRETION .**

Plaintiff's motion is nearly devoid of legal analysis, making it difficult to discern the grounds on which he claims to be entitled to judgment against EOIR and BIA.  However, the motion appears to contend that judgment should be entered against those two parties for allegedly failing to "file a responsive pleading in this matter." Dkt. Entry 44 at 9.  The motion also contains allegations questioning the Board's jurisdiction to impose reciprocal jurisdiction against Mr. Ramos.  Neither theory has any merit.

A.    **EOIR and BIA Have Actively Participated In This Case.**

Plaintiff neither explains why a failure to file a responsive pleading would require entry of judgment against EOIR and BIA, nor substantiates his allegation that EOIR and BIA failed to do so.  Rule 55(a) permits the entry of default against a defendant that "fails to plead or otherwise defend" an action in district court.  Fed. R. Civ. P. 55(a).  However, "[c]ourts do not favor default judgments, and will only resolve cases in this manner when the adversarial process has been halted because of an essentially unresponsive party." Candido v. District of Columbia, ___ F. Supp. 2d ___, 2007 WL 1793360, at * 2 (D.D.C. June 22, 2007).  EOIR and BIA have not been "unresponsive," and there is no basis to enter judgment against them.

The record clearly demonstrates that all three Defendants have actively defended their interests in this Court.  Defendants filed a motion for summary judgment, see Dkt. Entry 15, and have responded to the numerous motions Plaintiff has filed.  As the docket entries indicate, EOIR and BIA joined the Department of Justice (the agency of which both are components) on all of Defendants' filings in this Court.  While the motions and responses are not "pleadings" as defined in Rule 7(a), there are no "pleadings" from Plaintiff to which Defendants could have

responded.  See Fed. R. Civ. P. 7(a) (defining pleadings to include complaints, answers, and

counterclaims).  That is, Defendants have not filed an answer because Plaintiff has not filed a

complaint to which Defendants could respond.  The petition for review filed in the D.C. Circuit

simply states Mr. Ramos's desire to challenge the Board's June 2006 order, and lacks the

specific factual allegations that would appear in a complaint (and would be admitted or denied in

an answer).  In any event, Defendants' submission of a summary judgment motion, and their

opposition to Plaintiff's motions, would preclude entry of default even if Plaintiff had filed a

complaint.  See Candido, 2007 WL 1793360, at * 4 (concluding default would be inappropriate

where Defendant did not file answer but submitted motion to dismiss and summary judgment

motion); Tereshchuk v. Bureau of Prisons, No. 06-1031, 2007 WL 474179, at *1 (concluding

default judgment "is usually appropriate only when a party has been totally unresponsive" and

denying motion for default where Defendant opposed motions filed by Plaintiff).

     To the extent Plaintiff is alleging that EOIR and BIA failed to file responsive pleadings

in the D.C. Circuit, that argument also must fail.  As a threshold matter, Defendants are aware of

no caselaw permitting this Court to enter judgment against a party for failing to submit pleadings

in a different court, and Plaintiff has cited none.  Regardless, the argument is groundless because

Defendants actively defended their interests before the D.C. Circuit.  Plaintiff initiated the D.C.

Circuit action with a petition for review.  See Dkt. Entry 1-3 at 5.  The Government promptly

moved to dismiss the petition on jurisdictional grounds, and requested that further D.C. Circuit

proceedings be suspended pending resolution of that motion.  See Dkt. Entry 1-3 at 11-15

(Government's Motion to Dismiss).  The respondent identified in the caption of that motion,

Attorney General Alberto Gonzales, represented the interests of EOIR (and EOIR's subsidiary

BIA) because both are DOJ components.[1]  See http://www.usdoj.gov/jmd/mps/manual/ag.htm

(DOJ organizational chart).  The D.C. Circuit determined that it lacked jurisdiction, and

transferred the case to this Court.  See Dkt. Entry 1-3 at 28.  To be sure, Plaintiff filed a merits

brief in the D.C. Circuit after opposing Defendants' motion to dismiss, and Defendants did not

submit a D.C. Circuit merits brief.  However, that was consistent with Defendants' request that

the proceedings be suspended due to the appellate court's lack of jurisdiction.

