UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
ANTHONY E. RAMOS                   )
                                   )
          Plaintiff,             )
                                   )
  v.                               )   Case Number: 1:06CV01941(RMU)
                                   )
UNITED STATES DEPARTMENT OF JUSTICE,)
et al.,                            )
                                   )
          Defendants.           )
_____)

**OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND TO SUPPLEMENT ADMINISTRATIVE RECORD**

    Defendants, through undersigned counsel, hereby oppose Plaintiff's Motion to Compel Production of Documents and to Supplement the Administrative Record.  This case is an appeal of a June 7, 2006 order in which the Board of Immigration Appeals (the "Board") denied Plaintiff Anthony E. Ramos's motion to reopen prior proceedings in which the Board expelled him from practicing before DHS, the Board, or immigration courts.  Pursuant to its authority to impose reciprocal discipline upon attorneys who have been disbarred or suspended in another forum, the Board expelled Ramos because the Florida bar had sanctioned him with "enhanced disbarment."[1]  Admin. Rec. 000494.  There is only one question before the Court in this appeal: whether the Board abused its discretion in determining that Plaintiff failed to introduce new, previously undiscoverable, material evidence that would warrant reopening the prior Board proceedings.  The certified administrative record contains all the information on which the Board relied when reviewing Plaintiff's motion to reopen the proceedings, and provides more than an

---

[1] Enhanced disbarment is Florida's most severe disciplinary sanction, and precludes the disbarred attorney from re-applying for admission to the Florida bar for twenty years.  Admin. Rec. 000494.

adequate basis for this Court to review the merits of Plaintiff's appeal.  Thus, the Court should deny Plaintiff's request to expand the record.

## ARGUMENT

It is a widely accepted principle that the administrative record is composed of the records on which the agency relied or considered in making its decision.  See Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971); Amfac Resorts, L.L.C. v. Dept. of Interior, 143 F. Supp. 2d 7, 12 (D.D.C. 2001); 5 U.S.C. § 706.  Moreover, there is a presumption that the agency has properly compiled the administrative record and judicial review is confined to that record.  Amfac Resorts, 143 F. Supp. 2d at 12; Texas Rural Legal Aid, Inc. v. Legal Services Corp., 940 F. 2d 685, 698 (D.C. Cir. 1991); International Longshoremen's Association, AFL-CIO v. National Mediation Board, 2006 WL 197461 (D.D.C. 2006); Bar MK Ranches v. Yuetter, 994 F. 2d 735, 739 (10th Cir. 1993).  To overcome the presumption that the record has been properly compiled, the plaintiff must show "clear evidence to the contrary."  Fund for Animals v. Williams, 245 F. Supp.2d 49, 55 (D.D.C. 2003) (internal citations omitted), vacated on other grounds, 428 F.3d 1059 (D.C. Cir. 2005).  The Court of Appeals for this Circuit has explained the rationale for such principles as follows:

> [J]udicial reliance on an agency's stated rationale and findings is central to a harmonious relationship between agency and court, one which recognizes that the agency and not the court is the principal decision maker.  Were courts cavalierly to supplement the record, they would be tempted to second-guess agency decisions in the belief that they were better informed than the administrators empowered by Congress and appointed by the President.  The accepted deference of court to agency would be turned on its head: the so-called administrative state would be replaced with one run by judges lacking the expertise and resources necessary to discharge the function they had arrogated unto themselves.

Amfac Resorts, supra,143 F. Supp 2d at 11, citing San Luis Obispo Mothers for Peace v. NRC, 751 F.2d 1287, 1325-26 (D.C. Cir. 1986)(en banc).

