UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY E. RAMOS

    Petitioner,

vs.

                                Civil Action No.: 06 1941 (RMU)

EXECUTIVE OFFICE OF IMMIGRATION
REVIEW and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICE BOARD OF IMMIGRATION
APPEALS

    Respondents.

RECEIVED

JUL 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## REPLY TO OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TO SUPPLEMENT ADMINISTRATIVE RECORD

As with the emotional appeal made in their Opposition to the Petitioner's Motion for Judgment on the Pleadings, the Respondents again turn to an effort to impugn the Petitioner, in order to cover up their fraud upon the Court. They took the same route below, and it was in this dramatic manner, that they were able to deprive the Petitioner of a hearing.

The Petitioner makes reference to EOIR attorney, Barnes and BIA attorney, McCarthy by name only for purposes of identification, and in order that this Court not be misled into believing that his presentation include any other attorneys, including those who are currently handling this matter. The attorneys currently handling this matter have been exceedingly professional and courteous. In other words, the Petitioner wishes to be

precise, as he would when identifying any other witness in any other court case, only as that person relates to the case.

It is common knowledge that the Petitioner was disbarred nearly ten years ago for twenty years. It is also common knowledge that, on the eve of his trial, where a settlement had been reached, the Petitioner's attorney was able to convince the referee to allow him to withdraw from the case. The Petitioner was in Washington, D.C. on that day, and had no knowledge of the hearing. He learned of the hearing, seven years later, in 2005. It is also common knowledge that the settlement called for a five-year suspension. On the day of the hearing, however, there was nobody present to represent the Petitioner. It is also part of the record below, and therefore this record, that the referee in that case, the Honorable Howard, H. Harrison, Jr., has provided sworn testimony, in support of Petitioner's admission to the D.C. Bar. Had the hearing occurred in this matter, he would similarly, have provided sworn testimony. It is also common knowledge that, for a number of years one of the Petitioner's paralegals embezzled substantial sums from the Petitioner's trust account. Finally, it is common knowledge that the Petitioner paid back all of those funds, with interest.

As such, it will always be easy to make derogatory comments about the Petitioner, as was done in the Opposition, and as was done in the insulting Order from which this Petition for Review is taken. This Court may contrast this behavior on the part of the Respondents with the attachments to their Opposition to the Motion for Judgment on the Pleadings. Those opinions contain, possibly, one sentence about the attorneys who were disciplined. It took a computer search to discover the true facts.

At the same time, it is common knowledge that the Petitioner is the founding President of the Palm Beach County Hispanic Bar Association. It is common knowledge that, in that position, he led the successful drive to desegregate the bench in that county for Hispanics and Latinos. He has a letter of praise from the former chief judge of the state judicial circuit. That judge is now a sitting District Court Judge, for the U.S. District for South Florida. It is also common knowledge that, in addition to a long list of charitable and civic contributions, the Petitioner, with his former wife, adopted two abandoned foster children while they were still infants. One is now a senior in college, and the other works construction. The Petitioner, in addition, has two children from that marriage. Were a hearing to have taken place, the tribunal would have had the benefit of all this evidence.

It is also known to the parties, that, while the fake case was being created against him by the Respondents, the Petitioner's application to the D.C. Bar was pending. McCarthy and a D.C. Bar admissions committee staffer were in constant email contact with each other. This was discovered as part of the FOIA search. There could have been, therefore NOTHING that the Petitioner would have done to jeopardize his chances to rebuild his career. Among the reasons for denial: This case.

But what does any of this have to do with immigration? Nothing.

Given the Opposition to the Motion to Compel, this much, however, is now, finally, clear:

    a)    Since the alleged 111 G-28s will not be forthcoming, BIA attorney Rachel McCarthy made a false allegation in the pleadings below. This allegation was made solely for the

purpose of inflaming the tribunal into believing that the Petitioner had gone into some sort of immigration business and recklessly began filing forms G-28. As the Petitioner showed in his Motion for Judgment on the Pleadings, the tribunal below made clear that this allegation was significant to its disposition of the case. This was a false and fraudulent allegation, made intentionally by BIA attorney, McCarthy, solely for the purpose of having the tribunal rely on it, and the tribunal did rely on it. This is not only bad faith, it is fraud upon the court;

