UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
SEP 1 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTHONY E. RAMOS

Petitioner,

vs.                                    Civil Action No.: 06 1941 (RMU)

EXECUTIVE OFFICE OF IMMIGRATION
REVIEW and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICE BOARD OF IMMIGRATION
APPEALS

Respondents.

---

## PRAECIPE

The Clerk of said Court will please provide to the presiding Judge the attached proposed order, with the request that same be, most respectfully, entered.

RESPECTFULLY SUBMITTED,

Anthony E. Ramos, pro se
1805 Key Blvd.
Apt. 513
Arlington, VA
202-321-7969
tramos520@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of September, 2006, the original and two copies of the foregoing were filed with the clerk, and that two copies were mailed, via email and U.S. mail to: Robin M. Meriweather, Esquire, Assistant United States Attorney, 555 Fourth Street, NW, Washington, DC 20530

_____
Anthony E. Ramos

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY E. RAMOS

    Petitioner,

vs.                                                                 Civil Action No.: 06 1941 (JU)

EXECUTIVE OFFICE OF IMMIGRATION
REVIEW and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICE BOARD OF IMMIGRATION
APPEALS

    Respondents.

---

### ORDER GRANTING PETITION FOR REVIEW WITH PREJUDICE

THIS CAUSE came on to be heard before this Court on the Petitioner's Petition for Review, and the Court having reviewed the Brief and the entire record in this matter and being otherwise duly advised in the premises, it is

CONSIDERED and ORDERED that the Petition for Review be and the same is hereby GRANTED, with prejudice.

It is further CONSIDERED and ORDERED that all orders and judgments entered below be and the same are hereby vacated with prejudice.

It is further CONSIDERED and ORDERED that the Respondents are directed to immediately delist the Petitioner from their Internet postings, and to circulate a copy of this Order to all media outlets and other persons or entities to which any press releases were sent.

In support of this Order, the Court makes the following findings of fact and conclusions of law:

1. The Respondents from the outset, lacked standing in these proceedings.

2. The Respondents, from the outset, lacked jurisdiction over the Petitioner in these proceedings.

3. The tribunal below abused its discretion in failing to provide to the Petitioner an evidentiary hearing, which he had duly and timely requested and to which he was legally entitled. Had such a hearing taken place, the Petitioner would have had the opportunity to prove his case concerning issues he raised from the outset of these proceedings, namely, lack of standing and lack of jurisdiction. The Petitioner had previously practiced for sixteen of the sixteen years in which he had practiced law exclusively as a jury trial lawyer, so that it could not have been said, and cannot be said, that the Petitioner raised the said defenses in bad faith.

4. The tribunal below abused its discretion when considering and relying upon the allegation of the Respondent, USCIS, that the Petitioner filed one hundred eleven forms G-28, without requiring of and demanding from the said Respondent, proof that the said documents existed. The said documents are not in the record, and the said Respondent has made no attempt to make the said alleged documents a part of the record. As a finding of fact, therefore, this Court hereby concludes that the said documents do not exist.

5. The tribunal below abused its discretion in permitting the Respondent, EOIR, to join in this action without requiring the said Respondent to prove up its allegation that it had standing to enter into these proceedings, and to prove up its allegation that the

Petitioner had practiced law before it. The letter of EOIR attorney, Barnes, clearly shows that Respondent, EOIR, never had standing in these proceedings, and further, that it had no jurisdiction over the Petitioner. As a finding of fact, therefore, this Court concludes that the Respondent, EOIR, lacked and lacks standing and jurisdiction over the Petitioner.

6. The tribunal below abused its discretion in adopting, without requiring relevant, and therefore admissible authenticating evidence, that the Petitioner had been involved in filing the Ferreira matter, which, according to Respondents, had been rejected by immigration authorities. Had the tribunal required the said proof, the Petitioner's allegation that the said documents had been counterfeited by the Respondents, would have come to light, and the case would have been rejected on those grounds. As a finding of fact, therefore, this Court concludes that the Respondents created the said documents solely for the purpose of falsely bolstering their and case, and further that the tribunal below abused its discretion when it adopted as proof the said documents in reliance on the said representation by the Respondents.

7. The tribunal below abused its discretion by failing to apply the law concerning forms G-28 in concluding that the signing of several forms G-28 by the Petitioner, as an agent, constituted practicing law in immigration. There in no prohibition against anyone signing a G-28 as an agent. *In Re Soininen*, 853 A.2d 712 (D.C. 2004). Had the Petitioner signed the form as an attorney, which is it clear that he did not, he could have been subjected to other penalties. Given that the form provides for signature by 'others' a form produced by the Respondents, the Attorney General has held that such practice is not prohibited.

8. The tribunal below abused its discretion in applying the theory of reciprocal discipline in this matter, and therefore, the Respondents lacked standing and jurisdiction over the Petitioner. The Respondents have failed to produce a single case in the entire history of American jurisprudence where reciprocal discipline has been applied under circumstances where the attorney was not simultaneously practicing law before the principal bar and the reciprocating bar at the time of the original discipline.

In this case, the tribunal reached back fully seven years to the Petitioner's disbarment in 1997, to expel him in 2004. Under this theory, no matter the level of rehabilitation, or subsequent admission or re-admission, any administrative body could always reach back any number of years to discover a sanction. With that, the said administrative body could automatically discipline any person, irrespective of whether the person had ever practiced law in that body at the time of the original sanction.

In a hypothetical situation where, for example, such person has rehabilitated him or herself before another bar association, the Respondents would always be free to reject any application to practice law on the theory that, at some point in the past, and without ever having practiced law before it, such person would be preemptively expelled from practicing law in that tribunal.

For example, were the Petitioner to be admitted to practice law in the District of Columbia, he would also be entitled to practice law before this Court. This Court would not, therefore at that time, have reciprocal discipline jurisdiction to disbar him, based on his long ago disbarment. There is no such theory of recovery for reciprocal discipline.

9. The Petitioner is awarded such costs as he may prove consistent with the filing of the Petition and available as taxable costs, and the Court reserves jurisdiction to enter such further orders as are consistent with the enforcement of this Order.

DONE and ORDERED in Chambers this _____ day of _____, 2007.

_____
U.S. District Judge

conformed copies to:

Anthony E. Ramos, pro se, Petitioner
1805 Key Blvd.
Apt. 513
Arlington, VA 22201

Robin M. Meriweather, Esquire, Counsel for Respondents
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530

