UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
OCT 0 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTHONY E. RAMOS

    Petitioner,

vs.                                                                     Civil Action No.: 06 1941 (RMU)

EXECUTIVE OFFICE OF IMMIGRATION
REVIEW and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICE BOARD OF IMMIGRATION
APPEALS

    Respondents.

---

### REPLY TO RESPONDENTS; RESPONSE IN OPPOSITION TO PETITIONER'S PRAECIPE OF SEPTEMBER 26, 2007

1. The Petitioner filed a praecipe requesting the entry of an order granting the requested relief as set forth in the proposed order as attached to the praecipe.

2. The Petitioner filed the praecipe because it remains apparent that the Respondents will be unable to rebut any of the critical facts of this case. The Respondents claim to have filed a motion for summary judgment which exonerates them, but that motion was filed prior to the time when the record was filed in this cause. Once the record was filed, the following facts became apparent, and these should permit for the Court to grant the requested relief as set forth in the proposed order:

a) The pleading drafted by the Respondents charging the Petitioner with having signed 111 forms G-28, is false. This is known because the purported 111 forms G-28 are not a part of the record;

b) The Respondents created counterfeit documents using government paper and affixed the Petitioner's name to the false documents in order to buttress the false allegation concerning the alleged 111 forms G-28. It is known that the documents were counterfeited by the Respondents because, were it otherwise, the Respondents would have included in the record, the supporting forms which form the underlying basis of the counterfeit documents;

c) The Respondent, EOIR, knowingly attempted to enter this matter knowing that it had no standing and the tribunal had no jurisdiction in this matter. It is known that EOIR's entry was fraudulent because EOIR attorney, Barnes, sent a letter to the Florida Bar, advising that the Petitioner had never appeared before EOIR. With the record filed, EOIR had every opportunity to prove that it had standing, and that the tribunal had jurisdiction over the Petitioner. EOIR failed to file anything in that regard.

3. The Petitioner also believed, at the time of filing the praecipae, since the file had been dormant with the Court for some time, that it was apparent that the tribunal below abused its discretion in failing to demand the supporting documentation concerning the items listed above. The abuse of discretion was particularly acute because the Petitioner immediately demanded a hearing and immediately raised the issue of jurisdiction. The tribunal never allowed for the hearing to go forward.

4. It is not clear, therefore, whether the Respondents' Response is merely counterintuitive, or an attempt to delay final action on this matter. If the latter, however, the Petitioner requests, again, that this matter be set for a full hearing before this Court at the earliest possible date. It is not enough to conduct a paper review of the motions filed if the Respondents are determined to proceed, since it would be critical to the Court to understand the orderly presentation of the record, relative to the events as they transpired.

RESPECTFULLY SUBMITTED,

_____
Anthony E. Ramos, pro se
1805 Key Blvd.
Apt. 513
Arlington, VA 22201
202-321-7969
tramos520@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of October, 2007, the original and one copy of the foregoing were mailed via U.S. mail to the clerk, and that a copy was mailed, via U.S. mail and emailed to: Robin M. Meriweather, Esquire, Assistant United States Attorney, 555 Fourth Street, NW, Washington, DC 20530

_____
Anthony E. Ramos