UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY E. RAMOS

    Petitioner,

vs.                                             Civil Action No.: 06 1941 (RMU)

EXECUTIVE OFFICE OF IMMIGRATION
REVIEW and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICE and BOARD OF IMMIGRATION
APPEALS

    Respondents.

**RECEIVED**

OCT **2 3** 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

### PETITIONER'S RENEWED REQUEST FOR HEARING

COMES NOW, the Petitioner, pro se, and files the Renewed Request for Hearing, and states:

1. Prior to filing this Request, the Petitioner contacted the Respondents to determine if the Respondents object to this Request. The Respondents object to this Request.

2. This matter has lain dormant in this Court for some time and is causing the Petitioner great professional harm.

3. Nearly three years ago, the Respondents initiated the proceedings below, and those proceedings were, from the outset a sham.

4. Immediately upon the said proceedings being initiated, and in December, 2004, the Petitioner demanded a hearing below, and he was legally entitled to a hearing.

5. The tribunal below abused its discretion by failing to proceed with an evidentiary hearing.

6. Upon the refusal to proceed with a full evidentiary hearing, to which the Petitioner was entitled, the tribunal, therefore, was fully and legally obligated to verify each and every factual allegation made by the Respondents in their complaints and motions, together with the allegations raised by the Petitioner in his responses and motions. It is clear that the tribunal below wholly abdicated this necessary task, insuring a double loss of due process to the Petitioner, once in denying the hearing, and the second time in wholly failing to verify the evidence in support of the allegations.

7. Had either of those two events occurred, a hearing or a thorough and complete evidentiary review of the file by the tribunal, the tribunal would have discovered that:

    a) There is no such cause of action in American jurisprudence for what can only be described as the Respondents' theory of transcendental retroactive reciprocal discipline;

    b) The allegation that the Petitioner signed 111 forms G-28 is false, and there are no such forms G-28 anywhere in the record;

    c) The Respondents, USCIS, in order to beef up its case against the Petitioner, created an entire set of counterfeit documents, inventing an immigration case, and attaching the Petitioner's name to it. The only document it did not counterfeit was a form G-28 for that case. The said Respondent has never produced the underlying forms which would have rebutted the fact that the documents were counterfeited. No such documents ever existed and none are in the record. The documents were counterfeited by the said Respondent;

d) The Respondent, EOIR, knew that it had no standing and no jurisdiction over the Petitioner, and intentionally and fraudulently kept from the tribunal its own document which exonerates the Petitioner. The said Respondent specifically advised the Florida Bar, by letter, that the Petitioner had never appeared before it. It was only after the Petitioner initiated proceedings before this Court that the said Respondent acknowledged the existence of the said letter, which the Petitioner had obtained in a Freedom of Information Act request.

8. The Respondents, therefore, should be given the opportunity to come before this Court, in open court, answer to the charge that the proceedings below were a complete sham.

9. The Petitioner does not file this Renewed Request for purposes of creating litigation or for any reason other than so that he may proceed to conclude this matter and exonerate himself. The Petitioner practiced solely as a jury trial lawyer for all of the sixteen years in which he practiced law, so that it cannot be said that this Request is filed without the benefit of counsel or for any reason other than to request that the Court move this matter forward.

WHEREFORE, the Petitioner requests the entry of an order setting this matter for hearing on the next available docket.

RESPECTFULLY SUBMITTED,

_____
Anthony E. Ramos, pro se
1805 Key Blvd.
Apt. 513
Arlington, VA 22201
202-321-7969
tramos520@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of October, 2007, the original and one copy of the foregoing were mailed via U.S. mail to the clerk, and that a copy was mailed, via U.S. mail and emailed to: Robin M. Meriweather, Esquire, Assistant United States Attorney, 555 Fourth Street, NW, Washington, DC 20530

_____
Anthony E. Ramos