UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY E. RAMOS

        Petitioner,

vs.                                        Civil Action No.: 06 1941 (RMU)

EXECUTIVE OFFICE OF IMMIGRATION
REVIEW and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICE BOARD OF IMMIGRATION
APPEALS

        Respondents.

**RECEIVED**

**NOV - 8 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

### REPLY TO DEFENDANTS' (RESPONDENTS') MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S (PETITONER'S) MOTION FOR A HEARING

COMES NOW the Petitioner, Anthony E. Ramos, pro se, and files this Reply to Defendants' (Respondents') Memorandum of Points and Authorities in Opposition to Plaintiff's (Petitioner's) Motion for Hearing, and states:

1. In many cases, apparently including this one, where a party, here the Respondents, appear to be having difficulty with the evidentiary proof leading up to trial, that party will fall back on the notion of wanting to avoid overburdening the Court with a case. This Court, however, has not signaled that it is being burdened by this case. If it were, however, it would be the burden of not having the opportunity to hear the Respondents provide a response in this case.

2. For three years and three days now, the Respondents have taken the opportunity to cause severe harm to the personal and professional reputation of the Petitioner.

3. On each and every occasion prior to filing a paper in this Court, the Petitioner has requested that the Respondents drop this matter and, therefore do the correct thing.

4. In each instance, the Respondents have rebuffed the Petitioner.

5. Given that, it is clear that the Respondents wish to proceed to trial in this matter.

6. This Court should hear this matter in open court because the Respondents started this case with a cause of action that has never existed in American jurisprudence. There is not a single case describing it, and the Petitioner has found no law review article or any other legal journal article describing it. The alleged cause of action has no elements by which the filer would have to prove up, and a respondent would be in a position to defend. It is transcendental in nature, and therefore, can only be described as transcendental retroactive reciprocal discipline. Surely, the Respondents would wish to explain this cause of action to the Court.

7. Aside from having been filed under the pretense of no known cause of action, one of the parties, EOIR, never had any standing, and never had any jurisdiction over the Petitioner; all of the Respondent made a false and fraudulent statement in the actual complaint, concerning forms G-28; and the remaining Respondents counterfeited a case for reasons which are only known to the said Respondents.

8. Even though, therefore, this matter would be heard on the record, which should be enlarged, that fact alone would not obviate the necessity and benefits of a hearing, since it would give all parties the opportunity to marshal the record in a manner

and in an order that would allow the Court to examine the facts as each side would wish for the Court to have them heard.

9. This matter should, therefore, proceed to a hearing at the earliest possible opportunity.

RESPECTFULLY SUBMITTED,

Anthony E. Ramos, pro se
1805 Key Blvd.
Apt. 513
Arlington, VA 22201
202-321-7969
tramos520@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of November, 2007, the original and one copy of the foregoing were mailed via U.S. mail to the clerk, and that a copy was mailed, via U.S. mail and emailed to: Robin M. Meriweather, Esquire, Assistant United States Attorney, 555 Fourth Street, NW, Washington, DC 20530

Anthony E. Ramos