UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ANTHONY E. RAMOS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Case No.: | 06-1941 (RMU) |
| | : | | |
| v. | : | Document No.: | 15 |
| | : | | |
| UNITED STATES DEPARTMENT | : | | |
| OF JUSTICE *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

MEMORANDUM OPINION

GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I.   INTRODUCTION

On December 18, 1997, the State Bar of Florida disbarred the *pro se* plaintiff from legal practice in that state. In a reciprocal disciplinary decision[1] issued on December 6, 2004, the Board of Immigration Appeals ("the Board") disbarred the plaintiff from practice before it, immigration courts and the Department of Homeland Security ("DHS"). The plaintiff moved for the Board to reopen the disciplinary proceedings that resulted in his expulsion from practice and authorized publication of the disciplinary action against him. The Board denied that motion. The plaintiff now appeals to this court to review the Board's denial of his motion to reopen the

---

[1] Federal regulations authorize the Department of Homeland Security to seek immediate suspension of any practitioner who has been disbarred or suspended by another state or federal court. 8 C.F.R. §§ 292.3(c)(1), 1292.3 (c)(1). In summary disciplinary proceedings commenced because of a final order of disbarment or suspension, a certified copy of the disbarment or suspension establishes a "rebuttable presumption of the professional misconduct." *Id.* §§ 292.3(c)(3)(ii), 1292.3(c)(3)(ii). Reciprocal disciplinary sanctions will be issued unless the attorney rebuts the presumption. *See id.*

proceedings, and he seeks a mandatory injunction[2] against the defendant,[3] requiring it to remove internet listings of his disbarment during the pendency of the case. The defendant argues that the plaintiff is not entitled to any injunctive relief because he is not likely to succeed on the merits of his underlying claims, and it moves for summary judgment because there is no genuine issue of fact and because it is entitled to judgment as a matter of law. Because the Board properly considered and, in its discretion, denied the plaintiff's motion to reopen the disciplinary proceedings, the court grants the defendant's motion for summary judgment.

## II. BACKGROUND

### A. Factual History

The plaintiff is an attorney who formerly practiced law in the state of Florida. Admin. Record ("AR") at 000147 (Sup. Ct. of Fl. Order Dec. 18, 1997). As the result of numerous instances of professional misconduct including lying to a tribunal, misappropriation of client funds, forging client signatures, misrepresentation to successor counsel, improper collection of excessive fees and representing a client without authority, the Supreme Court of Florida disbarred the plaintiff from practice in that state on December 18, 1997. AR at 000148-162.

In addition to practicing law in Florida, the plaintiff has also entered his appearance on behalf of clients before the immigration courts within the DHS. AR at 000037-43. On

---

[2] The plaintiff clarifies in his reply to the defendants' opposition to his motion for a mandatory injunction that he is not seeking a preliminary injunction. Pl.'s Opp'n to Def.'s Mot. for Summ. J. and Reply to Def.'s Opp'n to Pl.'s Mot. for Mandatory Injunction at 13 (stating that "[t]here is simply no motion for a preliminary injunction pending in this matter"). It remains unclear precisely what relief the plaintiff seeks in his motion. Regardless, the judgment rendered herein renders the plaintiff's motion for a mandatory injunction moot, and the court denies the motion.

[3] The court will refer to the defendants in the singular.

December 6, 2004, the Board initiated reciprocal disciplinary proceedings and expelled the plaintiff from practicing before the Board, the immigration courts and the Department of Homeland Security. *See* AR at 000004-5. The plaintiff administratively challenged that decision through various filings, but the Board rebuffed his attempts because "[t]he final order of disbarment [in Flordia] creat[ed] a rebuttable presumption that disciplinary sanctions should follow." Def.'s Opp'n to Pl.'s Mot. for Mandatory Inj. and Mot. for Summ. J. ("Def.'s Mot."), Ex. 1 at 2 (citing 8 C.F.R. § 1292.3(c)(3)). The Board concluded that the plaintiff failed to rebut this presumption. AR at 000245-46. The defendant subsequently published notice of the plaintiff's disbarment on two webpages: one, a publication of the plaintiff's name in a list of attorneys who have been disciplined, and the other, an Executive Office of Immigration Review press release reporting that the plaintiff and other attorneys have been disciplined. Def.'s Mot. at 2.

