UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAR 1 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTHONY E. RAMOS

    Petitioner,

vs.                                        Civil Action No.: 06 1941 (RMU)

EXECUTIVE OFFICE OF IMMIGRATION
REVIEW and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICE BOARD OF IMMIGRATION
APPEALS

    Respondents.

---

## MOTION OF PETITIONER TO VACATE ORDER, FOR REHEARING AND TO ABATE

COMES NOW the Petitioner, Anthony E. Ramos, pro se, and files this Motion to Vacate Order, for Rehearing and to Abate, pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure, and states:

1. Prior to filing this motion, the Petitioner submitted same for review and approval by the Respondents. The Respondents object to this Motion.

2. In the matter below, senior ethics counsel, Jennifer Barnes, for Respondent, Executive Office of Immigration Review, sent a letter stating that the Petitioner had never appeared before the Executive Office of Immigration Review. The Executive Office for Immigration Review appears to be an administrative body which is at the highest point in the immigration review process. Ethics counsels in that office, presumably, therefore, are well aware of the rules concerning ethics.

3. Ms. Barnes, however, chose to ignore those rules in the proceedings below, and to deliberately fail to disclose the contents of her letter to the tribunal. What is more, Ms. Barnes wrote the letter before the proceedings below were begun. She then took the step of joining the Executive Office for Immigration Review in these proceedings. In her pleadings on the joinder, she specifically omitted her knowledge that the Petitioner had never appeared, and the tribunal took her allegation at face value. This Court did the same thing.

4. When the Petitioner attempted discovery below, primarily by requesting a copy of any such appearances, the tribunal rebuffed him, upon objections by the government. Apparently, however, Ms. Barnes was not aware that her omission would not be immune from the reach of the Freedom of Information Act. The Petitioner, accordingly, duly made a request via the Freedom of Information Act, and Ms. Barnes' letter was then discovered. She had committed a fraud upon the tribunal. Ms. Barnes later, suddenly, made her letter a part of the record in this matter, and such letter is part of the court file in this matter. Should any interested persons not be able to retrieve such copy, any said persons may contact the Petitioner, at his address shown on this pleading. Petitioner will then provide a copy to such interested persons.

5. In a series of separate instances, another senior ethics counsel, Rachel McCarthy, for Respondent United States Immigration Service and Board of Immigration Appeals, decided to create a complete counterfeit case in order to bolster her allegations against the Petitioner. All of the information placed on the forms by Ms. Barnes was fake, with the notable exception of the names of the petitioners. Unfortunately for Ms. McCarthy, the Petitioner was able to locate the petitioners, for whom he had provided

document translations. This search was frantic because the Petitioner had understood that those persons had had their permanent residency cases approved. In fact, the Petitioner was able to retrieve from those petitioners a complete copy of their case. Ms. McCarthy's fraud upon the tribunal was then revealed. The entire sets of documents, Ms. McCarthy's counterfeit set and the actual documents concerning the petitioners, are made a part of the record in this matter. Should any interested persons not be able to retrieve such copy, any said persons may contact the Petitioner, at his address shown on this pleading. Petitioner will then provide a copy to such interested persons.

6. Ms. McCarthy, similarly, decided to commit a fraud upon the tribunal, and upon this Court, and deliberately withheld advising the tribunal that she had created a counterfeit case.

7. Ms. McCarthy, a senior government ethics attorney, continued in her fraud by making false allegations against the Petitioner in the proceedings below. She alleged that the Petitioner had signed over 200 forms G-28, a false allegation. After much litigation in these proceedings to force Ms. McCarthy to produce the alleged 200 G-28s, they were not produced, and have never been produced because they do not exist.

8. It was against this backdrop of the Petitioner conducting his own independent investigation of the case that the tribunal below, in a rare move, issued the expulsion order, without a hearing. It was after the expulsion order, however, that the now successful effort to shield Barnes and McCarthy was launched. In a free society however, the instant motion is permissible in order to re-focus this matter back to Barnes and McCarthy.

9. It is significant that the Petitioner practiced only as a jury trial lawyer for all of the sixteen years in which he practiced. Finding facts and winning cases is all he ever did.

10. With this in mind, the Petitioner, upon exposing Barnes and McCarthy, sought to reopen the proceedings below. An initial order was entered, one fairly innocuous.

11. After the Petitioner made known to the tribunal the extensive fraud of Barnes and McCarthy, however, a subsequent order was issued. Instead of focusing on the proceedings and the actions of Barnes and McCarthy, a second judge took the liberty, on an *ex parte* basis, with no known procedures then pending, with no notice and with no hearing, of dredging up the 1997 Report of the referee on the penalty phase of the Petitioner's disciplinary proceedings. This was in the year 2004. With great effort to impugn the personal and professional reputation of the Petitioner, the tribunal judge extracted the most damaging statements in the Report, and re-wrote the opinion in this matter as if he were writing the Report in the Florida proceedings some seven years earlier.

12. This effort to compensate for the actions of the senior ethics attorneys, Barnes and McCarthy, in committing a fraud upon the tribunal, however, were not to go unnoticed.

13. The Petitioner then initiated the instant proceedings.

14. The Order entered by this Court on March 7, 2008, is largely moot, and a nullity. This Court took too long to render an opinion of any validity in this matter. An expulsion in the immigration tribunals is only for one year. That year expired in November, 2005, more than two years ago. There could be nothing in the Order that has any legal effect.

