UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ANTHONY E. RAMOS                    )
                                    )
         Plaintiff,                 )
                                    )
    v.                              )   Case Number:  1:06CV01941(RMU)
                                    )
UNITED STATES DEPARTMENT OF JUSTICE,)
et al.,                             )
                                    )
         Defendants.                )
_____ )

**OPPOSITION TO PLAINTIFF'S MOTION TO VACATE AND ABATE**

Defendants the Department of Justice, Board of Immigration Appeals (the "Board"), and the Executive Office of Immigration Review ("EOIR")[1] respectfully oppose Plaintiff's Motion to Vacate and Abate the Court's March 7, 2008, Memorandum Opinion and Order ("Memorandum Opinion").  Plaintiff's motion, filed pursuant to Federal Rules of Civil Procedure 59 and 60, requests that the Court hold the case in abeyance to permit Plaintiff to develop new evidence, vacate the March 7, 2008 opinion, and schedule oral argument in connection with this case.  See Dkt. Entry 62 ("Mot. to Vacate").  For the reasons set forth below, Plaintiff fails to satisfy Rule 59(e)'s standard for altering or amending a judgment, and has not provided a valid reason to hold the case in abeyance.  The Memorandum Opinion should stand as written.

---

[1] The caption on Plaintiff's motion appears to list the United States Citizenship and Immigration Service ("USCIS") as a Defendant.  However, USCIS is not a party to this action. The petition for review that initiated this action names only the Department of Justice, Board of Immigration Appeals, and the Executive Office of Immigration Review as defendants, and those are the only three defendants on this Court's docket sheet.  USCIS is a Department of Homeland Security agency, and is not a part of the Board of Immigration Appeals, the EOIR, or the Department of Justice.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a final judgment.[2]  See Fed. R. Civ. P. 59(e).  Although district judges have discretion to reconsider their prior rulings, Rule 59(e) motions are "not routinely granted."  Johnson v. Gonzales, 479 F. Supp. 2d 55, 58 (D.D.C. 2007); see also Agrocomplect, AD v. Republic of Iraq, 247 F.R.D. 213, 216 (D.D.C. 2008) ("motions for reconsideration under Rule 59(e) are 'disfavored' and 'should be granted only under extraordinary circumstances").  Reconsideration is only appropriate upon a finding that there exists "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Messina v. Krakower, 439 F.3d 755, 758 (D.C. Cir. 2006) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)); see also Center for Public Integrity v. FCC, 515 F. Supp. 2d 167, 168 (D.D.C. 2007) (moving party must "show[] new facts or clear errors of law which compel the court to change its prior position").  A movant cannot use a reconsideration motion to "reargue facts and theories upon which a court has already ruled."  Sieverding, 239 F.R.D. at 290; see also Taylor v. Dep't of Justice, 268 F. Supp. 2d 34, 35 (D.D.C. 2003).  Nor is Rule 59(e) a vehicle to raise new issues that could have been raised previously.  See Kattan v. Dist. of Columbia, 995 F.2d 274, 276 (D.C. Cir.1993); see also Fresh Kist Produce, LLC v. Choi Corp., Inc., 251 F. Supp. 2d 138, 140 (D.D.C. 2003).

**ARGUMENT**

---

[2] Although Plaintiff's motion cites Federal Rule of Civil Procedure 60 in addition to Rule 59, his motion was filed within ten business days of the Court's entry of judgment, and therefore should be treated as a Rule 59(e) motion instead of a Rule 60(b) motion.  See Sieverding v. American Bar Ass'n, 239 F.R.D. 288, 289 n.1 (D.D.C. 2006); Lightfoot v. District of Columbia, 355 F. Supp. 2d 414, 420-21 (D.D.C. 2005).

Plaintiff does not contend that there has been an intervening change in law which affects the Court's prior ruling. Thus, to prevail on his Rule 59(e) motion, he must demonstrate that new evidence has become available that warrants reconsideration, and/or that reconsideration is necessary to correct a clear error or prevent manifest injustice. See Messina, 439 F.3d at 758 (D.C. Cir. 2006). The motion does not satisfy that standard, and should be denied.

