UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY E. RAMOS

        Petitioner,

vs.                                              Civil Action No.: 06 1941 (RMU)

EXECUTIVE OFFICE OF IMMIGRATION
REVIEW and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICE BOARD OF IMMIGRATION
APPEALS

        Respondents.

RECEIVED
APR - 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## REPLY TO OPPOSITION OF RESPONDENTS TO PETITIONER'S MOTON TO VACATE AND ABATE

COMES NOW the Petitioner, Anthony E. Ramos, pro se, and file this Reply to Opposition of Respondents to Petitioner's Motion to Vacate and Abate, and states:

Since the time when the Petitioner made known the Barnes letter and her subsequent fraud upon the tribunal below, these entire proceedings have been an attempt by the Respondents to shield her and Ms. McCarthy from the known facts in this case.

At the same time, since the time when the Petitioner submitted the proof of Ms. McCarthy's counterfeiting operation to the tribunal below, the proceedings had involved a further attempt to shield and exonerate Ms. McCarthy. In short, it was not until after the Petitioner submitted the proof of the fraud upon the tribunal by Barnes and McCarthy, that the subsequent, *ex parte* order, entered by a 'judge' who had never presided in the

matter below, and without any notice, hearing, or any other type of legal proceedings, was entered.

In point of fact, however, with each successive pleading in these proceedings, counsel for the Respondents have pointed this Court more and more closely to the truth concerning the fraud upon the tribunal. The Petitioner is, therefore, very appreciative of the efforts of opposing counsel, Mr. Taylor, Ms. Merriweather and Mr. Contreras.

The admissions contained in the Opposition, given that same are made for the first time here by the Respondents, should trigger an order vacating this matter, and allowing same to be returned to the tribunal for a full evidentiary hearing. It is only in that manner that the tribunal may be able to make a full determination, based on actual evidence, in this matter. On behalf of the Respondents, counsel now admit that, in fact, even assuming the signing of a form G-28, there is no and was no jurisdiction in this matter. In a telling footnote, number 3, the Respondents, through counsel now admit:

> Although Plaintiff (Petitioner) did not practice before the immigration courts, and had not practiced before EOIR as o January 17, 2003, the appearance forms indicate that he did appear before DHS… Those DHS appearances involved proceedings before USCIS ( a DHS component), which are not immigration court proceedings.

The Petitioner is, therefore, very grateful that counsel for the Respondents, unlike Barnes and McCarthy, after now nearly four years, have finally come forward to speak the truth in this matter. The Petitioner's first pleading below challenged the jurisdiction of the Respondents. He has never stopped making that challenge, especially in the face of the fraud by Barnes and McCarthy. The said footnote concedes the proof of the Petitioner's argument. There is no jurisdiction in this matter because the Petitioner was never, ever, before the Respondents. All previous orders should be stricken.

Counsel for Respondents, in their Opposition, also now finally concede the issue of the McCarthy counterfeit documents, and the falsity of McCarthy's allegations. While correcting for the number of forms G-28 allegedly filed by the Petitioner, footnote 4 now concedes the obvious:

> Ms. McCarthy did not allege the plaintiff signed 'over 200 hundred forms G-28."... There were 111 forms, and samples were provided during disciplinary proceedings.

In point of fact, Ms. McCarthy made the following false allegation:

> 3. Respondent has filed one-hundred and eleven (111) "NOTICE OF ENTRY OF APPEARANCE FORMS" (Form G-28) with the USCIS.
>
> A copy of the pleading is attached to this Reply.

The thrust of this footnote, given the very serious nature of the allegation against McCarthy, that it is false, is to concede its falsity with the absence of producing the 111 forms. Where are they? As indicated, present counsel on this case are extremely well qualified. There are three lawyers on this case, against the Petitioner, who is appearing pro se. Presumably, with three such brilliant legal minds, all three have now asked the question, long ago, of Ms. McCarthy. Can you send over the 111 forms G-28 so we can exonerate you of the Petitioner's charges against you? McCarthy has had three full years to produce the forms. Those forms are not forthcoming, and this Court should recognize the import of the Respondent's footnote 4. It is a concession that, in fact, the allegation made against the Petitioner below, was false. Were the Petitioner, or any other private attorney, to have made such false statements in a pleading, and created counterfeit documents to support the false allegation, this Court, upon learning of same would surely have caused the matter to be completely and thoroughly investigated.

Had, this Court, therefore, ordered the relief requested, this matter would have returned to the tribunal below for a full evidentiary hearing. At that time, in open Court, the full extent of the fraud would have been introduced into evidence, together with the law, now conceded in footnote 3 of the Opposition, and this matter would have been dismissed.

