UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
APR - 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTHONY E. RAMOS

    Petitioner,

vs.    Civil Action No.: 06 1941 (RMU)

EXECUTIVE OFFICE OF IMMIGRATION
REVIEW and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICE BOARD OF IMMIGRATION
APPEALS

    Respondents.

## PETITIONER'S MOTON FOR SUMMARY JUDGMENT AND MOTION TO VACATE ORDERS DECLARING PETITIONER'S PLEADINGS AND MOTIONS AS MOOT

COMES NOW the Petitioner, Anthony E. Ramos, pro se, and file this Motion for Summary Judgment and Motion to Vacate Orders Declaring Petitioner's Pleadings and Motions a Moot, and states:

1. After five full years of hiding the truth from two tribunals, one below, and this Court, the Respondents have finally come forward to speak the truth in this matter. The Petitioner never made an appearance and never 'practiced' before any of the Respondents. The Respondents' footnote 3, in their recent opposition, confirms such:

> ³Although Plaintiff (Petitioner) did not practice before the immigration courts, and had not practiced before EOIR as o January 17, 2003, the appearance forms indicate that he did appear before DHS... Those DHS appearances involved proceedings before USCIS ( a DHS component), which are not immigration court proceedings.

2. The Petitioner is, therefore, very appreciative of the efforts of opposing counsel, Mr. Taylor, Ms. Merriweather and Mr. Contreras.

3. With the Respondents now speaking the truth, this Court should, similarly act to correct what has been a dramatic and hostile disparagement of the Petitioner's professional and personal reputation for the sole purpose of pushing to the background the known fraud upon the tribunal of senior government ethics attorneys, Barnes and McCarthy.

4. The Petitioner has an unbroken line of service to society, to the Bar and to the community. He rescued two abandoned children, ultimately adopting both of them. One of these graduated from college in December, 2007. It is a known statistic that less then one percent of all foster children graduate college. While still practicing, the Petitioner led the drive to desegregate the bench in one Florida county for Hispanics and Latinos. Among other things, therefore, he is also the founding president of a Hispanic Bar Association. These accomplishments are made to show just some of his accomplishments and not to pander to this Court, where a Latino judge is presiding.

5. When a FOIA search proved that Barnes had committed a fraud upon the tribunal below, the Petitioner alerted that tribunal. When further research indicated that McCarthy had used her position to create counterfeit government documents, he alerted the tribunal below. When the Petitioner challenged McCarthy to place the alleged 111 G-28s in the record, McCarthy, to this day, demurred.

6. Once the extent of this fraud was proven to the tribunal below, Barnes and McCarthy were able to locate a 'judge' who had never presided in the matter. They were able to inflame the passions of that 'judge' by producing a document from nearly ten

years past, a selective document, concerning the Petitioner's disciplinary record. And, they were able to convince that 'judge' that no matter the extent of their own fraud, the rule of law need not apply because, according to them, the Petitioner was such a bad person. That 'judge' took the bait. He arose one day, and composed a 'supplemental' order which was so disparaging to the Petitioner as to cause the Petitioner to further his investigation of this matter, by coming before this Court. Barnes and McCarthy, to prove their victory, posted the order on the Internet under the Petitioner's name. Counter websites showing the true fact have now been created and are in the process of going up either above or below those created by Barnes and McCarthy.

7. For a time, proceedings before this Court were held without reference to the cherry-picked disciplinary document. The Petitioner made full disclosure of the fraud by Barnes and McCarthy. As he did, however, ultimately, the Respondents too sought to, and did, woo this Court with the details of the disciplinary document, despite the fact that is was nearly ten years old, that it was based on events of more than eighteen years ago, and despite the fact, the tipping point, that the Petitioner, time after time, continued to present to this Court the proof of the Barnes and McCarthy fraud. This Court too, took the bait, opening it's own recent order with a paragraph, again cherry-picking the disciplinary document with highly disparaging and unfounded comments made of the Petitioner, and providing such gyrations to help Barnes and McCarthy as have not been seen since the attempt to explain the single bullet theory.

8. Still, the Petitioner persevered, filing a motion to vacate and to abate. Again, as before, in perfect detail, without recourse to any old documents, the Petitioner pointed out to the Court, each and every fraud committed upon the tribunal below by Barnes and

McCarthy, together with the fact that no formal evidentiary hearing, either below or here, has ever been held in this matter. There is no transcript. No witnesses have ever appeared. No documents have ever been authenticated. No evidence has ever been introduced.

9. Possibly as a result of the recent appointment of a new Attorney General, and possibly as a result of the fact that the fraud of Barnes and McCarthy cannot be kept covered up indefinitely, it appears that the Respondents' counsel have broken the choke hold placed on them by Barnes and McCarthy, and have confirmed that, as a factual matter, the Petitioner is correct: the charges against him should never have been brought. Footnote 3 is the statement of the Respondents to this Court that this Court should do the right thing. The Petitioner hopes that this Court will now do the right thing, grant the Petitioner's petition with prejudice, and award such costs and fees as may be awarded in this matter to the Petitioner.

10. The Respondents will prepare an Opposition to this Motion. As with their most recent Opposition, much legal linguistics will be employed, many cases will be cited, and accusations made against the Petitioner. Such is necessary when representing a client, as we all know. The Respondents, however, will not disavow their own footnote 3, and it is this admission against interest that should free this Court to do the right thing.

11. There is nothing in the pleadings, depositions, discovery or any other part of the record to show that there exists any genuine issue of material fact on the question of jurisdiction in this matter. The Respondents have stipulated that there was never any jurisdiction in this matter.

WHEREFORE, the Petitioner requests the entry of an Order granting his Motion to Vacate all Orders and entering a summary judgment with prejudice in his favor and awarding such costs and fees as are authorized by law.

RESPECTFULLY SUBMITTED,



_____
Anthony E. Ramos, pro se
1805 Key Blvd.
Apt. 513
Arlington, VA 22201
202-321-7969
tramos520@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of April, 2008, the original and one copy of the foregoing were mailed via U.S. mail to the clerk, and that a copy was mailed, via U.S. mail and emailed to: Robin M. Meriweather, Esquire, Assistant United States Attorney, 555 Fourth Street, NW, Washington, DC 20530

_____
Anthony E. Ramos

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY E. RAMOS

      Petitioner,

vs.　　　　　　　　　　　　　　　　　　Civil Action No.: 06 1941 (RMU)

EXECUTIVE OFFICE OF IMMIGRATION
REVIEW and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICE BOARD OF IMMIGRATION
APPEALS

      Respondents.

_____

## MEMORANDUM OF LAW IN SUPPORT OF PETITIONER;S MOTION FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure, provides for a motion for summary judgment.

Rule 60 of the Federal Rules of Civil Procedure provides for relief from a judgment upon a showing of newly discovered evidence. For the first time in five years, the Respondents have admitted that there was never any jurisdiction over the Petitioner. This newly discovered evidence will allow the Court to do the right thing in this matter, and enter summary judgment in favor of the Petitioner.

RESPECTFULLY SUBMITTED,

Anthony E. Ramos, pro se
1805 Key Blvd.
Apt. 513
Arlington, VA 22201
202-321-7969
tramos520@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of April, 2008, the original and one copy of the foregoing were mailed via U.S. mail to the clerk, and that a copy was mailed, via U.S. mail and emailed to: Robin M. Meriweather, Esquire, Assistant United States Attorney, 555 Fourth Street, NW, Washington, DC 20530

Anthony E. Ramos