UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ANTHONY E. RAMOS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Case No.: | 06-1941 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 62, 70 |
| | : | | |
| UNITED STATES DEPARTMENT OF JUSTICE *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM ORDER**

DENYING THE PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e) AND
DENYING THE PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(b)[1]

**I. INTRODUCTION**

This case comes before the court on the plaintiff's two motions for reconsideration. The plaintiff brought suit challenging the Board of Immigration Appeals' ("the Board") decision to disbar him from practice before it, immigration courts and the Department of Homeland Security ("DHS"). The plaintiff moved for the Board to reopen the disciplinary proceedings that resulted in his expulsion from practice and authorized publication of the disciplinary action against him. The Board denied that motion. On March 7, 2008, the court granted the defendants' motion for summary judgment, rejecting the plaintiff's arguments regarding alleged deficiencies in the Board's decision. The plaintiff's current arguments merely restate those already rejected by the court. As addressed in more detail below, the Board's decision and this court's decision were

---

[1]   Although the plaintiff styles this motion as one to amend his motion under Rule 59(e), because he filed it more than three months after the court issued its memorandum opinion, the court construes the motion as one for relief from judgment under Rule 60(b). *Computer Prof'ls for Soc. Responsibility v. U.S. Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996) (holding that "[a]n untimely motion under Rule 59(e) may be considered as a motion under Rule 60(b) if it states grounds for relief under the latter rule").

thoroughly reasoned and based on facts in the record.  Accordingly, after reviewing the submissions and finding no reason to revisit its decision, the court denies the plaintiff's motions.

## II.  BACKGROUND

### A.  Factual History

The plaintiff is an attorney who formerly practiced law in Florida.  Admin. Record ("AR") at 000147 (Sup. Ct. of Fl. Order Dec. 18, 1997).  As a result of numerous instances of professional misconduct including lying to a tribunal, misappropriation of client funds, forging client signatures, misrepresentation to successor counsel, improper collection of excessive fees and representing a client without authority, the Supreme Court of Florida disbarred the plaintiff from practice in that state on December 18, 1997.  AR at 000148-162.

In addition to practicing law in Florida, the plaintiff has also entered his appearance on behalf of clients before DHS.  AR at 000037-43.  On December 6, 2004, the Board initiated reciprocal disciplinary proceedings and expelled the plaintiff from practicing before the Board, the immigration courts and DHS.  *See* AR at 000004-5.  The plaintiff administratively challenged that decision through various filings, but the Board rebuffed his attempts because "[t]he final order of disbarment [in Florida] creat[ed] a rebuttable presumption that disciplinary sanctions should follow," Def.'s Opp'n to Pl.'s Mot. for Mandatory Inj. and Mot. for Summ. J. ("Def.'s Mot."), Ex. 1 at 2 (citing 8 C.F.R. § 1292.3(c)(3)), and the Board concluded that the plaintiff failed to rebut this presumption, AR at 000245-46.  The defendants subsequently published notice of the plaintiff's disbarment on two web pages: one, in a list of attorneys who have been disciplined, and the other, in an Executive Office of Immigration Review ("EOIR") press release reporting that the plaintiff and other attorneys have been disciplined.  Def.'s Mot. at 2.

### B. Procedural History

The plaintiff initiated this action in the D.C. Circuit Court, but that court, lacking jurisdiction, transferred the case to this court on November 14, 2006. The plaintiff sought review of the Board's refusal to reopen the disciplinary proceedings and asked the court to compel the defendants to remove internet postings that publicize the results of the Board's disciplinary proceedings.

On March 7, 2008, the court granted the defendants' motion for summary judgment. In its memorandum opinion, the court rejected the plaintiff's argument that the Board lacked jurisdiction because the plaintiff submitted "numerous 'Notice of Entry of Appearance As An Attorney or Representative' (G-28) forms to DHS, in which he claimed to be an 'agent' for the party appearing before DHS." Mem. Op. (Mar. 7, 2008) ("Mem. Op.") at 8. The court concluded that the Board appropriately addressed all of the plaintiff's arguments and that the Board's decision was "thoroughly reasoned and [] based on facts in the administrative record." *Id.* at 9. The court also noted that the Board correctly determined that publication of the plaintiff's disbarment was appropriate because he had given prior consent and because the Board had addressed and rejected the plaintiff's challenges. *Id.* at 10-11.

Eight days after the court's ruling, the plaintiff filed a motion to vacate, for rehearing and to abate. Pl.'s 59(e) Mot. Three months later, the plaintiff filed another motion, which the court construes as a motion for relief from judgment under Rule 60(b). *See supra* note 1. The court addresses each of these motions in turn.

### III.  ANALYSIS

### A.  Relief Under Rule 59(e)

#### 1.  Legal Standard for a Rule 59(e) Motion

Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment must be filed within 10 days of the entry of the judgment at issue.  FED. R. CIV. P. 59(e); *see also Mashpee Wamponoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1098 (D.C. Cir. 2003) (stating that a Rule 59(e) motion "must be filed within 10 days of the challenged order, not including weekends, certain specified national holidays (including Christmas Day and New Year's Day), or any other day appointed as a holiday by the President").  While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure.  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).  Rule 59(e) motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice."  *Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone*, 76 F.3d at 1208).  Moreover, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995), or a vehicle for presenting theories or arguments that could have been advanced earlier, *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993); *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997).

### 2. Because the Plaintiff Fails to Proffer New Evidence or Cite to Clear Error or a Change in the Law, the Court Denies the Rule 59(e) Motion

The plaintiff raises the same tired arguments that the court has already put to rest. First, he argues that he is not a member of any immigration bar, citing a letter from Jennifer Barnes, Bar Counsel for the EOIR. Pl.'s 59(e) Mot. at 2. The court squarely addressed this argument in the memorandum opinion issued earlier this year, stating that "even though there was no record of the plaintiff having practiced before the EOIR, the plaintiff had submitted 'numerous Notice[s] of Entry of Appearance . . . to the DHS.'" Mem. Op. at 8. The plaintiff also repeats the allegation that Rachel McCarthy, Bar Counsel for the Board, "create[d] a complete counterfeit case in order to bolster her allegations." Pl.'s 59(e) Mot. at 2. The court rejected this argument because, *inter alia*, the plaintiff provided no evidentiary support for it. Mem. Op. at 8 n.6. The plaintiff then makes broad, untethered accusations that the court "erred in deciding on the record when there was no record to decide on," Pl.'s 59(e) Mot. at 5, and that the court's decision was merely a "rubber stamp[]," *id.* at 6. Based on the reasons provided above, which are articulated in even greater detail in the court's March 7, 2008 memorandum opinion, this is plainly not the case.[2] Consequently, the court denies the plaintiff's Rule 59(e) motion. *New York*, 880 F. Supp. at 38 (holding that "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled").

### B. Relief Under Rule 60(b)

### 1. Legal Standard for a Rule 60(b) Motion

In its discretion, the court may relieve a party from an otherwise final judgment pursuant to any one of six reasons set forth in Rule 60(b). FED. R. CIV. P. 60(b); *Lepkowski v. Dep't of*

---

[2] The plaintiff's thin argument as to mootness is equally unavailing. As the government notes, "the Board's order remains in effect, and the [contested] internet postings remain online." Gov't Opp'n at 6.

*Treasury*, 804 F.2d 1310, 1311-12 (D.C. Cir. 1986).  First, the court may grant relief from a judgment involving "mistake, inadvertence, surprise, or excusable neglect."  FED. R. CIV. P. 60(b).  Such relief under Rule 60(b) turns on equitable factors, notably whether any neglect was excusable.  *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship*, 507 U.S. 380, 392 (1993).  Second, the court may grant relief where there is "newly discovered evidence" that the moving party could not have discovered through its exercise of due diligence.  FED. R. CIV. P. 60(b).  Third, the court may set aside a final judgment for fraud, misrepresentation, or other misconduct by an adverse party.  *Id.*; *Mayfair Extension, Inc. v. Magee*, 241 F.2d 453, 454 (D.C. Cir. 1957).  Specifically, the movant must show that "such 'fraud' prevented him from fully and fairly presenting his case," and that "the fraud is attributable to the party or, at least, to counsel."  *Richardson v. Nat'l R.R. Passenger Corp.*, 150 F.R.D. 1, 7 (D.D.C. 1993) (Sporkin, J.) (citations omitted).  Fourth, the court may grant relief where the judgment is "void."  FED. R. CIV. P. 60(b).  A judgment may be void if the court lacked personal or subject-matter jurisdiction in the case, acted in a manner inconsistent with due process, or proceeded beyond the powers granted to it by law.  *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999).  Fifth, the court may grant relief if the "judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed . . . or it is no longer equitable that the judgment should have prospective application."  FED. R. CIV. P. 60(b); *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988) (noting that not all judgments having continuing consequences are "prospective" for the purposes of Rule 60(b)).  Sixth, the court may grant relief from a judgment for "any . . . reason justifying [such] relief."  FED. R. CIV. P. 60(b).  Using this final catch-all reason sparingly, courts apply it only in "extraordinary circumstances."  *Pioneer Inv. Servs.*, 507 U.S. at 393.

---
Case 1:06-cv-01941-RMU   Document 73   Filed 12/01/08   Page 7 of 8

A party proceeding under one of the first three reasons must file his Rule 60(b) motion within one year after the judgment at issue. FED. R. CIV. P. 60(b). A party relying on one of the remaining three reasons may file his Rule 60(b) motion within a reasonable time. *Id.* The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002).

### 2. Because the Plaintiff Fails to Provide Adequate Justification, the Court Denies the Rule 60(b) Motion

In this motion, the plaintiff focuses on the propriety of the tribunal's jurisdiction. Pl.'s 60(b) Mot. at 9-11. Specifically, the plaintiff highlights footnote three of the defendants' opposition to his Rule 59(e) motion. In that footnote, the defendants state that although the plaintiff "did not practice before the immigration courts, and had not practiced before EOIR as of January 17, 2003, the appearance forms indicate that he did appear before DHS." Defs.' Opp'n at 5 n.3. The plaintiff claims that this footnote makes "clear that there are now no facts by which this Court could conclude that any of the parties before this Court exerted any jurisdiction over the petitioner at any time, ever." Pl.'s 60(b) Mot. at 18. Far from casting a pall over the tribunal's jurisdiction, the footnote confirms that the appropriate procedures were followed. Specifically, 8 C.F.R. § 292.3(c)(1) allows the EOIR to "submit a written request to the Board that entry of any order immediately suspending a practitioner before the Service[3] also apply to the practitioner's authority to practice before the Board or the Immigration Courts." The plaintiff fails to proffer any new evidence or argument casting doubt on the authenticity of the

---

3   "The term Service means the Immigration and Naturalization Service as it existed prior to March 1, 2003. Unless otherwise specified references after that date mean the Director of the Bureau of Citizenship and Immigration Services, the Commissioner of the Bureau of Customs and Border Protection, and the Bureau of Immigration and Customs Enforcement," which are all components of DHS. 8 C.F.R. § 1.1.

7

appearances, and the court has no reason to reconsider its previous determination and overturn the tribunal's decision.

Instead, the plaintiff argues that the G-28 forms do not constitute "practice" because "[f]iling pre-printed forms before a low level administrative agency is not 'practicing,'" and therefore, he is not subject to disbarment. Pl.'s 60(b) Mot. at 19-22. As stated in this court's memorandum opinion, however, the numerous G-28 forms "in which [the plaintiff] claimed to be an agent for the party appearing before the DHS," Mem. Op. at 8 (quoting AR 000773), are sufficient to support the Board's conclusion that the plaintiff "squarely 'practiced' before DHS," *id.* (quoting AR at 000074). Accordingly, because the plaintiff's arguments do not open any of the avenues of relief under Rule 60(b), the court denies the motion.

## IV.  CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motions for reconsideration. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 1st day of December, 2008.

        RICARDO M. URBINA
        United States District Judge