**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ANTHONY E. RAMOS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.     06-1941 (RMU) |
| | : | |
| v. | : | Re Document Nos.: 75, 76 |
| | : | |
| UNITED STATES DEPARTMENT OF JUSTICE *et al.*, | : | |
| | : | |
| Defendants. | : | |

## <u>MEMORANDUM OPINION</u>

### DENYING THE PLAINTIFF'S MOTION FOR RECUSAL; DENYING THE PLAINTIFF'S MOTION FOR RELIEF FROM A FINAL JUDGMENT

## I. INTRODUCTION

This matter comes before the court on the *pro se* plaintiff's motion for recusal and motion to vacate.[1] The plaintiff brought suit challenging the decision of the Board of Immigration Appeals ("the Board") to disbar him from practice before it, certain immigration courts and the Department of Homeland Security ("DHS"). On March 7, 2008, the court granted the defendants' motion for summary judgment, rejecting the plaintiff's arguments regarding alleged deficiencies in the Board's decision. Dissatisfied with this result, the plaintiff subsequently filed successive motions for relief upon reconsideration, which the court denied as meritless. In the motions now before the court, the plaintiff argues that the undersigned judge should recuse himself because the court's prior rulings demonstrate a bias against the plaintiff. The plaintiff also argues that the court should set aside its prior rulings, relying largely on arguments already raised and rejected by the Board and this court on repeated occasions.

---

[1] The court construes the plaintiff's "motion to vacate" as a motion for relief from a final judgment under Federal Rule of Civil Procedure 60(b). Additionally, although the plaintiff styles his two motions as "unopposed," both motions were, in fact, opposed by the defendants. *See* Defs.' Opp'n to Pl.'s Mot. to Vacate; Defs.' Opp'n to Pl.'s Mot. for Recusal.

Because the plaintiff's motion for recusal rests solely on the plaintiff's discontent with the court's prior rulings, the court denies that motion. Furthermore, because the plaintiff has offered no reason to revisit the arguments raised, yet again, in the plaintiff's motion for relief from a final judgment, the court denies that motion as well.

## II.  FACTUAL & PROCEDURAL BACKGROUND

A detailed factual and procedural history of this matter may be found in the prior decisions of this court. *See* Mem. Op. (Dec. 1, 2008) at 2; Mem. Op. (Mar. 7, 2008) at 2-3. By way of brief background, the plaintiff commenced this action seeking review of the Board's refusal to reopen disciplinary proceedings that resulted in his disbarment from practice before certain federal immigration authorities, including the DHS. The plaintiff also asked the court to compel the defendants to remove Internet postings that publicized the results of the Board's disciplinary proceedings.

On March 7, 2008, the court granted the defendants' motion for summary judgment. Order (Mar. 7, 2008). The court concluded that the Board had appropriately addressed all of the plaintiff's arguments and that the Board's decision was "thoroughly reasoned and . . . based on facts in the administrative record." Mem. Op. (Mar. 7, 2008) at 9. The court also ruled that the Board had correctly determined that publication of the plaintiff's disbarment was appropriate because he had given his prior consent and because the Board had properly addressed and rejected the plaintiff's challenges to publication. *Id.* at 10-11.

On December 1, 2008, the court denied the plaintiff's motion for relief upon reconsideration. Order (Dec. 1, 2008). In its memorandum opinion, the court rejected the

plaintiff's arguments, determining that they merely repeated arguments that the court had previously rejected in its March 7, 2008 ruling. Mem. Op. (Dec. 1, 2008) at 5, 7-8.

On June 10, 2009, the plaintiff filed the two motions now before the court. *See* Pl.'s Mot. for Recusal; Pl.'s Mot. to Vacate. The court now turns to the applicable legal standards and the parties' arguments.

### III.  ANALYSIS

#### A.  The Court Denies the Plaintiff's Motion for Recusal

#### 1.  Legal Standard for Recusal

In the absence of a timely filed affidavit under 28 U.S.C. § 144, the applicable statute governing recusal of a federal judge is 28 U.S.C. § 455,[2] which provides that "[any] justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b), which describes the circumstances in which judges must disqualify themselves, states that a judge "shall" disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of the disputed evidentiary facts concerning the proceeding." *Id*. § 455(b)(1). The statute also demands recusal where the judge has a disqualifying personal interest in the proceeding. *Id*. §§ 455(b)(2)-(5).

"'The standard for disqualification under section 455(a) is an objective one. The question is whether a reasonable and informed observer would question the judge's impartiality.'" *In re Brooks*, 383 F.3d 1036, 1043 (D.C. Cir. 2004) (quoting *United States v. Microsoft*, 253 F.3d 34, 114 (D.C. Cir. 2001)). "Bias" and "prejudice" as used in recusal statutes "connote a favorable or

---

[2]  Because the plaintiff did not file a timely affidavit under § 144, § 455 governs his motion for recusal.

unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree." *Liteky v. United States*, 510 U.S. 540, 550 (1994) (emphasis omitted).

A judge's legal decisions are almost never grounds for a claim of bias or impartiality. *See id.*; *Rafferty v. NYNEX Corp.*, 60 F.3d 844, 848 (D.C. Cir. 1995). "Opinions formed by a judge 'do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Rafferty*, 60 F.3d at 848 (quoting *Liteky*, 510 U.S. at 555). As the Supreme Court has explained,

> [recusal] was never intended to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise, but to prevent his future action in the pending cause. Neither was it intended to paralyze the action of a judge who has heard the case, or a question in it, by the interposition of a motion to disqualify him between a hearing and a determination of the matter at hand.

*Ex parte Am. Steel Barrel Co.*, 230 U.S. 35, 44 (1913).

### 2. The Plaintiff Has Failed to Provide an Adequate Justification for Recusal

The plaintiff contends that recusal is necessary because the court "has been a willing participant in the masking of all attempts to bring forth the prosecutorial misconduct, corruption and fraud in this matter by the prosecutors." Pl.'s Mot. for Recusal ¶ 1. According to the plaintiff, the court has made "untoward and disparaging comments" about him and has granted all of the defendants' motions while denying all of his motions. *Id.* ¶¶ 6, 7. To the plaintiff, "it is clear that . . . this Court simply has not been, and cannot be fair to [him]." *Id.* ¶ 8.

The defendants maintain that the plaintiff "has identified no reason to request [recusal] . . . or to question the propriety of [the court's] management of this case." Defs.' Opp'n to Pl.'s

Mot. for Recusal at 1-2. Because an informed and reasonable person would not question the court's impartiality, the defendants argue, the motion should be denied. *Id.* at 3.

The court concurs with the defendants. The plaintiff has failed to allege any evidence of bias or prejudice that would cause an informed and reasonable observer to question the court's impartiality. *See Microsoft*, 253 F.3d at 114. The plaintiff has failed to explain how the court's rulings display a "'deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Rafferty*, 60 F.3d at 848 (quoting *Liteky*, 510 U.S. at 555). Although the plaintiff complains that the court has granted every motion filed by the defendants and denied every motion filed by the plaintiff, the law is clear that judicial rulings are almost never grounds for a claim of bias or impartiality. *See Liteky*, 510 U.S. at 555; *see also S. Pac. Comm'ns Co., v. Am. Tel. & Tel. Co.*, 740 F.2d 980, 995 (D.C. Cir. 1984) (stating that the "statistical one-sidedness of the trial court's evidentiary, factual and legal rulings simply cannot be used to support an inference of judicial bias"). Accordingly, the court denies the plaintiff's motion for recusal.

### B. The Court Denies the Plaintiff's Motion for Relief from a Final Judgment

#### 1. Legal Standard for Relief from a Final Judgment

In its discretion, the court may relieve a party from an otherwise final judgment pursuant to any one of six reasons set forth in Rule 60(b). FED. R. CIV. P. 60(b); *Lepkowski v. Dep't of Treasury*, 804 F.2d 1310, 1311-12 (D.C. Cir. 1986). First, the court may grant relief from a judgment involving "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Relief under Rule 60(b)(1) turns on equitable factors, notably whether any neglect was excusable. *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship*, 507 U.S. 380, 392 (1993). Second, the court may grant relief where there is "newly discovered evidence" that the moving party could not have discovered through its exercise of due diligence. FED. R. CIV. P. 60(b)(2).

Third, the court may set aside a final judgment for fraud, misrepresentation or other misconduct by an adverse party. FED. R. CIV. P. 60(b)(3); *Mayfair Extension, Inc. v. Magee*, 241 F.2d 453, 454 (D.C. Cir. 1957). Specifically, the movant must show that "such 'fraud' prevented him from fully and fairly presenting his case," and that "the fraud is attributable to the party or, at least, to counsel." *Richardson v. Nat'l R.R. Passenger Corp.*, 150 F.R.D. 1, 7 (D.D.C. 1993) (internal citations omitted). Fourth, the court may grant relief where "the judgment is void." FED. R. CIV. P. 60(b)(4). A judgment may be void if the court lacked personal or subject matter jurisdiction in the case, acted in a manner inconsistent with due process or proceeded beyond the powers granted to it by law. *Eberhardt v. Integrated Design & Constr., Inc.,* 167 F.3d 861, 871 (4th Cir. 1999) (citations omitted). Fifth, the court may grant relief if the "judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." FED. R. CIV. P. 60(b)(5); *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988) (noting that not all judgments having continuing consequences are "prospective" for the purposes of Rule 60(b)(5)). Sixth, the court may grant relief from a judgment for "any . . . reason that justifies [such] relief." FED. R. CIV. P. 60(b)(6). Using this final catch-all reason sparingly, courts apply it only in "'extraordinary circumstances.'" *Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. 2007) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).

     A party proceeding under one of the first three reasons must file his Rule 60(b) motion within one year after the judgment at issue. FED. R. CIV. P. 60(c)(1). A party relying on one of the remaining three reasons may file his Rule 60(b) motion within a reasonable time. *Id*. The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the

prerequisites for such relief.  *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002).

### 2. The Plaintiff Has Failed to Demonstrate His Entitlement to Relief Under Rule 60(b)

The plaintiff asserts that all of the court's orders in this case should be vacated because the court's rulings "approved of and validated the documented evidence of prosecutorial misconduct, corruption and fraud visited upon the administrative tribunal and upon the Court by the prosecutors."  Pl.'s Mot. to Vacate ¶ 9.  The plaintiff also contends that by sanctioning his disbarment, the court effectively created a new cause of action, "retroactive reciprocal discipline," which has no basis in law.  *Id.* ¶¶ 64-70.  Finally, the plaintiff makes various allegations regarding the absence of discovery and evidentiary hearings.  *Id.* ¶¶ 13, 52, 53, 61, 62, 72, 73, 80.

Construing the plaintiff's motion as one for relief under Rule 60(b)(3) and Rule 60(b)(6), the defendants respond that the plaintiff cannot satisfy the standards of Rule 60(b).  Defs.' Opp'n to Pl.'s Mot. to Vacate at 3, 7.  The defendants contend that the plaintiff's assertions do not meet Rule 60(b)(3)'s fraud requirements because he did not "demonstrate[] that Defendants and/or their counsel committed fraud which prevented him from fully and fairly presenting his case." *Id.* at 3.  The plaintiff is also unable to satisfy Rule 60(b)(6) because, the defendants assert, the case "does not involve the 'extraordinary' circumstances necessary for relief under Rule 60(b)(6)."  *Id.* at 7.  Further, the defendants argue that relief under Rule 60(b) is inappropriate because the plaintiff has not demonstrated a meritorious claim and because vacating the orders would be an empty exercise.  *Id.* at 6.

The plaintiff fails to raise any new arguments or new evidence persuading the court that relief from its orders is proper.  "Motions for [relief upon] reconsideration 'are not simply an

opportunity to reargue facts and theories upon which a court has already ruled.'" *Dalal v. Goldman Sachs & Co.*, 541 F. Supp. 2d 72, 75 (D.D.C. 2008) (quoting *Black v. Tomlinson*, 235 F.R.D. 532, 533 (D.D.C. 2006)).  The plaintiff's motion "is little more than a rehash of the argument" raised twice before.  *Tomlinson*, 235 F.R.D. at 533.

More specifically, the plaintiff's motion rests largely on the same allegations advanced at the summary judgment stage and in his first motion for relief upon reconsideration.  For instance, the plaintiff raises concerns about a letter written by Jennifer Barnes, bar counsel for the Executive Office of Immigration Review ("EOIR"), and Barnes's alleged subsequent participation in the proceedings against the plaintiff.  Pl.'s Mot. to Vacate ¶¶ 27, 28.  The court previously considered and rejected this precise argument:

> Despite the plaintiff's protestations to the contrary, the Board squarely addressed Barnes' letter and determined that even though there was no record of the plaintiff having practiced before the EOIR, the plaintiff had submitted numerous Notice of Entry of Apperance As An Attorney or Representative (G-28) forms to the DHS, in which he claimed to be an 'agent' for the party appearing before the DHS.

Mem. Op. (Mar. 7, 2008) at 8 (citing Admin. R. at 000773) (internal quotation marks omitted).  The court addressed this claim again when denying the plaintiff's first motion for relief upon reconsideration.  *See* Mem. Op. (Dec. 1, 2008) at 5 (discussing the plaintiff's argument "that he is not a member of any immigration bar, citing a letter from Jennifer Barnes").

Similarly, the court previously considered and dismissed the plaintiff's claims concerning Rachel McCarthy, U.S. Citizenship and Immigration Services Ethics Counsel.  The plaintiff argues that McCarthy perpetrated a fraud upon the court by creating multiple counterfeit documents.  Pl.'s Mot. to Vacate ¶¶ 41-44.  Again, the court evaluated these same arguments when granting the defendants' motion for summary judgment:

> The defendant[s] correctly point[] out that the plaintiff has provided no evidence to support his allegations that McCarthy provided counterfeit documents in the

8

proceedings, and that the Board considered and conclusively rejected as "unsupported" the allegations that the documents were falsified. In doing so, the Board also noted that it had previously considered and rejected these arguments.

Mem. Op. (Mar. 7, 2008) at 8 n.6 (citing Admin. R. at 000773). Additionally, the court addressed this claim when denying the plaintiff's first motion for relief upon reconsideration. *See* Mem. Op. (Dec. 1, 2008) at 5 (discussing and rejecting the plaintiff's allegations regarding McCarthy's purported creation of counterfeit documents).

Furthermore, the plaintiff's numerous references to the prosecutorial misconduct surrounding Senator Ted Stevens's case are irrelevant and have no bearing on the plaintiff's claim.[3] The arguments of fraud and prosecutorial misconduct merely "raise[] the same tired arguments that the court has already put to rest." Mem. Op. (Dec. 1, 2008) at 5.

The plaintiff's contention that the court acquiesced in the creation of a new cause of action, "retroactive reciprocal discipline," rests on his repeated claim that he was not a member of the immigration bar, an argument previously "addressed and rejected multiple times by the Board" and twice by the court. Mem. Op. (Mar. 7, 2008) at 9; Mem. Op. (Dec. 1, 2008) at 5, 7-8. The court did not create a new cause of action because the plaintiff's claims that he was not a member of an immigration bar have been repeatedly raised and rejected.

Finally, the court's refusal to order discovery and evidentiary hearings concerning the underlying claim was entirely appropriate, as the court was properly sitting as an appellate tribunal reviewing an administrative decision under the Administrative Procedure Act ("APA"). *See Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001) (observing that

---

[3]   The plaintiff's reliance on *Horn v. Huddle, Jr.*, 636 F. Supp. 2d 10 (D.D.C. 2009), is also misplaced. In that case, the court denied the government's assertion of the state secrets privilege and a motion for entry of a protective order. *Id.* at 13. The plaintiff cites the case for the proposition that the court should "show zero tolerance for prosecutorial misconduct and fraud." Pl.'s Sur-Reply in Support of Mot. to Vacate at 2. Yet there has been no evidence of fraud or prosecutorial misconduct in this case.

"when a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal"). "Challengers to agency action are not . . . ordinarily entitled to augment the agency's record with either discovery or testimony presented in the district court," as "[t]he entire case on review is a question of law." *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993); *see also Rempfer v. Sharfstein*, 583 F.3d 860, 865 (D.C. Cir. 2009). Consequently, the absence of discovery and evidentiary hearings was appropriate given the nature of the plaintiff's claim under the APA.

In sum, the plaintiff has not presented the court with any new evidence or new arguments that would justify granting his motion for relief. He merely raises familiar arguments rejected twice by the court. *See* Mem. Op. (Mar. 7, 2008) at 6-9; Mem. Op. (Dec. 1, 2008) at 5, 7-8. As such, the plaintiff's motion fails to satisfy any grounds for relief under the subsections of Rule 60(b).

Moreover, "motions for relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or defense." *Lepkowski*, 804 F.2d at 1314. The court must have "reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995) (citations omitted). Here, the plaintiff has not demonstrated that he possesses a meritorious claim; therefore, vacating the orders in this case under any of the subsections of Rule 60(b) would be an empty exercise.

In short, the plaintiff's motion for relief from a final judgment raises well-worn arguments disguised as charges of fraud and prosecutorial misconduct. The plaintiff has not provided the court with a persuasive reason why it should re-examine the final judgment in this case. The Board's decision remains "thoroughly reasoned and . . . based on facts in the

administrative record." Mem. Op. (Mar. 7, 2008) at 9. Accordingly, the court denies the plaintiff's motion for relief from a final judgment.

In addition, the plaintiff is advised that further submissions by the plaintiff that the court determines to be meritless and repetitive will result in the imposition of sanctions. *See* FEDERAL RULE OF CIVIL PROCEDURE 11(b) (prohibiting submissions filed "for any improper purpose" or that contain legal contentions that are frivolous or unwarranted by existing law); *Wallace v. Saffa*, 2007 WL 1020791, at *2 (D.D.C. Mar. 30, 2007) (observing that the court possesses the authority to impose sanctions "when faced with abusive litigants who file repetitive claims, regardless of previous adverse outcomes or judicial orders admonishing repetitive filings").

## IV. CONCLUSION

For the reasons set forth above, the court denies the plaintiff's motion for recusal and motion for relief from a final judgment. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 21st day of January, 2010.

RICARDO M. URBINA  
United States District Judge