      **B.**     **Plaintiff's Jurisdictional Arguments Lack Merit.**

      Plaintiff contends that Defendants lacked jurisdiction to impose reciprocal discipline

against him and that USCIS and EOIR lacked authority to request that disciplinary proceedings

be commenced.  Dkt. Entry 44 at ¶¶ 10-11.  That jurisdictional argument does not appear to be a

grounds on which Plaintiff seeks judgment on the pleadings against EOIR and BIA, because the

memorandum of law references jurisdiction only with respect to USCIS.  See Dkt. Entry 44 at 6.

However, Defendants will address the argument here in case that discrepancy reflects inartful

drafting instead of an intent to limit the jurisdictional theory to the motion for judgment against

USCIS.

        **1.**     **The Board Did Not Abuse Its Discretion When It Concluded That Mr.
Ramos Failed To Present New Material Evidence Warranting
Reopening of the Prior Proceedings In Which the Board Rejected His
Jurisdictional Arguments.**

      Plaintiff's repeated presentation of these jurisdictional arguments ignores the scope of the

petition for review.  The petition challenges only the June 7, 2006 order in which the Board

---

[1] In appeals of substantive BIA Orders adjudicating immigration petitions, Attorney
General Gonzales typically is substituted as a respondent if the petitioner names another official
or entity in the petition.  See, e.g., Batista v. Gonzales, __ F.3d ___, 2007 WL 1976134 (2d Cir.
July 10, 2007) (noting amendment of caption to reflect that Attorney General was the proper
respondent in appeal of BIA ruling); Marcos v. Gonzales, 410 F.3d 1112 (9th Cir. 2005) (same).

denied Plaintiff's motion to reopen the prior proceedings.  <u>See</u> Dkt. Entry 1-3 at 5.  It does not

challenge the prior orders in which the immigration judge imposed reciprocal discipline and the

Board affirmed the immigration judge's conclusions.  Plaintiff's description of the "issue

presented for review" to the D.C. Circuit also focused solely on the June 7, 2006 order, and

defined the issue presented as "whether the entry of the order of June 7, 2006 was arbitrary [and]

capricious, where the tribunal again refused to hold an evidentiary issue, in violation of

regulations requiring a hearing; and whether such refusal was in violation of respondent's due

process rights." <u>Id.</u> at 31.  Accordingly, the question here is not whether the immigration judge

and the Board properly determined that they had authority to impose reciprocal discipline upon

Mr. Ramos, but rather whether the Board abused its discretion when it denied the motion to

reopen the proceedings.  <u>See</u> <u>Jean v. Gonzales</u>, 435 F.3d 475, 482 (4th Cir. 2006) (finding

court's review "limited to the motion to reconsider" because plaintiff did not petition for review

of underlying Board order); <u>Asemota v. Gonzales</u>, 420 F.3d 32, 33 (1st Cir. 2005) (concluding

"the only issue before us is the denial of the motion to reconsider" because court would have

lacked jurisdiction over untimely challenge to prior Board order).

     Because the petition appeals only the June 7, 2006 Board order, Mr. Ramos cannot

present jurisdictional arguments that challenge the legal conclusions the immigration judge and

the Board made in their <u>prior</u> decisions.  That is an important distinction, because ruling on a

petition to reopen required the Board to conduct a different analysis than it conducted when

determining whether to impose reciprocal sanctions upon Mr. Ramos.  The regulations required

the Board to deny Plaintiff's motion to reopen unless it provided "new facts" (supported by

affidavits or other evidence) that Plaintiff would present if the motion were granted, and unless

"it appear[ed] to the Board that the evidence sought to be offered is material and was not

available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(i). Even then, the Board had discretion to deny the motion to reopen. <u>See</u> <u>id.</u> § 1003.2(a) (establishing Board's discretion to deny a motion to reopen "even if the moving party has made out a <u>prima</u> <u>facie</u> case for relief"). Accordingly, the question presented was whether Mr. Ramos had presented new, previously undiscoverable, material facts that would materially impact the Board's prior conclusions concerning its authority to sanction him. The Board was <u>not</u> tasked with conducting a new inquiry into the legal basis for its exercise of jurisdiction.

The Court should affirm the Board's conclusion that Mr. Ramos's motion did not meet the requirements for reopening prior proceedings. <u>See</u> Admin. Rec. 000772-000773. This case is governed by a highly deferential standard, under which the Board's denial of the request to reopen proceedings may be disturbed only if it was an "abuse of discretion." <u>Immigration and Naturalization Serv. v. Abudu</u>, 485 U.S. 94, 105 (1988); <u>see</u> <u>also, e.g.</u>, <u>Jian Wen Wang v. Bureau of Citizenship and Immigration Ser.</u>, 437 F.3d 276, 277 (2d Cir. 2006); <u>Guevara v. Gonzales</u>, 450 F.3d 173, 175 (5th Cir. 2006); <u>Sako v. Gonzales</u>, 434 F.3d 857, 863 (6th Cir. 2006); <u>Membreno v. Gonzales</u>, 425 F.3d 1227, 1229 (9th Cir. 2005). The Board's decision must be upheld unless it "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." <u>Sako</u>, 434 F.3d at 863; <u>see</u> <u>also</u> <u>Asemota</u>, 420 F.3d at 34 (identifying same standard); <u>Jean v. Gonzales</u>, 435 F.3d 475, 483 (4th Cir. 2006) (same); <u>see</u> <u>generally</u> <u>Motor Vehicle Mfrs. Ass'n of the United Sates, Inc. v. State Farm Mut. Auto. Ins. Co.</u>, 463 U.S. 29, 42 (1983) (defining similar standard of review under Administrative Procedures Act). Although the D.C. Circuit has not addressed the issue, other circuits have concluded that <u>de novo</u> review

applies to the extent the denial of a motion to reopen is based on purely legal conclusions.  See

Li v. United States Attorney General, ___ F.3d ___, 2007 WL 1731109, at *3 (11th Cir. June 18,

2007); Haddad v. Gonzales, 437 F.3d 515, 517 (6th Cir. 2006).

The Board did not abuse its discretion when it determined that Mr. Ramos had failed to

present new, material factual evidence sufficient to warrant reopening of the prior proceedings.

As explained in Defendants' motion for summary judgment, which is incorporated herein by

reference, the Board concluded that Mr. Ramos's jurisdictional arguments simply repeated

arguments that the Board had reviewed and rejected twice before.  See Mem ISO Mot. for

Summary Judgment at 15 (Dkt. Entry 15).  A motion to reopen cannot be used to rehash prior

arguments in an attempt to convince the Board that its prior legal conclusions were erroneous.

Such arguments may be presented only in a motion for reconsideration, and Mr. Ramos already

had filed the sole motion for reconsideration the regulations permitted him to submit.  See 8

C.F.R. § 1003.2(b)(1) (providing standard for reconsideration motions); Ven v. Ashcroft, 386

F.3d 357, 360 (1st Cir. 2004); Admin. Rec. 000842-000844 (Mot. for Reconsideration); Admin.

Rec. 000829-000830 (Feb. 2, 2006 Order denying reconsideration motion).[2]  Thus the Board

correctly concluded that Mr. Ramos's legal arguments could not provide a basis for reopening

the prior proceedings.

The Board also concluded that the January 17, 2003 letter in which EOIR bar counsel

responded to an inquiry from the Florida bar — which Mr. Ramos attached to his reopening

motion as alleged new 'evidence' — did not require the Board to revisit its prior determinations

that Mr. Ramos was a "practitioner" eligible to be disciplined pursuant to 8 C.F.R. § 292.3.  See

_____

[2]The Board's denial of that reconsideration motion is not challenged in the petition for
review.

Admin. Rec. 000773.  That conclusion was consistent with the applicable rules governing DHS and BIA disciplinary proceedings.  The Barnes letter would be material only if it contained new facts that would demonstrate that Mr. Ramos was not eligible to be disciplined.  It plainly did not.

The Barnes letter indicated that as of January 17, 2003, Mr. Ramos had not appeared as attorney of record in cases before EOIR.  Admin. Rec. 000817.  However, the letter stated that "Mr. Ramos appears to be conducting his immigration practice in cases handled by the Service."  Id. (emphasis added).  EOIR therefore forwarded a copy of the Florida bar complaint to USCIS (formerly INS or the "Service").[3]  Id..  USCIS complied with its regulatory duty to initiate disciplinary proceedings against Mr. Ramos, by filing a petition for immediate suspension and a notice of intent to discipline.  See 8 C.F.R. § 292.3(c)(1), (3) (requiring DHS to "promptly" initiate "summary disciplinary proceedings" against an individual who has been disbarred or suspended from a state or federal court bar); Admin. Rec. 000145-000203 (petition for immediate suspension and attachments thereto); Admin. Rec. 000204-000238 (notice of intent to discipline and attachments thereto).  Those regulations do not condition USCIS's authority to initiate disciplinary proceedings on a practitioner's participation in DHS proceedings.  See 8 C.F.R. § 292.3(c)(1), (3).  However, Mr. Ramos drew the attention of USCIS by submitting "numerous 'Notice of Entry of Appearance As Attorney or Representative' forms (Form G-28) to USCIS." Admin. Rec. 000773 (Reopening Order); see also Admin. Rec. 000025 (USCIS Opp.

---

[3] The regulations reference the "Service," which has been defined to mean "the Immigration and Naturalization Service as it existed prior to March 1, 2003." 8 C.F.R. § 1.1(c). References to "the Service" after March 1, 2003 generally "mean the Bureau of Citizenship and Immigration Services, the Bureau of Customs and Border Protection, and the Bureau of Immigration and Customs Enforcement." Id. Those three agencies are now part of the Department of Homeland Security.

to Ramos's Motion to Strike); id. at 000026 (noting Ramos had filed numerous G-28 forms); id. at 000037-000043 (exhibits containing 8 of the 111 G-28 forms Ramos filed). In sum, the Barnes letter presents no new material evidence because Mr. Ramos's lack of participation in EOIR proceedings has no bearing on whether he could be disciplined or whether he participated in DHS immigration proceedings.

The G-28 forms in the record belie Mr. Ramos's claim that he never participated in immigration proceedings, as the Board properly concluded. See Admin. Rec. 000773. DHS regulations define "practice" as "the act or acts of any person appearing in any case, either in person or through the preparation or filing of any brief or other document, paper, application, or petition on behalf of another person or client before or with the [DHS] . . or the Board." 8 C.F.R. § 1001.1(i). Signing forms designating oneself as the "attorney or agent" for an individual involved in DHS immigration proceedings is therefore "practic[ing]" before DHS. In any event, the regulations allow DHS and the Board to discipline "any practitioner," regardless of whether the person has engaged in practice before the Board. 8 C.F.R. § 292.3(a)(1).

The motion to reopen also failed to present material evidence to support Mr. Ramos's dubious claim that DHS ethics counsel counterfeited the G-28 forms identifying Ramos as the attorney or agent for numerous individuals involved in DHS immigration proceedings. Mr. Ramos attached a January 31, 2005 email from DHS ethics counsel Rachel McCarthy to Florida bar counsel Eric Turner to his original motion. See Admin. Rec. 000816. However, that email indicates only that Ms. McCarthy forwarded a two-page Board order to Mr. Turner, and implies nothing about Mr. Ramos's appearance in DHS proceedings. The "first supplement" to Mr. Ramos's motion included an email from Christopher Dix of the D.C. bar to Ms. McCarthy. Admin. Rec. 000800. Like the Turner email, that says nothing about the validity of the G-28s.

The "second supplement" and "third supplement" to Mr. Ramos's motion included a copy of a permanent residence card of Antonia and Sonia Ferreira.  Admin. Rec. 000793, 000767.  Those cards prove nothing concerning Mr. Ramos's submission of a G-28 on Mr. and/or Ms. Ferreira's behalf.  In sum, none of the purportedly "new" facts identified in the motion to reopen could be deemed "material."  8 C.F.R. § 1003.2(c)(1).

### 2.  The Board Had Jurisdiction To Discipline Mr. Ramos

As noted, the broader jurisdictional arguments Plaintiff has raised are not properly before the Court.  They concern determinations made in prior Board orders, which have not been appealed.  However, even if the Court had authority to reach those issues, Mr. Ramos would not be entitled to judgment on the pleadings because his jurisdictional theories rest on an incorrect interpretation of the applicable regulations.

Mr. Ramos's assertion that the Board can impose reciprocal discipline only if the underlying misconduct involved immigration matters is incorrect.  The regulations impose no such constraint on the Board's ability to determine that it is in the public interest to discipline a practitioner.  See 8 C.F.R. § 292.3; id.§ 1003.102(e); see generally Koden v. Department of Justice, 564 F.2d 228, 234 (7th Cir. 1977) (rejecting suspended attorney's argument that any discipline imposed by the Board "must be in connection with a proceeding pending before the Service or Board").  Other attorneys have been suspended from practicing before the Board, DHS, and immigration courts based on non-immigration misconduct.  See, e.g., In re: Alexander, No. D2005-216 (BIA Apr. 20, 2006) (Exh. 1 hereto) (suspending practitioner who was suspended from California bar based on conviction of filing false tax return); In re: Gonzalez-Perez, No. D2004-070 (BIA Aug. 20, 2004) (Exh. 2 hereto) (suspending practitioner who lost license in Virginia due to nonpayment of dues).  Further, courts have affirmed other agencies'

and courts' imposition of reciprocal discipline upon attorneys that were disbarred in state bar

disciplinary proceedings, regardless of whether the state bar proceedings involved practice

before the sanctioning agency or court.  See, e.g., Sheinbein v. Dudas, 465 F.3d 493, 496 (Fed.

Cir. 2006) (concluding United States Patent and Trademark Office could find an attorney "unfit

to practice based solely on his disbarment in another jurisdiction" where Maryland had disbarred

Sheinbein for obstructing criminal investigation); Krouner v. U.S.  Tax Court, No. 05-1084,

2006 WL 3147368 (D.C. Cir. Oct. 13, 2006) (affirming suspension from practice before tax

court where plaintiff was disbarred in New York based on non-tax matters).  Indeed, that is what

"reciprocal" discipline typically involves.  See, e.g., In re Gallagher, No. 03-8502, 2003 WL

21018865, at * 2 (D.C. Cir. Apr. 29, 2003) (imposing "reciprocal discipline" to suspend attorney

from D.C. Circuit practice because of disbarment in Maryland); In re Levitt, No. 95-8531, 1999

WL 1007551 (D.C. Cir. Oct. 8, 1999) (imposing "reciprocal discipline" to suspend attorney from

D.C. Circuit practice because of his suspension by D.C. Court of Appeals).

  Mr. Ramos's contention that the Board lacks jurisdiction to discipline individuals who

have been disbarred because those individuals cease to be "attorneys" or "practitioners" upon

disbarment turns the disciplinary regulations on their head.  Section 1003.102(e) provides that it

is in the public interest for the Board "to impose disciplinary sanctions against any practitioner

who . . . is subject to a final order of disbarment or suspension."  8 C.F.R. § 1003.102(e).  The

regulations direct DHS's and EOIR's Office of General Counsel to petition the Board for

immediate suspension of "any practitioner . . . who has been disbarred or suspended on an

interim or final basis by, or has resigned with an admission of misconduct from, the highest court

of any state....or any federal court."  8 C.F.R. §§ 292.3(c)(1) (DHS), 1003.103(a)(1) (EOIR).

The regulations further direct the Board to enter "an order immediately suspending the

practitioner from practice" before DHS, the Board, and immigration courts.  Id. §§ 292.3(c)(2), 1003.103(a)(2).

A  "practitioner" is "any attorney as defined in [8 C.F.R.] § 1.1(f). . . or "any representative as defined in [8 C.F.R.] § 1.1(j)."  Id. § 292.3(a)(2).  An "attorney" is a member in good standing of the bar of any state or territory.  8 C.F.R. § 1.1(f).  A "representative" is "a person who is entitled to represent others" pursuant to regulations that authorize representation by an attorney, law student, and, if certain conditions are met, "any reputable individual of good moral character."  Id. § 1.1(j).  Any person who is subject to immediate suspension was a "practitioner" before being suspended or disbarred by virtue of his or her membership in the bar that subsequently disciplined that person.  The same is true of Mr. Ramos, who indisputably was both an "attorney" and a "representative" — and therefore a "practitioner" — until the Florida bar suspended him.  The text of the disciplinary regulations does not require that the disciplined individual continue to meet the definition of "attorney" at the time the Board issues reciprocal disciplinary sanctions.

If the fact of an attorney's subsequent suspension or disbarment stripped the Board of authority to discipline him, as Mr. Ramos argues here, sections 1003.102(e), 1003.103(a)(1), and 292.3(c)(2) would be a virtual nullity, because few, if any, disbarred or suspended attorneys would be "practitioners" who could be sanctioned.  Plaintiff's reading of the regulations would limit the Board's authority to situations in which an attorney maintains membership in multiple bars, and one of those bars delays its imposition of reciprocal discipline.  Likewise, Section 292.3(a)(1), which authorizes the Board to sanction any practitioner "when such person has engaged in . . . unprofessional conduct" could almost never be enforced against individuals whose unprofessional conduct was so egregious that they were suspended or expelled from a bar.

There is a presumption against interpreting federal laws in a manner that makes them ineffectual or meaningless.  See <u>Plaut v. Spendthrift Farm, Inc.</u>, 514 U.S. 211, 216 (1995); <u>Fund for Animals v. Kempthorne</u>, 472 F.3d 872, 877-78 (D.C. Cir. 2006).  For that reason, the Board declined to read its regulations as barring reciprocal discipline of any person who has been disbarred, suspended from a bar, or has resigned upon admission of misconduct.  See Admin. Rec. 000496-000497.  Given the deference courts apply to an agency's interpretation of its own regulations, there is no basis for this Court to reverse the Board's conclusion.  See <u>Auer v. Robbins</u>, 519 U.S. 452, 462-63 (1997) (describing deference due to agency's interpretation of its regulations); <u>Serono Labs. Inc. v. Shalala</u>, 158 F.3d 1313, 1320 (D.C. Cir. 1998) (same).  In sum, it was reasonable for the Board to adhere to its prior determination that it has authority to discipline individuals like Mr. Ramos who were attorneys but subsequently were disbarred.

Finally, EOIR's participation in the case also was entirely consistent with applicable procedures and regulations.  The regulations do not limit EOIR's ability to participate in disciplinary proceeding commenced by USCIS.  Instead, they expressly authorize EOIR to request that any disciplinary sanctions that restrict the practitioner's ability to practice before DHS also apply to the practitioner's ability to practice before the Board or the immigration courts.  See 8 C.F.R. § 292.3(c)(1).  There is nothing questionable about EOIR's decision to do so, notwithstanding Plaintiff's unfounded speculation to the contrary.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings should be

DENIED.

Dated July 17, 2007                              Respectfully submitted,


_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198  Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**Of Counsel:**

JENNIFER BARNES
Bar Counsel
United States Department of Justice,
   Executive Office for Immigration Review

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of July, 2007, I caused the foregoing Opposition to

be filed via the Court's Electronic Case Filing system, and to be served upon plaintiff, with a

copy of the Administrative Record, by first-class mail, postage prepaid, addressed as follows:

Anthony E. Mr. Ramos

1805 Key Blvd
Apartment 513
Arlington, VA 22201


                                                        _____/s/ Robin M. Meriweather_____
                                                        Robin M. Meriweather, DC Bar # 490114

U.S. Department of Justice

Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

==========================================================================

File:    D2005-216

Date:    APR 2 0 2006

In re:   STEPHEN J. ALEXANDER, ATTORNEY

IN PRACTITIONER DISCIPLINARY PROCEEDINGS

FINAL ORDER OF DISCIPLINE

ON BEHALF OF DHS:   Rachel A. McCarthy, Ethics Counsel

ON BEHALF OF GENERAL COUNSEL:   Jennifer J. Barnes, Bar Counsel

ORDER:

PER CURIAM. On April 22, 2005, in the United States District Court for the Central District of California (Western Division), the respondent was found guilty of subscribing to a false tax return, in violation of 26 U.S.C. § 7106(1). The crime is a "serious crime" within the meaning of 8 C.F.R. § 1003.102(h). On May 18, 2005, the review department of the State Bar Court suspended the respondent from the practice of law.

Consequently, on September 8, 2005, the Department of Homeland Security (the "DHS," formerly the Immigration and Naturalization Service), initiated disciplinary proceedings against the respondent and petitioned for the respondent's immediate suspension from practice before the DHS. On September 12, 2005, the Office of General Counsel for the Executive Office for Immigration Review (EOIR) asked that the respondent be similarly suspended from practice before EOIR, including the Board and immigration courts. Therefore, on September 16, 2005, we suspended the respondent from practicing before the Board, the Immigration Courts, and the DHS pending final disposition of this proceeding.

The respondent was required to file a timely answer to the allegations contained in the Notice of Intent to Discipline but has failed to do so. *See* 8 C.F.R. §§ 1003.105(c)(1); 1292.3(e)(3)(ii). The respondent's failure to file a response within the time period prescribed in the Notice constitutes an admission of the allegations therein, and the respondent is now precluded from requesting a hearing on the matter. 8 C.F.R. § 1292.3(e)(3)(ii).

The Notice recommends that the respondent be expelled from practice before the DHS. The Office of General Counsel of EOIR asks that we extend that discipline to practice before the Board and immigration courts as well. As the respondent failed to file a timely answer, the regulations direct us to adopt the recommendation contained in the Notice, unless there are considerations that compel us to digress from that recommendation. 8 C.F.R. §§ 1003.105(d)(2); 1292.3(e)(3)(ii).

D2005-216

On November 8, 2005, the Board declined to issue a final order of discipline. We noted that a pertinent regulation, 8 C.F.R. § 1292.3(c)(3) states that "... any such [summary disciplinary proceeding based on a respondent's criminal conviction] shall not be concluded until all direct appeals from an underlying criminal conviction have been completed." *See also* 8 C.F.R. § 1003.103(b). Docket entries concerning the respondent's crime indicated that the case was on direct appeal to the United States Court of Appeals for the Ninth Circuit. We declined to issue a final order of discipline until the respondent's direct appeal of his conviction had been resolved. The DHS has now presented evidence that the respondent's conviction has been affirmed by the Ninth Circuit.

Since the recommended discipline of expulsion is appropriate in light of the respondent's criminal conviction, we will honor it. Accordingly, we hereby expel the respondent from practice before the Board, the Immigration Courts, and the DHS. As the respondent is currently under our September 16, 2005, order of suspension, we will deem the respondent's expulsion to have commenced on that date. The respondent is instructed to maintain compliance with the directives set forth in our prior order. The respondent is also instructed to notify the Board of any further disciplinary action against him.

The respondent may petition this Board for reinstatement to practice before the Board, Immigration Courts, and DHS under 8 C.F.R. § 1003.107(b). In order to be reinstated, the respondent must demonstrate that he meets the definition of an attorney or representative, as set forth in 8 C.F.R. §§ 1001.1(f) and (j). *Id.*

_____

FOR THE BOARD

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:    D2004-070

Date:    AUG 2 0 2004

In re:    JEFFREY GONZALEZ-PEREZ, ATTORNEY

IN PRACTITIONER DISCIPLINARY PROCEEDINGS

FINAL ORDER OF DISCIPLINE

ON BEHALF OF DHS:    Rachel A. McCarthy, Ethics Counsel

ON BEHALF OF GENERAL COUNSEL:    Jennifer J. Barnes, Bar Counsel

ORDER:

PER CURIAM. On March 29, 2004, the respondent's license to practice law was forfeited in Virginia for non-payment of annual dues and non-compliance with professional liability filing; he is not a member in good standing of the Virginia State Bar. The respondent was suspended from the District of Columbia Bar on September 30, 2003, for non-payment of dues, and has not been reinstated to the practice of law in that jurisdiction.

Consequently, on June 10, 2004, the Department of Homeland Security (the "DHS," formerly the Immigration and Naturalization Service), initiated disciplinary proceedings against the respondent and petitioned for the respondent's immediate suspension from practice before the DHS. On June 29, 2004, the Office of General Counsel for the Executive Office for Immigration Review (EOIR) asked that the respondent be similarly suspended from practice before EOIR, including the Board and immigration courts. Therefore, on August 4, 2004, we suspended the respondent from practicing before the Board, the Immigration Courts, and the DHS pending final disposition of this proceeding.

The respondent was required to file a timely answer to the allegations contained in the Notice of Intent to Discipline but has failed to do so. *See* 8 C.F.R. §§ 1003.105(c)(1); 1292.3(e)(i). The respondent's failure to file a response within the time period prescribed in the Notice constitutes an admission of the allegations therein, and the respondent is now precluded from requesting a hearing on the matter. 8 C.F.R. § 1292.3(e)(ii).

The Notice recommends that the respondent be suspended from practicing before the DHS for a period of 2 years. The Office of General Counsel of EOIR asks that we extend that discipline to practice before it as well. Because the respondent failed to file a timely answer, the regulations direct us to adopt the recommendation contained in the Notice, unless there are considerations that compel us to digress from that recommendation. 8 C.F.R. §§ 1003.105(d)(2); 1292.3(e)(ii). Since the recommendation is appropriate in light of the sanctions in Virginia and the District of Columbia, we will honor it. Accordingly, we hereby suspend the respondent from practice before the Board, the Immigration Courts, and the DHS for a period of 2 years. As the respondent is currently under our August 4, 2004, order of suspension, we will deem the respondent's suspension to have commenced on that date.

After the suspension period expires, the respondent may petition this Board for reinstatement to practice before the Board, Immigration Courts, and DHS. *See* 8 C.F.R. §§ 1003.107(a); 1292.3(f). In order to be reinstated, the respondent must demonstrate that he meets the definition of an attorney or representative, as set forth in 8 C.F.R. § 1001.1(f) and (j). *Id.* Therefore, the respondent must show that he has been reinstated to practice law in Virginia and the District of Columbia before he may be reinstated by the Board. *See* 8 C.F.R. § 1001.1(f) (stating that term "attorney" does not include any individual under order suspending him from the practice of law). The respondent may seek earlier reinstatement under appropriate circumstances. *See* 8 C.F.R. §§ 1003.107(b); 1292.3(f).

FOR THE BOARD