Plaintiff acknowledges, as he must, that there is a presumption against extra-record review in APA cases. See Dkt. Entry 43 at 6. Nonetheless, he has asked the Court to expand the administrative record to include four categories of documents, and to compel Defendants to produce those documents. Specifically, Plaintiff seeks: (a) "[a]ny and all letters and emails to and from the Florida Bar and EOIR counsel, Jennifer Barnes;" (b) "[a]ny and all letters and emails to and from EOIR counsel, Jennifer Barnes, and USCIS counsel, Rachel McCarthy;" (c) "[a]ll receipts from the immigration case of Antonio and Sonia Ferreira which were generated bearing the Petitioner's name, together with all office memoranda, letters or emails directing that the said documents be generated for this case;" (d) "[a]ll one hundred eleven alleged forms G-28 as plead to in the record." Mot. To Compel Production of Documents and to Supplement the Record, at 2-3 (Dkt. Entry 43) ("Mot. To Supplement"). There is no reason to expand the record or to permit Plaintiff to achieve the equivalent of discovery in this case.

Plaintiff has appealed only one Board order, and thus the only question before this Court is whether the Board's denial of his motion to reopen its prior proceedings was an abuse of discretion. The regulations required the Board to deny the motion unless Plaintiff offered "new facts" (supported by affidavits or other evidence) that he would present if the motion were granted, and unless "it appear[ed] to the Board that the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(i). The documents Plaintiff now seeks were not in the administrative record, and, by definition, were not attached to the motion to reopen. It follows that they are immaterial to the Court's review of whether the information Ramos did submit presented new, material facts warranting reopening of the Board's disciplinary proceedings. The two-volume certified administrative record provides more than sufficient materials for the Court to resolve

that question.

Even if these additional documents were relevant to the Court's resolution of Ramos's appeal, the case would not fit within any exception to the general rule that review of agency orders will be limited to the administrative record. The D.C. Circuit has recognized the following limited exceptions to that rule:

> (1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage.

Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989) (footnote containing citations omitted). Supplementation of the administrative record may also be allowed when there is a "strong showing of bad faith or improper behavior or when the record is so bare that it prevents effective judicial review." Fund for Animals v. Williams, 245 F. Supp.2d at 57-58 (emphasis added) (citing Commercial Drapery Contractors v. United States, 133 F.3d 1, 7 (D.C. Cir.1998)). Plaintiff argues that the third exception applies, i.e., that the Board considered evidence that it failed to include in the record, and that Defendants acted in bad faith. Both arguments are groundless.

The allegations in Plaintiff's motion contradict his claim that the materials he seeks to add to the record are documents on which the Board relied when making its decision. Plaintiff describes the documents he now seeks as "those documents which the immigration Judge, could have, and should have, had available to him," and accuses the EOIR and DHS prosecutors of hiding relevant materials from the tribunal. Mot. To Supp. at 2 (Dkt. Entry 43). If the materials

were withheld from the immigration judge and the Board, the Board could not have relied on them, and exception three cannot apply to this case. Requiring Defendants to supplement the record to include those materials would violate the well-settled principle that "the administrative record should not include materials that were not considered by agency decisionmakers." Pacific Shores Subdivision, Ca. Water Dist. v. United States Army Corps of Engineers, 448 F. Supp. 2d 1, 4 (D.D.C. 2006).

Moreover, the materials Ramos seeks are immaterial to the jurisdictional questions he has raised. Assuming arguendo that there were additional communications between the DHS and EOIR bar counsel (who prosecuted this case) and the Florida bar, those communications would not alter the fact that Ramos was disbarred. The fact of Ramos's enhanced disbarment was sufficient on its own to trigger the reciprocal discipline. 8 C.F.R.§ 292.3(c)(3). The enhanced disbarment created a rebuttable presumption of professional misconduct, which could be overcome only by showing the underlying disbarment proceedings deprived the attorney of due process, that there was insufficient proof of misconduct, or that imposing discipline would result in a grave injustice. Id. § 292.3(c)(3)(ii). The immigration judge concluded that Ramos did not rebut that presumption. Admin. Rec. 000005, 000246.

The regulations do not make reciprocal discipline contingent on an individual's prior participation in DHS, Board, or immigration court proceedings.[2] See 8 C.F.R. § 292.3(c)(3). Accordingly, the categories of documents that Ramos appears to believe would support his claim that he has never practiced before DHS, the Board, or immigration courts, have no bearing on the

---

[2] Defendants have addressed this issue in their opposition to Plaintiff's motion for judgment on the pleadings, and their reply in support of Defendants' motion for summary judgment. See Dkt. Entry 35 at 3-5; Dkt. Entry 47 at Part II-B-2. The arguments from those briefs are incorporated herein by reference.

Court's jurisdictional analysis. It is true that the numerous G-28 forms in which Ramos was identified as the "attorney or agent" of individuals involved in DHS immigration proceedings were referenced in one of the orders that preceded the June 7, 2006 order that is appealed here. Admin. Rec. 00004-00005. However, eight of those forms were submitted to the immigration judge, and are already in the record. Admin. Rec. 000037-000043. Thus, if Ramos's appearance in DHS proceedings were relevant to the Board's jurisdiction (and it is not), neither the Board nor this Court would need to review any additional G-28 forms to resolve that question. In sum, this is not a case in which the agency has deliberately excluded from the administrative record relevant materials that are adverse to its decision. See National Wilderness Inst. v. United States Army Corps of Engineers, No. 01-0273, 2005 WL 691775, at *11 (D.D.C. Mar. 23, 2005) (denying motion to supplement record and concluding evidence allegedly excluded from administrative record was not "adverse" to the agency's decision).

Plaintiff has not come close to making the "strong showing" of bad faith necessary to invoke an agency's improper behavior as a basis for supplementing the record. James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1096 (D.C. Cir. 1996). The attorney discipline regulations do not require EOIR or DHS bar counsel to produce correspondence with each other or any outside bar officials. Nor do the regulations require the production of each G-28 signed by the person being disciplined, or other confirmation that the individual has "practiced" before DHS, the Board, or immigration courts. Thus there is no basis on which to infer that bar counsel's failure to voluntarily produce those documents constituted bad faith. As explained above, the Board did not need those materials to evaluate the petition for reciprocal discipline or the jurisdictional defenses Ramos raised.

At bottom, the motion to supplement is a thinly-veiled attempt by Plaintiff to obtain the discovery he unsuccessfully sought at multiple stages of the administrative proceedings. See Admin. Rec. 000004 (Dec. 6, 2004 Order) (noting that Ramos had "improperly filed . .. requests for admissions, interrogatories, and a request to produce documents"). However, Ramos had no right to discovery at the administrative level, as the immigration judge properly determined. See id. (granting the DHS motion to strike discovery because discovery is not allowed in attorney discipline proceedings); Trailways Lines, Inc. v. ICC, 766 F.2d 1537, 1546 (D.C. Cir. 1985) (affirming agency's denial of petitioner's request for discovery during administrative proceedings). He also has no right to obtain discovery in this Court. Discovery in an APA case is permitted in two limited circumstances: (1) where there has been a "strong showing of bad faith or improper behavior;" or (2) where "discovery provides the only possibility for effective judicial review and when there have been no contemporaneous administrative findings." Community for Creative Non-Violence v. Lujan, 908 F.2d 992, 997 (D.C. Cir. 1990). As noted above, there is no evidence of bad faith or improper behavior. Given that the record spans two volumes and includes nine hundred and twenty six pages, this is not the "rare case in which the record is so bare as to frustrate effective judicial review." Id. Thus Defendants should not be compelled to produce the documents Plaintiff seeks.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Compel Production of Documents and to Supplement Administrative Record should be DENIED.

Dated July 17, 2007                             Respectfully submitted,

       /s/ Jeffrey A. Taylor (by MJ)
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

       /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

       /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198  Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 17th day of July, 2007, I caused the foregoing Opposition to be filed via the Court's Electronic Case Filing system, and to be served upon plaintiff by first-class mail, postage prepaid, addressed as follows:

Anthony E. Ramos
1805 Key Blvd
Apartment 513
Arlington, VA 22201

          /s/ Robin M. Meriweather
         Robin M. Meriweather, DC Bar # 490114