b) Since BIA McCarthy has refused to file an affidavit rebutting the Petitioner's charge that she counterfeited documents, it must be taken as true that she did, in fact, counterfeit the documents. This is not only bad faith, this is a fraud upon the tribunal;

c) Since EOIR attorney, Barnes, has refused to file an affidavit rebutting her letter, the letter must be taken as true. While there may always be some argument in any motion to extend jurisdiction under the regulations cited by the Respondent, the motion must be based upon facts which show that the Petitioner was actually in that particular tribunal. The Barnes letter, which must now be taken as true, proves the opposite: The Petitioner was never in EOIR, which includes BIA. He never practiced law in immigration, and never practiced law in any removal or deportation proceedings. Under the order of the Attorney

General, the employer of the Respondents, as cited in the Petitioner's motion for judgment on the pleadings, there are no factual or legal circumstances under which this case could have been brought. The order of the Attorney General clearly provides the necessary detail as to how the regulations may be applied. The argument of the Respondents concerning the regulations is simply incorrect.

This emotional appeal is made, therefore, solely to convince this Court to pursue the same path as that which was pursued below. Barnes and McCarthy were very adept at maligning the Petitioner below, and creating a fake case. Both have worked for the Respondents for years. Barnes' office is down the hall from the Board's office. What chance, upon making the horrific facts of a fraud upon the tribunal known, did the Petitioner have of getting a hearing, much less a fair hearing?

The Respondents, therefore, would urge this Court to excuse significant evidence of behavior on the part of Barnes and McCarthy, committing a deliberate fraud upon the tribunal, on the pretext that the Petitioner is such a bad person, that their actions can be excused. The Respondents have been unable to point to a single case, or a single regulation, or any authority, which would void the AG order cited in his motion. They are also unable to cite a single case which goes against the *Soininen* case, analyzed at length in the Petitioner's brief. The signing of a G-28 by someone who lists themselves as an agent does not convert that person into one of the three categories that are governed by the regulations, and does not convert a non-attorney into an attorney. It is simply not prohibited for purposes of jurisdiction. There is simply no law which allows for

reciprocal discipline of someone who is not an attorney and who never held himself out as an attorney. The Petitioner's status as an attorney would only have been relevant and actionable if, at the time he was an attorney, was practicing law, not 'practicing,' he was also practicing law before an immigration court and handling either a case of deportation or removal. Reciprocal discipline is not a tool to go after former lawyers who have never practiced law in immigration, and most importantly, not a tool to malign former attorneys who are making serious efforts to move forward with their lives and who have otherwise completely rehabilitated themselves.

Barnes and McCarthy seek to excuse their own behavior on the pretext of protecting the public. The public needs protection from Barnes and McCarthy.

The motion for judgment on the pleadings should be granted, since it is obvious that the Respondents did not file a responsive pleading because they have no defense to this action. If the motion for judgment on the pleadings is not granted, this Court should grant the Motion to Compel and to Supplement the Administrative Record, order the immediate production of the documents, and as part of the order make the following finding of fact: As a result of the Respondents' failure to address the issue raised by the Petitioner concerning the alleged 111 forms G-28, this Court finds that the said G-28s do not exist, and did not exist at the time the Respondents filed this matter below. This Court, therefore, hereby supplements the record in these proceedings, finding that the allegation by the Respondents concerning the said 111 G-28s was false, misleading, and highly prejudicial to the Petitioner. The consideration of the said false allegation by the tribunal below, without having order the full substantiating production of same, constitutes an abuse of discretion, requiring the vacating of all orders below.

Finally, this Court should then enter an appropriate scheduling order in this matter, consistent with the Petitioner's request in his status report and supplement to status report.

RESPECTFULLY SUBMITTED,

_____
Anthony E. Ramos, pro se
1805 Key Blvd.
Apt. 513
Arlington, VA 22201
202-321-7969
tramos520@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of June, 2007, the original and one copy of the foregoing were mailed via U.S. mail to the clerk, and that a copy was mailed, via U.S. mail and emailed to: Robin M. Meriweather, Esquire, Assistant United States Attorney, 555 Fourth Street, NW, Washington, DC 20530

_____
Anthony E. Ramos