### B.   Procedural History

The plaintiff initiated this action before the D.C. Circuit Court, but that court, lacking jurisdiction, transferred the case to this court on November 14, 2006. The plaintiff is now before this court, seeking review of the Board's refusal to reopen the disciplinary proceedings and asking the court to compel the defendants to remove internet postings that publicize the results of the Board's disciplinary proceedings.[4] On May 10, 2007, the defendant filed a motion for summary judgment, which the plaintiff opposes. The court now considers that motion.

---

[4]   The plaintiff has filed a bevy of motions seeking a variety of relief. Because the court concludes, *infra*, that the defendant is entitled to summary judgment, the court hereby denies all outstanding motions as moot.

### III.  ANALYSIS

#### A.  Legal Standard for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.*

The moving party may defeat summary judgment through factual representations made in a sworn affidavit if he "support[s] his allegations . . . with facts in the record," *Greene*, 164 F.3d at 675 (quoting *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993)), or provides "direct

4

testimonial evidence," *Arrington v. United States*, 473 F.3d 329, 338 (D.C. Cir. 2006). Indeed, for the court to accept anything less "would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial." *Greene*, 164 F.3d at 675.

### B.  Legal Standard for Judicial Review of Agency Actions

The Administrative Procedure Act ("APA") entitles "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . to judicial review thereof." 5 U.S.C. § 702. Under the APA, a reviewing court must set aside an agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 706; *Tourus Records, Inc. v. Drug Enforcement Admin.*, 259 F.3d 731, 736 (D.C. Cir. 2001). In making this inquiry, the reviewing court "must consider whether the [agency's] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Marsh v. Oregon Natural Res. Council*, 490 U.S. 360, 378 (1989) (internal quotations omitted). At a minimum, the agency must have considered relevant data and articulated an explanation establishing a "rational connection between the facts found and the choice made." *Bowen v. Am. Hosp. Ass'n*, 476 U.S. 610, 626 (1986); *Tourus Records*, 259 F.3d at 736. An agency action usually is arbitrary or capricious if

> the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Veh. Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); *see also County of L.A. v. Shalala*, 192 F.3d 1005, 1021 (D.C. Cir. 1999) ("Where the agency has failed

to provide a reasoned explanation, or where the record belies the agency's conclusion, [the court] must undo its action").

As the Supreme Court has explained, however, "the scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Veh. Mfrs. Ass'n*, 463 U.S. at 43. Rather, the agency action under review is "entitled to a presumption of regularity." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

"The requirement that agency action not be arbitrary or capricious includes a requirement that the agency adequately explain its result." *Pub. Citizen, Inc. v. Fed. Aviation Admin.*, 988 F.2d 186, 197 (D.C. Cir. 1993). This requirement is not particularly demanding, however. *Id.* Nothing more than a "brief statement" is necessary, as long as the agency explains "why it chose to do what it did." *Tourus Records*, 259 F.3d at 737. If the court can "reasonably discern []" the agency's path, it will uphold the agency's decision. *Pub. Citizen*, 988 F.2d at 197 (citing *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974)).

   **C.** **The Court Grants the Defendant's Motion for Summary Judgment**

The plaintiff appeals a Board decision that denied his motion to reopen the disciplinary proceedings in which the Board expelled him from practice before the Board, immigration courts and the Department of Homeland Security. Def.'s Mot. at 1. In reviewing the plaintiff's challenges, the court looks to whether the Board has committed a clear error of judgment. *Anderson*, 477 U.S. at 248. The court concludes that there is no genuine issue of material fact as to the Board's refusal to open the proceedings and that the Board's decision was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Celotex*, 477 U.S.

at 322; *Anderson*, 477 U.S. at 248. Accordingly, the court grants the defendant's motion for summary judgment.

### 1. The Board's Refusal to Re-open Proceedings Did not Violate the APA

The plaintiff challenges the Board's refusal to reopen the proceedings on the grounds that the Board had no jurisdiction to discipline him and that it refused to consider important evidence. Pl.'s Opp'n to Def.'s Mot. at 2-4.[5] A motion to reopen a Board decision may "state the new facts that will be proven at a hearing to be held if the motion is granted." 8 C.F.R. § 1003.2(c)(I). Under federal regulations, such motions must be denied when no new "material facts" are presented. *Id.* § 1003.2. Therefore, to succeed on his claims the plaintiff must show that the record lacks substantial evidence in support of the Board's denial of his motion to reopen. *Lopez*, 129 F. Supp. 2d at 1288; *Washburn*, 409 F. Supp. at 10.

On April 6, 2006, the plaintiff requested that the Board reopen the disciplinary proceedings that resulted in his disbarment and publication of notice of his disbarment. AR 000810. The plaintiff argued that counsel for the BIA and Executive Office for Immigration Review ("EOIR") committed fraud during the initial proceedings. *Id*. The alleged fraud related to the plaintiff's overarching argument that the Board lacked jurisdiction to discipline the plaintiff because the plaintiff is not a member of any immigration bar. *Id*. at 000812. The plaintiff also argued that opposing counsel committed fraud by making false allegations of professional misconduct against the plaintiff. *Id*. at 000813. On June 7, 2006, the Board declined to reopen the proceedings, concluding that it had previously rejected the plaintiff's

---

[5]     Despite the Local Rules of Civil Procedure and this court's Standing Order, the plaintiff failed to properly number the pages of his opposition. As a result, the court refers to the page numbers as assigned by the CM/ECF system.

arguments and had "properly determined that the Immigration Judge did not err." *Id*. at 000073. The Board also concluded squarely that the plaintiff "clearly 'practiced' before the DHS." *Id*. at 0000774.

The plaintiff first argues that the Board refused to consider evidence that he was not a member of an immigration bar, but this argument was previously addressed and rejected multiple times by the Board. The plaintiff's argument rests in part[6] on a letter from Jennifer Barnes, Bar Counsel for the EOIR which states that the plaintiff had never appeared before the EOIR. AR at 000817. Despite the plaintiff's protestations to the contrary, the Board squarely addressed Barnes' letter and determined that even though there was no record of the plaintiff having practiced before the EOIR, the plaintiff had submitted "numerous 'Notice of Entry of Appearance As An Attorney or Representative' (G-28) forms to the DHS, in which he claimed to be an 'agent' for the party appearing before the DHS." AR 000773. The Board referenced its final decision in the case, which looked to 8 C.F.R. § 1292.3(a)(2) to conclude that any attorney is considered a practitioner who is subject to discipline. *Id*. (referencing AR at 000497 (EOIR Order Nov. 15, 2005)). It so determined that disbarment was appropriate. AR at 000773 (EOIR Order Denying the Pl's Mot. to Reopen (June 7, 2006)). Accordingly, the Board concluded that

---

[6] The plaintiff also argues that U.S. Citizenship and Immigration Services Ethics Counsel Rachel McCarthy counterfeited the Notices of Entry of Appearance As An Attorney or Representative' "for the purpose of making a case against the plaintiff." Pl.'s Opp'n at 10. The Board then relied on these documents in its various decisions, and the plaintiff alleges that it failed to address his allegations that the documents were false. *Id*. at 6- 7, 9-10. The defendant correctly points out that the plaintiff has provided no evidence to support his allegations that McCarthy provided counterfeit documents in the proceedings, and that the Board considered and conclusively rejected as "unsupported" the allegations that the documents were falsified. Def.'s Reply at 4-5; AR at 000773. In doing so, the Board also noted that it had previously considered and rejected these arguments. AR at 000773. Accordingly, the court concludes based on the record that the Board properly concluded that the McCarthy documents did not constitute new evidence calling for the Board to reopen the proceedings. *See* 8 C.F.R. § 1003.2.

the plaintiff's jurisdictional argument in favor of reopening the proceedings lacked merit. Def.'s Mot. at 14.

Additionally, the Board determined that most of the plaintiff's allegations were not "new," but were merely arguments that the Board had already addressed and rejected. *See* AR at 0000773. The Board noted that even if some of the arguments could be interpreted as "new," they would not have caused the Board to change its ruling. *See id.* The plaintiff advanced allegations concerning the background behind his Florida disbarment, yet as the Board correctly pointed out, these allegations did not change the fact that the plaintiff had been disbarred in Florida, AR 000147, and the plaintiff failed to rebut the statutory presumption in favor of reciprocal disbarment, 8 C.F.R. §§ 292.3(c)(3)(ii), 1292.3(c)(3)(ii). Finally, the Board stated that the plaintiff's "motion contains unsupported allegations that have previously been rejected by the Board." AR at 0000773. The plaintiff's arguments before this court do nothing to refute these conclusions of the Board. Therefore, none of the plaintiff's arguments could be construed as "new" or "material" facts.

The court can readily discern that the Board directly addressed and rejected the allegations advanced by the plaintiff in what the Board construed as the plaintiff's motion to reopen. The Board's decision was thoroughly reasoned and is based on facts in the administrative record, and the Board properly concluded that there were no new material facts presented in the plaintiff's motion to reopen. Accordingly, the court grants the defendant's motion for summary judgment. *Pub. Citizen*, 988 F.2d at 197 (stating that if the court can "reasonably discern []" the agency's path, it will uphold the agency's decision) (citing *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974)).

### 2. The Board's Decision to Publish Notice of the Plaintiff's Disbarment Was not Arbitrary and Capricious

The plaintiff also asks the court to review the Board's refusal to reconsider its decision to publish on two websites the plaintiff's name on a list of disciplined attorneys.[7] He argues that these publications have caused injury to his professional reputation and practice. *See generally* Pl.'s Mot. for Mandatory Inj. The defendant asserts, again, that the Board properly reached its decision and that, at any rate, the plaintiff consented to the publication. Def.'s Mot. at 10. The Board's decision to publish notice of the plaintiff's disbarment is equally immune to the plaintiff's challenges, particularly because it was based in part on his own consent.

In its June 7, 2006 order, the Board referenced its previous order in which it stated that the plaintiff's request that the publications be removed was in "direct contradiction to his previous position in the case." AR at 000772 (referencing Order (Feb. 2, 2006)). After initially receiving notice of the DHS's intent to have its disciplinary decision published, the plaintiff sent a letter to the Board providing written consent to the publication of the notice of discipline, stating that he had "no objection to publication of this case of first impression" and that he "will not pursue the matter further." Def.'s Mot., Ex. 1 at 0033. The plaintiff then chose not to move for reconsideration of the Board's decision to allow publication. *Id*.

Thus, in ruling on the plaintiff's motion to reopen, the Board explained that it was rejecting his challenge to the publication because the plaintiff had given prior consent and

---

[7] The plaintiff does not specify the manner of publication he opposes. The defendant, however, suggests that it published notice of the plaintiff's discipline on two websites. Def.'s Opp'n to Pl.'s Mot. for Mandatory Inj. and Mot. for Summ. J., Ex. 2. The plaintiff does not challenge this suggestion. The court, therefore, presumes that the plaintiff opposes the publication on the specified websites. Even if the plaintiff were challenging another method of publication, however, the court's reasoning would remain unchanged.

because it had addressed and rejected his challenges in at least one prior ruling. Accordingly, the court concludes that the Board adequately articulated the rationale and that its action did not violate the APA. *Tourus Records*, 239 F.3d at 737.

## IV. CONCLUSION

For the reasons set forth above, the court grants the defendant's motion for summary judgment. All other pending motions are hereby denied as moot. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 7th day of February, 2008.

RICARDO M. URBINA
United States District Judge