15. What is important, however, is the continuation of the disparaging comments made against the Petitioner, beginning with the first sentence in the Order. It is true that the Petitioner's behavior, nearly eleven years ago, in the Florida proceedings, together with a procedural irregularity in the proceedings, resulted in a five year suspension turning into twenty year disbarment. The Petitioner has now served ten of the twenty years.

16. With the exception of continuing to provide immunity to Barnes and McCarthy, however, there could be no other reason for this Court to make such disparaging statements about the Petitioner. This Court was not involved in the Bar proceedings, and should not act as if it were, by essentially copying disparaging remarks in a document that is now more than ten years old. The Petitioner provided to this Court more than ample information concerning his extensive record of service to the Bar, to his family and to society. Saving Barnes and McCarthy by disparaging the Petitioner is unfair to the Petitioner.

17. The information made a part of the record after the investigation was 'new' information, and the Petitioner's only requested relief was to go to the tribunal for a complete evidentiary hearing on the matter. This Court erred in deciding on the record when there was no record to decide on. This Court spurious conclusion that the tribunal below 'considered' the 'new' evidence is incorrect. What occurred below, after the Petitioner pointed out the fraud of Barnes and McCarthy was that another judge took hold of the case to make sure that a full hearing exposing Barnes and McCarthy would never occur. McCarthy had already stated in pleadings below that were such an action to occur she stood to suffer significant legal problems. This Court should have done the right

thing, and returned the matter to the tribunal, instead of rubber stamping the 'judge' who decided to defend Barnes and McCarthy. This was the only relief the Petitioner had sought, a day in court.

18. The findings in the Order, therefore, are both factually and legally incorrect. What is more, the Order makes unfounded disparaging comments against the Petitioner, and it should be vacated.

19. At the same time, given that this Court delayed too long in ruling of this matter, the Petitioner proffers here that new evidence does now exist which may directly impact on this Court's ruling. The evidence is very recent, and includes, in part, the sworn testimony of the referee in the Florida proceedings.

20. With the possibility that the new evidence may bear a direct impact on this matter, therefore, the Petitioner is requesting that this Court abate any further rulings on this matter for a reasonable period of time. The Order, as indicated is moot as far as having any enforcement value. Because this matter involves questions of the Petitioner's professional reputation and livelihood, and given the disparaging comments unnecessarily made by the Court in the Order, there can be no prejudice in granting the motion to abate.

21. Finally, with the open market of the Internet, the Petitioner understands this Court's ruling on the injunction issue. He had already proceeded to protect his own reputation with necessary postings to rebut the postings of the Respondents and will continue to protect and defend his reputation on the Internet against such postings by the Respondents. In a free society and in an open market, he is entitled to such.

WHEREFORE, the Petitioner requests the entry of an order granting his motion to abate for a reasonable period of time to allow him to develop new evidence which may impact on the ruling in this matter. At the same time, after such reasonable period of time, the Petitioner requests the entry of an order vacating the Order of March 7, 2008, and requests a rehearing via oral argument on same.

RESPECTFULLY SUBMITTED,

_____
Anthony E. Ramos, pro se
1805 Key Blvd.
Apt. 513
Arlington, VA 22201
202-321-7969
tramos520@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17rd day of March, 2008, the original and one copy of the foregoing were mailed via U.S. mail to the clerk, and that a copy was mailed, via U.S. mail and emailed to: Robin M. Meriweather, Esquire, Assistant United States Attorney, 555 Fourth Street, NW, Washington, DC 20530

_____
Anthony E. Ramos

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY E. RAMOS

    Petitioner,

vs.                                                      Civil Action No.: 06 1941 (RMU)

EXECUTIVE OFFICE OF IMMIGRATION
REVIEW and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICE BOARD OF IMMIGRATION
APPEALS

    Respondents.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PETITIONER TO VACATE ORDER, FOR REHEARING AND TO ABATE

    Rule 59 of the Federal Rules of Civil Procedure, provides for a motion for rehearing.

    Rule 60 of the Federal Rules of Civil Procedure provides for relief from a judgment upon a showing of newly discovered evidence.

    Because this Court undertook extensive delays in issuing an Order on this matter, it remained open and pending for an inordinate amount of time. By coincidence, the Petitioner is in the process of developing new evidence which could have a direct impact on the Order. Were the Petitioner, therefore, to file a notice of appeal at this time, he would lose the opportunity to come before this Court with said evidence. Were he not to file the appeal, the Order would become final and place significant limitations, timewise,

on him to file a motion to vacate the Order. For that reason, the Petitioner requests an abatement of a reasonable amount of time. Given that this matter was before this court for nearly three years without activity, in fairness to the Petitioner, such an abatement should be granted.

RESPECTFULLY SUBMITTED,

_____
Anthony E. Ramos, pro se
1805 Key Blvd.
Apt. 513
Arlington, VA 22201
202-321-7969
tramos520@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17rd day of March, 2008, the original and one copy of the foregoing were mailed via U.S. mail to the clerk, and that a copy was mailed, via U.S. mail and emailed to: Robin M. Meriweather, Esquire, Assistant United States Attorney, 555 Fourth Street, NW, Washington, DC 20530

_____
Anthony E. Ramos