I.  **THERE IS NO NEW EVIDENCE THAT WOULD WARRANT RECONSIDERATION OF THE COURT'S PRIOR RULINGS OR AN ABEYANCE OF THE PROCEEDINGS.**

Plaintiff's principal argument is that there is new evidence which could impact the conclusions this Court reached in the Memorandum Opinion. See Mot. to Vacate ¶¶ 19-20; Mem. In Support of Mot. to Vacate at 1-2. "[A]mendments post-judgment on the basis of new evidence are restricted to evidence that is newly discovered or previously unavailable despite the exercise of due diligence." Niedermeier v. Office of Baucus, 153 F. Supp. 2d 23, 29 (D.D.C. 2001). No new evidence is attached as an exhibit to Plaintiff's motion; instead, he states that he is in the process of gathering such evidence, which allegedly includes a sworn statement by a Florida bar referee involved in that state's disciplinary proceedings. Given that the existence of any such evidence is purely speculative at this time, this is not a case in which newly discovered evidence warrants reconsideration of the Court's prior ruling. Further, even if Plaintiff comes forward with evidence that he previously did not possess, he has not shown that he was unable to obtain that evidence, through due diligence, earlier in the proceedings. As Plaintiff acknowledges, the referee's report was referenced in a 2004 Board ruling. See A.R. 000005 at n.3. Ostensibly, Plaintiff could have contacted the referee to request a sworn statement before this Court ruled on the parties' dispositive motions. Given that Rule 59(e) is "not a vehicle for presenting theories or arguments that could have been advanced earlier," the alleged existence of

this evidence does not warrant reconsideration of the Court's entry of judgment in favor of Defendants. Shuler v. United States, 2007 WL 1549174, at *2 (D.D.C. May 29, 2007); see also Neidermeier, 153 F. Supp. 2d at 29-30 (denying 59(e) motion where plaintiff knew about new evidence before court entered judgment granting defendant's motion to dismiss).

Plaintiff's "new evidence" theory also fails because the evidence he proposes to gather and/or submit is not germane to the Court's ruling. The question before this Court was whether the Board's denial of Plaintiff's motion to reopen its prior proceedings was arbitrary and capricious, an abuse of discretion, or otherwise contrary to law. See Mem. Op. at 5-6; Immigration and Naturalization Serv. v. Abudu, 485 U.S. 94, 105 (1988) (denials of petitions to reopen may be reversed only if the BIA's decision was an "abuse of discretion"). Federal regulations required the BIA to deny the motion unless Plaintiff offered "new facts" (supported by affidavits or other evidence) that he would present if the motion were granted, and unless "it appear[ed] to the Board that the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(I); see Mem. Op. at 7. The "new" documents Plaintiff now seeks to present were not in the administrative record and, by definition, were not attached to the motion to reopen. It follows that they are immaterial to the Court's review of whether the information Plaintiff did submit presented new, material facts warranting reopening of the Board's disciplinary proceedings. Given that any newly gathered evidence would be immaterial to this Court's review of the reasonableness of the Board's ruling, there is no reason to hold the case in abeyance to permit Plaintiff to develop that evidence, reconsider the Memorandum Opinion, or schedule an oral argument on the merits in light of that evidence.

## II. THE COURT'S MEMORANDUM OPINION CONTAINED NO CLEAR ERRORS OF LAW OR FACT.

"[R]ule 59 was not intended to allow a second bite at the apple." Oceana, Inc. v. Evans, 389 F. Supp. 2d 4, 8 (D.D.C. 2005). Yet that is precisely what Plaintiff attempts to obtain, by repackaging his prior factual and legal arguments as evidence of a clear error in this Court's Memorandum Opinion. Those arguments repeat theories which this Court already has rejected, and do not provide a basis for reconsideration of the Memorandum Opinion.

Plaintiff has argued to the Board and this Court that the letter EOIR Bar Counsel Jenni Barnes sent to the Florida bar stating that Plaintiff had not appeared before EOIR as of January 17, 2003, made EOIR's involvement in the subsequent disciplinary proceedings improper. See A.R. 000773, 000810; Dkt. Entry 26 ("MSJ Opp.") ¶¶ 5-7, 29. As Defendants previously explained, EOIR joined the proceedings pursuant to regulations which allow EOIR to request that any order suspending a practitioner from practice before DHS[3] also apply to the practitioner's ability to practice before the Board or the immigration courts; those regulations do not condition EOIR's participation upon a practitioner's prior appearance in EOIR or Board proceedings. See 8 C.F.R. § 292.3(c)(1). This Court's conclusion that the Board "squarely addressed" the Barnes letter was consistent with the record. Mem. Op. at 8 (citing A.R. 000773).

Plaintiff's unfounded accusation that USCIS Ethics Counsel Rachel McCarthy counterfeited the forms on which Plaintiff entered his appearance as a representative or agent for individuals in proceedings before DHS also repeats arguments from Plaintiff's prior briefs. See

---

[3] Although Plaintiff did not practice before the immigration courts, and had not practiced before EOIR as of January 17, 2003, the appearance forms indicate that he did appear before DHS. See A.R. 0000774; Mem. Op. at 8. Those DHS appearances involved proceedings before USCIS (a DHS component), which are not immigration court proceedings. But see Mem. Op. at 2 (suggesting that Plaintiff appeared before immigration courts).

MSJ Opp. ¶¶ 17, 18, 25, 30.  The Board rejected Plaintiff's assertion that the appearance forms were falsified by Ms. McCarthy.[4]  See A.R. 000773, 000830.  This Court's conclusion that the Board considered that argument but found it unpersuasive was correct, and supported by the record.  See Mem. Op. at 8, n. 6 (discussing Plaintiff's arguments and Board's rulings regarding the appearance forms).

### III.    THIS CASE IS NOT MOOT.

Article III of the Constitution limits federal courts' jurisdiction to "actual cases and controversies," and precludes the issuance of advisory opinions.  Deakins v. Monaghan, 484 U.S. 193, 199 (1988); see Allen v. Wright, 468 U.S. 737, 750 (1984); Richardson v. Ramirez, 418 U.S. 24, 36 (1974). This case presented a live controversy at the time the Memorandum Opinion was issued (and still does), notwithstanding Plaintiff's assertion that it is "largely moot, and a nullity," and without legal effect.  Mot. to Vacate ¶ 14.  The petition for review sought to have the Board's June 7, 2006 order reversed, and Plaintiff also sought an order requiring the Board and EOIR to remove the internet postings referencing the disciplinary actions.  The Board's order remains in effect, and the internet postings remain online.  There is nothing in the order indicating that it, or the expulsion order that it affirmed, would expire in one year, see A.R. 000772-000773, and disciplinary sanctions do not automatically expire after a fixed period of time.  Instead, a practitioner who has been expelled may file a petition for reinstatement to practice before the Board, DHS, or immigration courts no earlier than one year after the effective date of the order of expulsion.  See 8 C.F.R § 1003.107(b).  The practitioner must meet the definition of attorney as set forth in 8 C.F.R. § 1001.1(f) and must demonstrate, by clear,

---

[4] Ms. McCarthy did not allege the plaintiff signed "over 200 forms G-28."  Mot. ¶ 7.  There were 111 forms, and samples were provided during the disciplinary proceedings.  See A.R. 000005.

unequivocal, and convincing evidence that he possesses the moral and professional qualifications required to practice before the DOJ and DHS immigration agencies." 8 C.F.R. § 1003.107(b). Although a year has passed, Plaintiff cannot meet the criteria for reinstatement, because he is not in good standing and eligible to practice in Florida. See id. § 1001.1(f) (defining qualifications necessary to be an "attorney" eligible to practice before the Board, immigration courts, or DHS). If this Court had reversed the Board's Order, that would have materially altered Plaintiff's position, by making him eligible to practice before the Board, DHS, or immigration courts. Therefore, this is not a case in which "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." Columbian Rope Company v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Vacate, for Rehearing, or to Abate should be denied.

Dated March 31, 2008                                   Respectfully submitted,

                                                               /s/
                                      JEFFREY A. TAYLOR, D.C. BAR # 498610
                                      United States Attorney

                                                               /s/
                                      RUDOLPH CONTRERAS, D.C. BAR #434122
                                      Assistant United States Attorney

          /s/ Robin M. Meriweather
_____
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198  Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 31st day of March, 2008, I caused the foregoing Opposition to be filed via the Court's Electronic Case Filing system, and to be served upon plaintiff by first-class mail, postage prepaid, addressed as follows:

Anthony E. Ramos
1805 Key Blvd
Apartment 513
Arlington, VA 22201

                /s/ Robin M. Meriweather
            Robin M. Meriweather, DC Bar # 490114