The other portions of the Opposition provide mainly boilerplate to what are the true issues as conceded by the Respondents and as reviewed above. For example, the Respondents argue extensively that no new evidence is presented in the Petitioner's Motion. What is clear, however, is that the Rules do not require the introduction of the new evidence at the time of filing. The Respondents argue, further, that somehow, the Petitioner, on a prior occasion, could simply have telephoned the referee in the case, met with him and taken his statement. In fact, no such statement can be taken of judges without violating the code of judicial conduct. The only manner in which a judge can make any comment on any substantive issues in a case, out of court, is by being served with a subpoena for a deposition. A deposition must take place. It cannot be a subpoena where a judge then writes a letter or signs an affidavit. It must be an actual deposition. The Respondents, therefore, should not intimate to this Court that they are familiar with the current proceedings concerning the Petitioner's status as an attorney. Those proceedings are extremely arduous and complex. While the referee has testified in deposition, the deposition is being challenged as of the writing of this Reply. It is for that reason that the Petitioner was unable to allege more than he alleged. At the same time, this Court did delay this matter for an inordinate period of time, so that all other aspects of the Petitioner's life continued to go forward while this Court tarried. In fairness to him,

this Court should wait to see the Petitioner's evidence. The Respondents took fully three years and four months to admit that there has never been any jurisdiction over the Petitioner. This Court by waiting for a reasonable time for the Petitioner to provide the new evidence, and also to allow this Court the opportunity to revisit this matter in light of the concessions in footnotes 3 and 4 of the Opposition, will not prejudice any of the parties.

Finally, the case is moot at this point. The Respondents do not argue that the one year period long ago did not elapse, even assuming this matter will not be reversed. If the Petitioner were ever to make an appearance before whatever tribunal the Respondents now believe have jurisdiction, then at that point, there would be an issue as to eligibility. Given the admission in footnote 3 that the Petitioner was never there, together with the highly unlikely circumstance where the Petitioner would have any interest in being there, the time for the 'expulsion' has expired and the order entered was mooted now more than two years ago. Any other analysis by the Respondents is more of a concession to the regulation on the duration of an expulsion. They admit that 8 C.F.R. § 1003.107 (b) controls these proceedings. The time has expired.

For these reasons, this matter should be vacated so that a full and fair and open evidentiary hearing can be had below. The Respondents have not rebutted the proffer of the new evidence which, if developed, will have a direct impact on this matter. The Court delayed this matter for so long that new evidence likely will be available shortly. Had the matter been decided before this new evidence was developed, the Petitioner would simply had any such order vacated. The Respondents will not be prejudiced because the

Petitioner is not asking for the Order to be vacated while he provides the new evidence. No prejudice will, therefore, occur with a reasonable period of abatement.

The Motion to Abate should be granted, so that the Motion to Vacate may be granted.

RESPECTFULLY SUBMITTED,

_____
Anthony E. Ramos, pro se
1805 Key Blvd.
Apt. 513
Arlington, VA 22201
202-321-7969
tramos520@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of April, 2008, the original and one copy of the foregoing were mailed via U.S. mail to the clerk, and that a copy was mailed, via U.S. mail and emailed to: Robin M. Meriweather, Esquire, Assistant United States Attorney, 555 Fourth Street, NW, Washington, DC 20530

_____
Anthony E. Ramos

REFEREE, adopted by the Supreme Court of Florida previously submitted in this proceeding with the Petition for Immediate Suspension.

6. No response is required.

7. No response is required.

## USCIS RESPONSE TO AFFIRMATIVE DEFENSES

1. USCIS moves to strike any affirmative defenses in that Respondent has not specifically pleaded same.

### V.(sic)

## USCIS RESPONSE TO RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AS TO THE PETITION AND AS TO THE NOTICE

1. USCIS reaffirms its response to the introduction section as though fully set forth herein.

2. Respondent is subject to the provisions of 8 C.F.R. §§292.3(a)(2) and 1292.3(a)(2) as a practitioner who is the subject of a final order of disbarment. See 8 C.F.R. §1003.102(e). As such, it is in the public interest to discipline him.

3. Respondent has filed one-hundred and eleven (111) "NOTICE OF ENTRY OF APPEARANCE FORMS" (Form G-28) with the USCIS. Respondent attempts to shield himself from detection by checking block 4 on the form and adding the words "As agent for petitioner and beneficiary," however, there is no such category of representative who may practice before USCIS. The purpose of the form is to notify USCIS of the appearance of an **attorney** or **representative** as only those categories of individuals may communicate with USCIS on behalf of applicants or petitioners. The language at the top of the form states: